1  Mary E. McCutcheon (State Bar No. 099939)
   mmccutcheon@fbm.com
2  Amanda D. Hairston (State Bar No. 251096)
   ahairston@fbm.com
3  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480

FILED
CLERK U.S. DISTRICT COURT

MAY - 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

6  Attorneys for Plaintiffs James Previti, The
   James Previti Family Trust, Previti Realty
7  Fund, LP, Larry Day, Empire Partners, Inc.,
   Empire Residential, Inc., Forecast
8  Corporation, Guardian Commercial Real
   Estate, LP, Guardian Investment Capital,
9  LLC, KMR Aviation, Inc., Neil Miller, and
   Paul Roman

10                  UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  JAMES PREVITI, THE JAMES          Case No. EDCV 12-0704VAP(DTBx)
    PREVITI FAMILY TRUST,
14  PREVITI REALTY FUND, LP,          COMPLAINT FOR
    LARRY DAY, EMPIRE                 DECLARATORY JUDGMENT,
15  PARTNERS, INC., EMPIRE            BREACH OF CONTRACT AND
    RESIDENTIAL, INC., FORECAST       TORTIOUS BREACH OF THE
16  CORPORATION, GUARDIAN             IMPLIED COVENANT OF GOOD
    COMMERCIAL REAL ESTATE,           FAITH AND FAIR DEALING
17  LP, GUARDIAN INVESTMENT
    CAPITAL, LLC, KMR AVIATION,       JURY TRIAL DEMANDED
18  INC., NEIL MILLER, and PAUL
    ROMAN,

19                    Plaintiffs,

20       vs.

21  NATIONAL UNION FIRE
    INSURANCE COMPANY OF
22  PITTSBURGH, PA,

23                    Defendant.

24

25

26

27

28

    COMPLAINT FOR DECLARATORY
    JUDGMENT, BREACH OF CONTRACT, AND
    BAD FAITH                                              25868\3044728.1

Plaintiffs JAMES PREVITI, THE JAMES PREVITI FAMILY TRUST, PREVITI REALTY FUND, LP, LARRY DAY, EMPIRE PARTNERS, INC., EMPIRE RESIDENTIAL, INC., FORECAST CORPORATION,  GUARDIAN COMMERCIAL REAL ESTATE, LP, GUARDIAN INVESTMENT CAPITAL, LLC, KMR AVIATION, INC., NEIL MILLER, and PAUL ROMAN, (the "Plaintiffs" or the "Previti Parties") bring this Complaint for Declaratory Judgment, Breach of Contract, and Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing against Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union").  In support thereof, the Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The matter in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000).  Diversity of citizenship exists between National Union and all of the Plaintiffs.

2. This court also has jurisdiction over this action pursuant to 28 U.S.C. §2201 in that Plaintiffs seek a declaration of their rights and duties under the insurance policies at issue.

3. This Court has personal jurisdiction over National Union and the Plaintiffs.

4. Venue is proper under 28 U.S.C. § 1391(a) and (c).

## GENERAL STATEMENT

5. This suit is a declaratory judgment and damages action between the Plaintiffs and National Union concerning National Union's defense obligation to the Previti Parties under Directors and Officers Liability Policies 548-74-98, 01-830-66-25, and 01-803-01-59, as to each and all of the claims filed against the Previti Parties in the United States Bankruptcy Court for the Central District of California, Riverside Division.  Pursuant to L.R. 83-1.4.1, a Notice of Pendency of Other

1   Actions or Proceedings describing these actions has been filed concurrently

2   herewith.

3                              **THE PARTIES**

4          6.      Plaintiff JAMES PREVITI is an individual and resident and citizen of

5   the State of California.

6          7.      Plaintiff THE JAMES PREVITI FAMILY TRUST is a trust created

7   pursuant to a trust instrument dated June 11, 1987, as amended on October 29, 1991,

8   September 23, 1992, August 24, 1994, August 19, 1998, May 23, 2001, and June 27,

9   2008, with its principal place of business being in Ontario California.  James Previti

10  is both the trustor and trustee of The James Previti Family Trust.

11         8.      Plaintiff PREVITI REALTY FUND is a limited partnership qualified

12  to do business in California.  The general partner of the PREVITI REALTY FUND

13  is Forecast Corporation, which is a California corporation with its principal place of

14  business in California.  The limited partners of the PREVITI REALTY FUND are

15  Forecast Construction, Inc., which is a Nevada corporation with its principal place of

16  business in Nevada, and Guardian Companies, LLC, which is a limited liability

17  company qualified to do business in the State of California.  None of the partners of

18  the PREVITI REALTY FUND are citizens of New York or Pennsylvania.

19         9.      Plaintiff LARRY DAY is an individual and resident and citizen of the

20  State of California.

21         10.     Plaintiff EMPIRE PARTNERS, INC. is a California corporation with

22  its principal place of business in Ontario, California.

23         11.     Plaintiff EMPIRE RESIDENTIAL, INC. is an Arizona corporation

24  that is qualified to do business in California with its principal place of business in

25  Arizona.

26         12.     Plaintiff FORECAST CORPORATION is a California corporation

27  with its principal place of business in Ontario, California.

28         13.     Plaintiff GUARDIAN COMMERCIAL REAL ESTATE, LP is a

COMPLAINT FOR DECLARATORY                    - 3 -
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH                                                          25868\3044728.1

limited partnership qualified to do business in the State of California.  The general partner of GUARDIAN COMMERCIAL REAL ESTATE, LP is Empire Partners, Inc., which is a California corporation with its principal place of business in California.  The limited partners of GUARDIAN COMMERCIAL REAL ESTATE, LP are Guardian Realty GP, LLC, a Delaware limited liability company that is qualified to do business in California, and Previti Realty Fund, L.P., a limited partnership qualified to do business in the State of California.  None of the partners of GUARDIAN COMMERCIAL REAL ESTATE, LP are citizens of New York of Pennsylvania.

14.     Plaintiff GUARDIAN INVESTMENT CAPITAL, LLC is a limited liability company qualified to do business in the State of California.   GUARDIAN INVESTMENT CAPITAL, LLC is wholly-owned by The James Previti Family Trust.

15.     Plaintiff KMR AVIATION, INC. is a California corporation with its principal place of business in Ontario, California.

16.     Plaintiff NEIL MILLER is an individual and resident and citizen of the State of California.

17.     Plaintiff PAUL ROMAN is an individual and resident and citizen of the State of California.

18.     On information and belief, Defendant National Union is an insurance company incorporated under the laws of the state of Pennsylvania with its principal place of business in New York.

### THE INSURANCE POLICIES

19.     National Union issued Directors, Officers and Private Company Liability Insurance Policy No. 548-74-98 for the policy period of December 31, 2007 to April 28, 2009 (the "2007-2009 Policy") to Inland Empire Personnel, Inc. The 2007-2009 Policy has a Limit of Liability of $10,000,000.  A true and correct copy of the 2007-2009 Policy is attached hereto as Exhibit 1.

1       20.     National Union issued Directors, Officers and Private Company

2  Liability Insurance Policy No. 01-830-66-25 for the policy period of April 28, 2009

3  to April 28, 2010 (the "2009-2010 Policy") to Forecast Corporation.  The 2009-2010

4  Policy has a Limit of Liability of $10,000,000.  A true and correct copy of the 2009-

5  2010 Policy is attached hereto as Exhibit 2.

6       21.     National Union issued Directors, Officers and Private Company

7  Liability Insurance Policy No. 01-803-01-59 for the policy period of April 28, 2010

8  to April 28, 2011 (the "2010-2011 Policy") to Forecast Corporation.  The 2010-2011

9  Policy has a Limit of Liability of $10,000,000.  A true and correct copy of the 2010-

10  2011 Policy is attached hereto as Exhibit 3.

11       22.     The 2007-2009 Policy, the 2009-2010 Policy, and the 2010-2011

12  Policy are collectively referred to herein as the "National Union Policies."

13       23.     The Insuring Agreement of the National Union Policies states:

14  "COVERAGE A: INDIVIDUAL INSURED INSURANCE

15  This policy shall pay the Loss of each and every Director,

16  Officer or Employee of the Company arising from a

17  Claim first made against such Insureds during the Policy

18  Period or the Discovery Period (if applicable) and

19  reported to the Insurer pursuant to the terms of this policy

20  for any actual or alleged Wrongful Act in their respective

21  capacities as Directors, Officers or Employees of the

22  Company except when and to the extent that the

23  Company has indemnified such Insureds.  The Insurer

24  shall in accordance with and subject to Clause 8, advance

25  Defense Costs of such Claim prior to its final disposition.

26  COVERAGE B: PRIVATE COMPANY INSURANCE

27  This policy shall pay the Loss of the Company arising

28  from a:

COMPLAINT FOR DECLARATORY      - 5 -
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH                                        25868\3044728.1

1        (i)     Claim first made against the Company, or

2        (ii)    Claim first made against an Individual Insured,

3        during the Policy Period of the Discovery Period (if

4        applicable) and reported to the Insurer pursuant to the

5        terms of this policy for any actual or alleged Wrongful

6        Act, but, in the case of (ii) above, only when and to the

7        extent that the Company has indemnified the Individual

8        Insured for such Loss pursuant to law, common or

9        statutory, or contract, or the Charter or By-laws of the

10       Company duly effective under such law which determines

11       and defines such rights of indemnity.  The Insurer shall, in

12       accordance with and subject to Clause 8, advance Defense

13       Costs of such Claim prior to its final disposition."

14    *See* National Union Policies, Exhibits 1-3 at 1.

15        24.     The National Union Policies' definition of "Claim" includes "a civil,

16  criminal, administrative, regulatory or arbitration proceeding for monetary or non-

17  monetary relief which is commenced by … service of a complaint or similar

18  pleading …."

19        25.     The National Union Policies define "Wrongful Act" as:

20        "(1) with respect to Individual Insureds, any breach of

21        duty, neglect, error, misstatement, misleading statement,

22        omission or act by such Insureds in their respective

23        capacities as such, or any matter claimed against such

24        Insured solely by reason of their status as directors,

25        officers or Employees of the Company;

26        (2) with respect to the Company, any breach of duty,

27        neglect, error, misstatement, misleading statement,

28        omission or act by the Company …."

1 | *See* National Union Policies, Exhibits 1-3 at 2(t).

2 |       26.      Clause 8 of the National Union Policies provides:

3 |            "The Insurer does not assume any duty to defend.  The

4 |            Insureds shall defend and contest any Claim made against

5 |            them.

6 |            Notwithstanding the foregoing, the Insureds shall have the

7 |            right to tender the defense of the Claim to the Insurer,

8 |            which right shall be exercised in writing by the Named

9 |            Entity on behalf of all Insureds to the Insurer pursuant to

10 |            the notice provisions of Clause 7 of this policy.  This right

11 |            shall terminate if not exercised within 30 days of the date

12 |            the Claim is first made against an Insured, pursuant to

13 |            Clause 7 of the policy.  Further, from the date the Claim is

14 |            first made against the Insureds to the date when the

15 |            Insurer accepts the tender of the defense of such Claim,

16 |            the Insureds shall take no action, or fail to take any

17 |            required action, that prejudices the rights of the Insureds

18 |            or the Insurer with respect to such Claim.  Provided that

19 |            the Insureds have complied with the foregoing, the

20 |            Insurer shall be obligated to assume the defense of the

21 |            Claim, even if such Claim is groundless, false or

22 |            fraudulent.  The assumption of the defense of the Claim

23 |            shall be effective upon written confirmation sent thereof

24 |            by the Insurer to the Named Entity.  Once the defense has

25 |            been so tendered, the Insured shall have the right to

26 |            effectively associate with the Insurer in the defense and

27 |            the negotiation of any settlement of any Claim, subject to

28 |            the provisions of this Clause 8.  However, the Insurer

1    shall not be obligated to defend such Claim after the Limit

2    of Liability has been exhausted or after an Insured's

3    rejection of a Settlement Opportunity as defined in this

4    Clause 8."

5    *See* National Union Policies, Exhibits 1-3 at 8.

6    27.    The National Union Policies define "Company" as the Named Entity

7    and any Subsidiary thereof.

8    28.    The 2007-2009 Policy defines Subsidiary as:

9    "(1) any for-profit organization of which the Named

10    Entity has Management Control ("Controlled Entity") on

11    or before the inception of the Policy Period either directly

12    or indirectly through one or more other Controlled

13    Entities; (2) automatically any for-profit organization

14    whose securities are not publicly traded and whose assets

15    total less than 25% of the total consolidated assets of the

16    Company as of the inception date of this policy which the

17    Named Entity first had Management Control during the

18    Policy Period, either directly or indirectly through one or

19    more other Controlled Entities.  The Named Entity shall

20    provide the Insurer with full particulars of the new

21    Subsidiary before the end of the Policy Period; or (3) an

22    organization which the Named Entity first had

23    Management Control during the Policy Period … either

24    directly or indirectly through one or more other

25    Controlled Entities …."

26    *See* Exhibit 1 at Endorsement 8.

27    29.    The 2007-2009 Policy also contains endorsements listing additional

28    insureds and additional insured Subsidiaries.  *See* Exhibit 1 at Endorsements 11 and

COMPLAINT FOR DECLARATORY                         - 8 -
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH                                                                    25868\3044728.1

30.

30.      The 2009-2010 and 2010-2011 Policy define Subsidiary as:

"(1) any for-profit entity whose securities are not publicly traded, of which the Named Entity has or had Management Control ("Controlled Entity") on or before the inception date of the Policy Period, either directly or indirectly through one or more other Controlled Entities; (2) any for-profit entity whose securities are not publicly traded, of which the Named Entity acquires Management Control during the Policy Period, either directly or indirectly through one or more Controlled Entities …."

*See* Exhibit 2 at Endorsement 12, Exhibit 3 at Endorsement 11.

31.      The 2009-2010 Policy also contains endorsements listing additional insureds and additional insured Subsidiaries. *See* Exhibit 2 at Endorsements 9 and 23.

32.      The 2010-2011 Policy also contains endorsements listing additional insureds and additional insured Subsidiaries. *See* Exhibit 3 at Endorsements 9 and 26.

33.      National Union has acknowledged the Previti Parties are Insureds under its 2007-2009 Policy.

34.      The Previti Parties also qualify as Insureds under the 2009-2010 and 2010-2011 Policies.

## UNDERLYING ACTIONS

35.      On April 25, 2008, Empire Land, LLC, Aviat Homes, LP, Empire Construction, LP, Empire Global Holdings, LP, Empire Residential Construction, LP, Empire Residential Sales, LP, Prestige Homes, LP, and Wheeler Land, LP (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California,

1  Riverside Division.  Certain of the Previti Parties are principals or non-debtor

2  affiliates of the Debtors.

3         36.     On November 11, 2008 (during the 2007-2009 Policy period) the

4  Previti Parties sent National Union a copy of the Trustee's Motion for Entry of Order

5  Converting Chapter 11 Cases to Chapter 7 (the "2008 Motion").

6         37.     The 2008 Motion alleged: (1) the Debtors were shielding various

7  principals and non-debtor affiliates, including some of the Previti Parties, from

8  discovery; (2) the Debtors were paying "exorbitant management fees" in bankruptcy

9  cases; and (3) various principals, including members of the Previti Parties, were

10  using the Debtors' financial accounts to pay their personal expenses.

11         38.     The 2008 Motion was accepted by National Union as a "notice of

12  circumstance" under the 2007-2009 Policy.

13         39.     On December 8, 2008, the Debtors voluntarily converted their

14  bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.  On or around

15  December 5, 2008, the Trustee was appointed for the Debtors' estates pursuant to

16  Chapter 7 of the Bankruptcy Code.

17         40.     On May 12, 2009, the Trustee filed *Diamond v. Empire Partners, Inc.*,

18  Case No. 09-1235 ("*Empire Partners I*") in the United States Bankruptcy Court for

19  the Central District of California, Riverside Division against plaintiff Empire

20  Partners, Inc. seeking to avoid $17.5 million in allegedly fraudulent transfers from

21  Debtors Empire Land, Aviat Homes, Prestige Homes, Empire Residential

22  Construction, and Empire Global which allegedly flowed through Empire Partners

23  Inc.

24         41.     On October 2, 2009 – during the 2009-2010 Policy year – the Previti

25  Parties transmitted the Trustee's Reply to Empire Partners, Inc., [sic] Opposition to

26  Trustee's Motion for Order Directing Turnover of Debtor's E-mail (the "2009

27  Reply").  The issues addressed in the 2009 Reply were whether: (1) Empire Partners

28  Inc. knew of its duty to preserve the debtors' e-mail as early as December 2008; (2)

COMPLAINT FOR DECLARATORY
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH

- 10 -

the Empire Partners, Inc. proposed protocol regarding the turnover of e-mail was designed to unjustifiably withhold the debtors' e-mail from the Trustee; and (3) Empire Partners, Inc. could restrict its turnover of the debtors' e-mail to only e-mail relating to the debtors and the entities which the debtors owned on the petition date of April 25, 2008.  National Union accepted the 2009 Reply as a "notice of circumstances" under the 2007-2009 Policy, despite the 2009 Reply having been transmitted more than 5 months *after* the expiration of the 2007-2009 Policy.

42.    On April 27, 2010, again during the 2009-2010 policy year, the complaint in *Palmdale et al. v. James Previti et al.*, Case No. 10-1369 (the "*Palmdale* Action"), which was filed against certain Previti Parties in the United States Bankruptcy Court for the Central District of California, Riverside Division, was served on Larry Day.

43.    Mr. Day tendered the defense of the *Palmdale* Action on behalf of the Previti Parties named as defendants in that Action to National Union on the same day.

44.    The plaintiffs in the *Palmdale* Action were a group of sophisticated and business-savvy investors who allege the defendants engaged in a conspiracy to defraud the plaintiffs in connection with a real estate development called the Anaverde Project.

45.    On June 29, 2011, the *Palmdale* Action was dismissed with prejudice.

46.    On April 23, 2010, once more during the 2009-2010 policy year, the Trustee filed a complaint entitled *Diamond v. Empire Partners, Inc. et al*, Case No. ("*Empire Partners II*") against certain Previti Parties in the United States Bankruptcy Court for the Central District of California, Riverside Division, that arises out of the same Anaverde real estate project and facts at issue in the *Palmdale* Action.

47.    During the 2010-2011 Policy period, the Trustee served 25 separate adversary proceedings (the "Adversary Proceedings") against various of the Previti

1  Parties, which have been consolidated under Case No. 6:08-14592 and are

2  proceeding in the United States Bankruptcy Court for the Central District of

3  California, Riverside Division.

4       48.    The Adversary Proceedings focus on the alleged illegal and fraudulent

5  payment and receipt of funds, in violation of both federal bankruptcy statutes and

6  California law governing the propriety of payments to insiders, including various of

7  the Previti Parties, during specified time periods prior to the filing of a petition for

8  bankruptcy.

9       49.    Mr. Day, on behalf of the Previti Parties named as defendants in the

10  Adversary Proceedings, tendered the defense of the Adversary Proceedings to

11  National Union on May 12, 2010, during the 2010-2011 Policy year.

12       50.    *Empire Partners I,* the *Palmdale* Action, *Empire Partners II,* and the

13  Adversary Proceedings are collectively referred to herein as the "Bankruptcy

14  Actions."

15       51.    Despite having refused to either accept the Previti Parties' tenders of

16  defense or "*assume*" the defense, National Union nonetheless consented to the

17  retention of Bingham McCutchen[1] as defense counsel in the Bankruptcy Actions and

18  further agreed that the Bingham firm could begin incurring defense costs in

19  connection with the Bankruptcy Actions as early as May 1, 2010.  The Bingham firm

20  has at all times since May 2010 routinely consulted with National Union regarding

21  the defense and strategies of the Bankruptcy Actions.

22  **THE DISPUTE WITH NATIONAL UNION**

23       52.    The Previti Parties informed National Union that it has a duty to

24  defend or advance Defense Costs on behalf of the Previti Parties with respect to the

25  Bankruptcy Actions as follows:

26

27  ---

[1] The Bingham firm also acts as defense counsel for other private and public companies that are separately insured by National Union, and is listed as "Panel

28  Counsel" on policies issued by National Union.

| Policy | Claim |
|---|---|
| 2007-2009 | *Empire Partners I* |
| 2009-2010 | The *Palmdale* Action and *Empire Partners II* |
| 2010-2011 | The Adversary Proceedings |

53.     On July 2, 2010, National Union sent a letter to Larry Day stating: "National Union acknowledges potential coverage under the 2007-2009 Policy for the Bankruptcy Actions' allegations, subject to a full and complete reservation of rights.  National Union declines coverage under the 2009-2010 Policy."

54.     National Union wrongfully refused to accept the tenders of defense of the Bankruptcy Actions or "*assume*" the Previti Parties' defense pursuant to Clause 8 of the National Union Policies.

55.     National Union has only agreed to advance Defense Costs on behalf of the Previti Parties under the 2007-2009 Policy and erroneously claims that such payments erode the Limit of Liability of the 2007-2009 Policy.

56.     National Union also erroneously contends that even if it had accepted the tenders of defense and "*assumed*" the Previti Parties' defense pursuant to Clause 8 of the National Union Policies, the attorneys' fees incurred by National Union to fulfill its defense obligations would erode the Limit of Liability of the 2007-2009 Policy.

57.     National Union's denial under the 2009-2010 Policy was based on its erroneous contention that exclusion 4(d) of the 2009-2010 Policy bars coverage for any "*Claim made against an Insured alleging, arising out of, based upon or attributable to the facts alleged, or to the same or Related Wrongful Act alleged or contained in any Claim which has been reported, or in any circumstances of which*

1  *notice has been given, under any policy of which this policy is a renewal or*

2  *replacement*."  (Emphasis added.)

3      58.    National Union erroneously claims that "the Bankruptcy Actions arise

4  out of the notice of circumstances that was sent to National Union under the 2007-

5  2009 Policy Period" and "[b]ecause the Bankruptcy Actions arise from the same

6  Wrongful Act or Related Wrongful Acts as those reported in the 2008 Motion and

7  the 2009 Reply, Exclusion 4(d) excludes coverage for the Bankruptcy Actions under

8  the 2009-2010 Policy."

9      59.    With respect to the 2010-2011 Policy, National Union also erroneously

10  claims Exclusion 4(d) bars coverage for the Bankruptcy Actions and denied

11  coverage on September 3, 2010.

12      60.    The Plaintiffs have repeatedly demonstrated to National Union that the

13  *Palmdale* Action and *Empire Partners II*, on the one hand, and the Adversary

14  Proceedings, on the other hand, are not "*related*" to the 2008 Motion because they

15  consist of *different claims* based on *different acts* by *different entities* during

16  *different time periods*.

17      61.    In addition, despite having authorized the Bingham firm to incur

18  defense fees in connection with the Bankruptcy Actions as early as May 1, 2010,

19  National Union, for the very first time, on July 2, 2010 stated:

20        "given the bankruptcy of Empire Land, LLC ('Empire

21        Land'), and the fact that Empire Land is an Insured under

22        the 2007-2009 Policy, the proceeds of the Policy may be

23        considered an asset of the Empire Land estate.  National

24        Union will therefore need a 'comfort order' from the

25        Court authorizing the payment of Defense Costs for the

26        Bankruptcy Actions.  We welcome any suggestions you

27        may have as to the most expeditious way of getting such a

28        comfort order.  In any event, we expect the Insureds to

COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND BAD FAITH

- 14 -

25868\3044728.1

1          give full support and authorization to National Union's

2          effort in this regard."

3      62.    Despite the fact that National Union agreed that the Bingham firm

4  could begin incurring defense costs in connection with the Bankruptcy Actions as

5  early as May 1, 2010 and National Union's multiple communications with the

6  Bingham firm regarding the defense during that time, National Union waited two

7  months before raising the "comfort order" issue.

8      63.    The Plaintiffs explained to National Union that no "comfort order"

9  was required because neither Empire Land nor the other Debtors had a valid

10  competing claim under the 2007-2009 Policy.

11      64.    Nonetheless, National Union insisted that the Plaintiffs file and obtain

12  a "comfort order" *before* it would pay any amounts under the 2007-2009 Policy,

13  even though it had already authorized the Bingham firm to defend the Bankruptcy

14  Actions.

15      65.    On August 11, 2010, defense counsel for the Previti Parties, in direct

16  response to the requirement of National Union, filed a *Motion for Relief from the*

17  *Automatic Stay* in the United States Bankruptcy Court for the Central District of

18  California, Riverside Division (the "First Motion for Relief from the Automatic

19  Stay"), which the Trustee opposed on the grounds that it did not have the

20  opportunity to tender various claims under the 2007-2009 Policy.

21      66.    During the hearing held on September 1, 2010, the Court denied the

22  motion without prejudice to the parties re-filing the motion once National Union had

23  the opportunity to evaluate the Trustee's claims.

24      67.    On September 3, 2010, the Trustee submitted more than 180 claims to

25  National Union.  On October 4, 2010, National Union wrote a seven-page letter to

26  the Trustee, detailing its reasons for declining coverage as to all 180 claims.

27      68.    On March 3, 2011, counsel for the Previti Parties provided notice to

28  the Trustee that they would be requesting additional amounts from National Union.

COMPLAINT FOR DECLARATORY
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH

- 15 -

69.     In response, on March 17, 2011, counsel for the Trustee threatened National Union, the Previti Parties, and others that he would bring a claim for violation of the automatic stay and would seek (among other things) punitive damages if National Union paid any of the remaining policy proceeds to cover the Previti Parties' defense costs.

70.     In response, National Union sought relief from stay and filed its own *Motion for Relief from the Automatic Stay* on April 8, 2011 (the "Second Motion for Relief from the Automatic Stay"), which was joined and supported by the Previti Parties.

71.     On April 15, 2011, the Trustee filed an ex parte motion seeking to continue National Union's motion and take discovery, which was granted.

72.     After some discovery was taken and numerous additional briefs were filed, National Union's motion was finally heard on July 25, 2011.

73.     An order granting National Union's Second Motion for Relief from the Automatic Stay was entered on August 11, 2011.

74.     The Trustee has appealed that order and both National Union and the Previti Parties have filed briefs in opposition.  The appeal is still pending.[2]

75.     National Union has taken the position that attorneys' fees incurred in connection with the First and Second Motion for Relief from the Automatic Stay and the related appeal – which were incurred solely for the protection of National Union and not for the defense or protection of the Previti Parties in the Bankruptcy Actions – erode the limits of the 2007-2009 Policy.

---

[2] Because this lawsuit seeks a declaration that the funds (which the Bankruptcy Court ruled in its August 11, 2011 Order may be advanced on behalf of Plaintiffs under the 2007-2009 Policy) do not erode the Policy Limits, this lawsuit does not implicate or impair a property interest of the debtor estate.  Furthermore, Empire Land is not an Insured under the 2009-2010 or 2010-2011 Policies, so even if National Union were correct that a "comfort order" was necessary in relation to the 2007-2009 Policy, no relief from the Bankruptcy Court is required with respect to the other two National Union Policies.

76.     To date, National Union has paid nearly $8 million fees incurred in connection with obtaining the "comfort order" and in defense fees on behalf of the Previti Parties and other Insureds.  National Union has advised the Plaintiffs that it will cease defending or advancing Defense Costs on their behalf after it has paid $10 million in fees – inclusive of those costs the Plaintiffs assert (in paragraph 75, above) should not be credited to National Union's defense obligation under the 2007-2009 Policy – incurred on behalf the Previti Parties and other Insureds.

77.     This Complaint is filed without any waiver to, or qualification of, the Plaintiffs' rights and remedies under the 2007-2009 Policy, the 2009-2010 Policy, or the 2010-2011 Policy respectively for indemnity coverage.  Under California law, when there are overlapping factual issues in an insurance case regarding indemnity coverage and the underlying litigation, the indemnity issues should be stayed until the underlying litigation is resolved.  *Montrose Chem. Corp. v. Super. Ct*., 6 Cal. 4th 287, 24 Cal. Rptr.2d 467 (1993).  Such a result is necessary to avoid prejudice to the Plaintiffs.  See *Montrose Chem. Corp. v. Super. Ct.,* 25 Cal. App. 4th 902, 909-10, 31 Cal. Rptr. 38 (1994) (holding that allowing the case to proceed with respect to indemnity coverage would improperly compel the insured "to fight a two-front war, doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and human resources to litigating coverage issues with its carriers").

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

78.     The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 77, inclusive, of this Complaint.

79.     National Union's payment of fees to fulfill its defense obligation to the Previti Parties does not erode the Limits of Liability of the applicable National Union Policies because the Bankruptcy Actions were properly tendered to National Union pursuant to Clause 8 of the National Union Policies.

80.     A controversy has arisen between National Union and the Plaintiffs as to their respective rights and duties under the National Union Policies, in that the Plaintiffs contend that National Union has a duty to defend the Previti Parties in the Bankruptcy Actions and that such defense payments do not erode the Limit of Liability of the applicable National Union Policies, but National Union has only agreed to advance Defense Costs under the 2007-2009 Policy and contends that the Limit of Liability of the 2007-2009 Policy is eroded by its payments, including those that are attributable to the First and Second Motion for Relief from the Automatic Stay and the related appeal.

81.     The Plaintiffs desire a judicial determination of the respective rights and obligations of the Plaintiffs and National Union with respect to National Union's duty to defend the Previti Parties.  Specifically, the Plaintiffs desire a declaration that National Union has a duty to defend the Previti Parties with respect to the Bankruptcy Actions so that the Limits of Liability of the National Union Policies are not eroded by the fees incurred in connection with its obligation to defend.

82.     A judicial determination is necessary and appropriate at this time under the circumstances so that the Plaintiffs may ascertain their rights as aforementioned.  Said controversy is incapable of resolution without judicial intervention and adjudication.  Accordingly, the Plaintiffs have no plain, speedy or adequate remedy at law.

WHEREFORE, the Plaintiffs pray for relief as set forth hereinafter.

## SECOND CAUSE OF ACTION
### (Declaratory Relief)

83.     The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 82, inclusive, of this Complaint.

84.     The *Palmdale* Action, which was served during the 2009-2010 Policy period, and *Empire Partners II* which was also served during the 2009-2010 Policy period and relates to the *Palmdale* Action, both trigger National Union's defense

COMPLAINT FOR DECLARATORY
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH

25868\3044728.1

1  obligation under the 2009-2010 Policy, and no exclusion excuses its defense

2  obligation.

3      85.    A controversy has arisen between National Union and the Plaintiffs as

4  to their respective rights and duties under the 2009-2010 Policy, in that the Plaintiffs

5  contend that National Union has a duty to defend the Previti Parties or, in the

6  alternative, advance Defense Costs on behalf of the Previti Parties under the 2009-

7  2010 Policy for the *Palmdale* Action and *Empire Partners II*, but National Union has

8  denied coverage under its 2009-2010 Policy.

9      86.    The Plaintiffs desire a judicial determination of the respective rights

10 and obligations of the Plaintiffs and National Union with respect to National Union's

11 duty to defend or advance Defense Costs under the 2009-2010 Policy for the

12 *Palmdale* Action and *Empire Partners II*.  Specifically, the Plaintiffs desire a

13 declaration that National Union has a duty to defend the Previti Parties or, in the

14 alternative, advance Defense Costs on behalf of the Previti Parties under the 2009-

15 2010 Policy for the *Palmdale* Action and *Empire Partners II*.

16     87.    A judicial determination is necessary and appropriate at this time

17 under the circumstances so that the Plaintiffs may ascertain their rights as

18 aforementioned.  Said controversy is incapable of resolution without judicial

19 intervention and adjudication.  Accordingly, the Plaintiffs have no plain, speedy or

20 adequate remedy at law.

21     WHEREFORE, the Plaintiffs pray for relief as set forth hereinafter.

22              **THIRD CAUSE OF ACTION**
                   **(Declaratory Relief)**
23

24     88.    The Plaintiffs hereby reallege and incorporate by reference each and

25 every allegation contained in Paragraphs 1 through 87, inclusive, of this Complaint.

26     89.    The Adversary Proceedings, which were served during the 2010-2011

27 Policy period, trigger National Union's defense obligation under the 2010-2011

28 Policy, and no exclusion excuses its defense obligation.

COMPLAINT FOR DECLARATORY          - 19 -
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH                                                        25868\3044728.1

90.     A controversy has arisen between National Union and the Plaintiffs as to their respective rights and duties under the 2010-2011 Policy, in that the Plaintiffs contend that National Union has a duty to defend the Previti Parties or, in the alternative, advance Defense Costs on behalf of the Previti Parties under the 2010-2011 Policy for the Adversary Proceedings, but National Union has denied coverage under its 2010-2011 Policy.

91.     The Plaintiffs desire a judicial determination of the respective rights and obligations of the Plaintiffs and National Union with respect to National Union's duty to defend or, in the alternative, advance Defense Costs under the 2010-2011 Policy for the Adversary Proceedings.  Specifically, the Plaintiffs desire a declaration that National Union has a duty to defend the Previti Parties or, in the alternative, advance Defense Costs on behalf of the Previti Parties under the 2010-2011 Policy for the Adversary Proceedings.

92.     A judicial determination is necessary and appropriate at this time under the circumstances so that the Plaintiffs may ascertain their rights as aforementioned.  Said controversy is incapable of resolution without judicial intervention and adjudication.  Accordingly, the Plaintiffs have no plain, speedy or adequate remedy at law.

WHEREFORE, the Plaintiffs pray for relief as set forth hereinafter.

### FOURTH CAUSE OF ACTION
**(Declaratory Relief)**

93.     The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 92, inclusive, of this Complaint.

94.     A controversy has arisen between National Union and the Plaintiffs as to their respective rights and duties under the 2007-2009 Policy, in that to the extent that National Union does not have a duty to defend the Previti Parties and that National Union's defense payments do erode the Limit of Liability of the 2007-2009 Policy, the Plaintiffs contend that the legal fees incurred by the Previti Parties in

connection with the First and Second Motions for Relief from the Automatic Stay should not deplete the Limit of Liability of the 2007-2009 Policy, but National Union does not agree.

95.     The Plaintiffs desire a judicial determination of the respective rights and obligations of the Plaintiffs and National Union with respect to the legal fees incurred by the Previti Parties in connection with the First and Second Motions for Relief from the Automatic Stay.  Specifically, the Plaintiffs desire a declaration that, to the extent that National Union does not have a duty to defend the Previti Parties and that National Union's defense payments do erode the Limit of Liability of the 2007-2009 Policy, National Union is obligated to pay the legal fees incurred by the Previti Parties in connection with the First and Second Motions for Relief from the Automatic Stay, inclusive of all costs and fees associated with the appeal from the Second Motion for Relief from Automatic Stay, and such payments shall not deplete the limits of the 2007-2009 Policy.

96.     A judicial determination is necessary and appropriate at this time under the circumstances so that the Plaintiffs may ascertain their rights as aforementioned.  Said controversy is incapable of resolution without judicial intervention and adjudication.  Accordingly, the Plaintiffs have no plain, speedy or adequate remedy at law.

WHEREFORE, the Plaintiffs pray for judgment and relief as set forth below.

### FIFTH CAUSE OF ACTION
### (Breach of the Duty to Defend)

97.     The Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 96, inclusive, of this Complaint.

98.     Under the National Union Policies, National Union has an obligation to "*assume*" the defense of claims that are tendered to it pursuant to Clause 8 of the Policies.  Here, the Previti Parties properly tendered the defense of the Bankruptcy Actions to National Union.  National Union has refused to accept the Previti Parties'

1 tenders of defense of the Bankruptcy Actions and "*assume*" the Previti Parties'

2 defense in those actions.

3      99.     The Previti Parties fully satisfied their obligations under the National

4 Union Policies, including the payment of premiums and timely tender to National

5 Union of the defense of the Bankruptcy Actions in accordance with Clause 8 of the

6 National Union Policies.

7      100.    National Union has breached its contractual obligations by, among

8 other things, refusing to accept the tender of the defense of the Bankruptcy Actions

9 and "*assume*" the Previti Parties' defense in accordance with Clause 8 of the

10 National Union Policies.

11      101.    As a proximate result of National Union's breach of contract, the

12 Plaintiffs have been damaged as set forth herein.

13      WHEREFORE, the Plaintiffs pray for relief as set forth hereinafter.

**SIXTH CAUSE OF ACTION**
**(Tortious Breach of the Implied Covenant of Good Faith)**

16      102.    The Plaintiffs hereby reallege and incorporate by reference each and

17 every allegation contained in Paragraphs 1 through 101, inclusive, of this Complaint.

18      103.    The National Union Policies contain an implied covenant of good

19 faith and fair dealing under which National Union agreed not to take any action that

20 would deprive the Previti Parties of the rights and benefits due them under the

21 National Union Policies.

22      104.    National Union has tortiously breached the implied covenant of good

23 faith and fair dealing by engaging in a course of conduct intentionally designed to

24 prevent the Previti Parties from obtaining the rights due to them under the National

25 Union Policies, and requiring the Plaintiffs to file this Complaint after having sought

26 to resolve these issues through multiple meet and confer processes with National

27 Union.  Said conduct includes, but is not limited to National Union's unreasonable

28 and groundless denial of coverage under the 2009-2010 and 2010-2011 Policies,

COMPLAINT FOR DECLARATORY
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH

- 22 -

25868\3044728.1

1   National Union's refusal to accept the tender of defense and "*assume*" the Previti

2   Parties' defense in the Bankruptcy Actions under the applicable National Union

3   Policies.  In addition, National Union erroneously contends that any defense

4   payments made on behalf of the Previti Parties erode the Limit of Liability of the

5   applicable National Union Policy.  Moreover, to the extent that National Union's

6   payments of defense fees to date do erode the Limit of Liability of the 2007-2009

7   Policy, National Union has unreasonably refused to confirm that National Union is

8   responsible for the legal fees incurred by the Previti Parties in connection with the

9   First and Second Motions for Relief from the Automatic Stay, inclusive of all

10  matters associated with the appeal from the Second Motion for Relief from

11  Automatic Stay, and that such payment shall not deplete the limits of the 2007-2009

12  Policy.

13       105.    As a proximate result of National Union's tortious breach of the

14  implied covenant of good faith, the Plaintiffs have been damaged as set forth herein.

15       106.    National Union's conduct was willful, fraudulent, malicious,

16  oppressive, and in conscious disregard of the rights of the Plaintiffs.  The Plaintiffs

17  are therefore entitled to recover punitive damages from National Union.

18       107.    As a result of National Union's breach of the implied covenant of good

19  faith and fair dealing, the Plaintiffs are entitled to attorneys' fees incurred in

20  establishing their right to the contractually negotiated benefits existing under each of

21  the National Union Policies.

22       WHEREFORE, the Plaintiffs pray for judgment and relief as set forth below.

23                              **PRAYER FOR RELIEF**

24       108.    On the First Cause of Action, a declaration that National Union has a

25  duty to defend the Previti Parties in the Bankruptcy Actions and that such defense

26  payments do not erode the Limit of Liability of the 2007-2009 Policy;

27       109.    On the Second Cause of Action, a declaration that National Union has

28  a duty to defend the Previti Parties or, in the alternative, advance Defense Costs on

1  behalf of the Previti Parties under the 2009-2010 Policy for the *Palmdale* Action and
2  *Empire Partners II*;

3      110.    On the Third Cause of Action, a declaration that National Union has a
4  duty to defend the Previti Parties or, in the alternative, advance Defense Costs on
5  behalf of the Previti Parties under the 2010-2011 Policy for the Adversary
6  Proceedings;

7      111.    On the Fourth Cause of Action, a declaration that, to the extent that
8  National Union does not have a duty to defend the Previti Parties and that National
9  Union's defense payments do erode the Limit of Liability of the 2007-2009 Policy,
10  National Union is obligated to pay the legal fees incurred by the Previti Parties in
11  connection with the First and Second Motions for Relief from the Automatic Stay,
12  inclusive of all costs and fees associated with the appeal from the Second Motion for
13  Relief from Automatic Stay, and such payment shall not deplete the limits of the
14  2007-2009 Policy;

15      112.    On the Fifth and Sixth Causes of Action, for general damages in an
16  amount to be proven at trial, with interest thereon as provided by law;

17      113.    On the Sixth Cause of Action, for attorneys' fees in an amount to be
18  determined at trial, with interest thereon as provided by law;

19      114.    On the Sixth Cause of Action, for punitive damages in an amount to be
20  proven at trial;

21      115.    For costs of suit incurred herein, including reasonable attorneys' fees;
22  and

23  //
24  //
25  //
26  //
27  //
28

COMPLAINT FOR DECLARATORY          - 24 -
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH                                        25868\3044728.1

1

116.    For such other and further relief as the Court deems just and proper.

2

DATED:  May 4, 2012                    FARELLA BRAUN & MARTEL LLP

3

4

By: _____

5

Amanda D. Hairston

6

Attorneys for Plaintiffs James Previti,
The James Previti Family Trust, Previti

7

Realty Fund, Larry Day, Empire
Partners, Inc., Empire Residential, Inc.,

8

Forecast Corporation,  Guardian
Commercial Real Estate, LP, Guardian

9

Investment Capital, LLC, KMR Aviation,
Inc., Neil Miller, Paul Roman

10

11

**DEMAND FOR JURY TRIAL**

12

Plaintiffs hereby demand a trial by jury of all issues properly so triable in this

13

action.

14

15

DATED:  May 4, 2012                    FARELLA BRAUN & MARTEL LLP

16

17

By: _____

18

Amanda D. Hairston

19

Attorneys for Plaintiffs James Previti,
The James Previti Family Trust, Previti

20

Realty Fund, Larry Day, Empire
Partners, Inc., Empire Residential, Inc.,

21

Forecast Corporation,  Guardian
Commercial Real Estate, LP, Guardian

22

Investment Capital, LLC, KMR
Aviation, Inc., Neil Miller, Paul Roman,

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY                          - 25 -
JUDGMENT, BREACH OF CONTRACT, AND
BAD FAITH                                                              25868\3044728.1

# EXHIBIT 1

## POLICYHOLDER NOTICE

Thank you for purchasing insurance from a member company of American International Group, Inc. (AIG). The AIG member companies generally pay compensation to brokers and independent agents, and may have paid compensation in connection with your policy. You can review and obtain information about the nature and range of compensation paid by AIG member companies to brokers and independent agents in the United States by visiting our website at www.aigproducercompensation.com or by calling AIG at 1-800-706-3102.

91222 (7/06)

EXHIBIT 1
26

**AIG** **AIG EXECUTIVE LIABILITY** SM

Insurance provided by the following member of American International Group, Inc.

## National Union Fire Insurance Company of Pittsburgh, Pa. ®

A capital stock company

## DIRECTORS, OFFICERS AND PRIVATE COMPANY LIABILITY INSURANCE POLICY
### Including Employment Practices and Securities Liability

*PrivateEdge*sm

**NOTICE: EXCEPT TO SUCH EXTENT AS MAY OTHERWISE BE PROVIDED HEREIN, THE COVERAGE OF THIS POLICY IS GENERALLY LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD AND REPORTED IN WRITING TO THE INSURER PURSUANT TO THE TERMS HEREIN. PLEASE READ THE POLICY CAREFULLY AND DISCUSS THE COVERAGE THEREUNDER WITH YOUR INSURANCE AGENT OR BROKER.**

**NOTICE: THE LIMIT OF LIABILITY AVAILABLE TO PAY JUDGMENTS OR SETTLEMENTS SHALL BE REDUCED BY AMOUNTS INCURRED FOR LEGAL DEFENSE. AMOUNTS INCURRED FOR LEGAL DEFENSE SHALL BE APPLIED AGAINST THE RETENTION AMOUNT.**

**NOTICE: THE INSURER DOES NOT ASSUME ANY DUTY TO DEFEND. HOWEVER THE INSUREDS MAY UNDER CERTAIN CONDITIONS TENDER THE DEFENSE OF A CLAIM. IN ALL EVENTS, THE INSURER MUST ADVANCE DEFENSE COSTS PAYMENTS PURSUANT TO THE TERMS HEREIN PRIOR TO THE FINAL DISPOSITION OF A CLAIM.**

POLICY NUMBER: *548-74-98*        REPLACEMENT OF POLICY NUMBER: *966-19-22*

### DECLARATIONS

ITEM 1.   NAMED ENTITY:        *INLAND EMPIRE PERSONNEL, INC*

              MAILING ADDRESS:     *3536 CONCOURS STREET*
                                                 *SUITE 300*
                                                 *ONTARIO, CA 91764*
              STATE OF INCORPORATION OR STATE OF FORMATION OF THE NAMED ENTITY:
              *California*

ITEM 2.   SUBSIDIARY COVERAGE: any past, present or future Subsidiary of the Named Entity

ITEM 3.   POLICY PERIOD:   From: *December 31, 2007*        To: *April 28, 2009*
              (12:01 A.M. standard time at the address stated in Item 1.)

ITEM 4.   LIMIT OF LIABILITY:   *$10,000,000*
              aggregate for all Loss combined (including Defense Costs)

*7175796*

68461 (8/97)   **COPY**                              1

EXHIBIT 1
27

ITEM 5.     RETENTION:

Judgments, Settlements and
Defense Costs (non-Indemnifiable Loss)                    None

Employment Practices Claims
Judgments, Settlements and Defense Costs
(Company and Indemnifiable Loss)                          *$50,000*

                                                          for Loss arising from Claims
                                                          alleging the same Wrongful Act
                                                          or Related Wrongful Acts
                                                          (waivable under Clause 6 in
                                                          certain circumstances)

Security Claims (other than private placements)
Judgments, Settlements and Defense Costs
(Company and Indemnifiable Loss)                          *N/A*

                                                          for Loss arising from Claims
                                                          alleging the same Wrongful Act
                                                          or Related Wrongful Acts
                                                          (waivable under Clause 6 in
                                                          certain circumstances)

All Other Claims (including private placements)
Judgments, Settlements and Defense Costs
(Company and Indemnifiable Loss)                          *$75,000*

                                                          for Loss arising from Claims
                                                          alleging the same Wrongful Act
                                                          or Related Wrongful Acts
                                                          (waivable under Clause 6 in
                                                          certain circumstances)

ITEM 6.     CONTINUITY DATES:

A.    Coverages A and B(ii):                              *December 24, 1997*

B.    Coverage B(I):                                      *December 24, 1997*

C.    Outside Entity Coverage: Per Outside Entity,
                          see endorsement #   *17*

ITEM 7.     PREMIUM: *$138,262*


     *Premium for Certified Acts of Terrorism Coverage under Terrorism
Risk Insurance Act 2002: $4,027 included in policy premium.
Any coverage provided for losses caused by an act of terrorism as
defined by TRIA (TRIA Losses) may be partially reimbursed by the
United States under a formula established by TRIA as follows:  85% of
TRIA Losses in excess of the insurer deductible mandated by TRIA, the
deductible to be based on a percentage of the insurer's direct earned
premiums for the year preceding the act of terrorism.
     A copy of the TRIA disclosure sent with the original quote is
attached hereto.*

7175796

EXHIBIT 1
28

ADDITIONAL PREMIUM FOR PUNITIVE, EXEMPLARY AND
MULTIPLIED DAMAGES:                          (included in above ☐)
(No punitive damages coverage provided:  ☒ )


ITEM 8.      NAME AND ADDRESS OF INSURER (hereinafter "Insurer"):
             (This policy is issued only by the insurance company indicated below.)

             *National Union Fire Insurance Company of Pittsburgh, Pa.*

             *175 Water Street*

             *New York, NY 10038*


*7175796*

EXHIBIT 1
29

POLICYHOLDER DISCLOSURE STATEMENT
UNDER
TERRORISM RISK INSURANCE ACT OF 2002

You are hereby notified that under the federal Terrorism Risk Insurance Act of 2002 (the "Act") effective November 26, 2002, you now have a right to purchase insurance coverage for losses arising out of an Act of Terrorism, which is defined in the Act as an act certified by the Secretary of the Treasury (i) to be an act of terrorism, (ii) to be a violent act or an act that is dangerous to (A) human life; (B) property or (C) infrastructure, (iii) to have resulted in damage within the United States, or outside of the United States in case of an air carrier or vessel or the premises of a U.S. mission and (iv) to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion. You should read the Act for a complete description of its coverage. The Secretary's decision to certify or not to certify an event as an Act of Terrorism and thus covered by this law is final and not subject to review. There is a $50 billion dollar annual cap on all losses resulting from Acts of Terrorism above which no coverage will be provided under this policy and under the Act unless Congress makes some other determination.

For your information, coverage provided by this policy for losses caused by an Act of Terrorism may be partially reimbursed by the United States under a formula established by the Act. Under this formula the United States pays 85% of terrorism losses covered by this law exceeding a statutorily established deductible that must be met by the insurer, and which deductible is based on a percentage of the insurer's direct earned premiums for the year preceding the Act of Terrorism.

**COPY OF DISCLOSURE SENT WITH ORIGINAL QUOTE**

Insured Name: *INLAND EMPIRE PERSONNEL, INC*


Policy Number: *548-74-98*
Policy Period Effective Date From: *December 31, 2007*   To: *April 28, 2009*

81285 (1/03)

EXHIBIT 1
30

**IN WITNESS WHEREOF**, the Insurer has caused this policy to be signed on the Declarations page by its President, a Secretary and a duly authorized representative of the Insurer.

_Elizabeth M. Tuck_
_____
SECRETARY

_(signature)_
_____
PRESIDENT

_(signature)_
_____
AUTHORIZED REPRESENTATIVE

_____
COUNTERSIGNATURE & DATE

_____
COUNTERSIGNED AT

*RISK PLACEMENT SERVICES, INC.*
*125 S WACKER DR STE1320*
*CHICAGO, IL 60606-4428*

*7175796*

68461 (8/97)   COPY

EXHIBIT 1
31

# AIG AIG EXECUTIVE LIABILITY SM

Insurance provided by the following member of American International Group, Inc.

### DIRECTORS, OFFICERS AND PRIVATE COMPANY LIABILITY INSURANCE
### POLICY
### Including Employment Practices and Securities Liability

## *PrivateEdge*®

In consideration of the payment of the premium, and in reliance upon the statements made to the Insurer by application forming a part hereof and its attachments and the material incorporated therein, the insurance company designated in Item 8 of the Declarations, herein called the Insurer, agrees as follows:

1. **INSURING AGREEMENTS**

   **COVERAGE A: INDIVIDUAL INSURED INSURANCE**

   This policy shall pay the Loss of each and every Director, Officer or Employee of the Company arising from a Claim first made against such Insureds during the Policy Period or the Discovery Period (if applicable) and reported to the Insurer pursuant to the terms of this policy for any actual or alleged Wrongful Act in their respective capacities as Directors, Officers or Employees of the Company except when and to the extent that the Company has indemnified such Insureds. The Insurer shall, in accordance with and subject to Clause 8, advance Defense Costs of such Claim prior to its final disposition.

   **COVERAGE B: PRIVATE COMPANY INSURANCE**

   This policy shall pay the Loss of the Company arising from a:

       (i)     Claim first made against the Company, or

       (ii)    Claim first made against an Individual Insured,

   during the Policy Period or the Discovery Period (if applicable) and reported to the Insurer pursuant to the terms of this policy for any actual or alleged Wrongful Act, but, in the case of (ii) above, only when and to the extent that the Company has indemnified the Individual Insured for such Loss pursuant to law, common or statutory, or contract, or the Charter or By-laws of the Company duly effective under such law which determines and defines such rights of indemnity. The Insurer shall, in accordance with and subject to Clause 8, advance Defense Costs of such Claim prior to its final disposition.

   **DEFENSE PROVISIONS**

   The Insurer does not assume any duty to defend, provided, however, the Named Entity may at its sole option tender to the Insurer the defense of a Claim for which coverage is provided by this policy to the Insurer in accordance with Clause 8 of the policy. Regardless of whether the defense is so tendered, the Insurer shall advance Defense Costs (excess of the applicable retention amount) of such Claim prior to its final disposition. Selection of counsel to defend a "Designated Claim" shall be made in accordance with Clause 9 of the policy.

2. **DEFINITIONS**

       (a)    "Affiliate" means: (i) any person or entity that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is in common control with, another person or entity; or (ii) any person or entity that directly, or indirectly through one or more intermediaries, is a successor in interest to another person or entity.

68462 (8/97)   *COPY*        1

EXHIBIT 1
32

(b)    "Claim" means:

    (1)    a written demand for monetary or non-monetary relief (including any request to toll or waive any statute of limitations); or

    (2)    a civil, criminal, administrative, regulatory or arbitration proceeding for monetary or non-monetary relief which is commenced by:

        (i)    service of a complaint or similar pleading; or

        (ii)    return of an indictment (in the case of a criminal proceeding); or

        (iii)    receipt or filing of a notice of charges.

    (3)    an administrative or regulatory investigation when conducted by the Equal Employment Opportunity Commission ("EEOC") (or similar state, local or foreign agency) which is commenced by the filing of a notice of charges, service of a complaint or similar document of which notice has been given to the Insured.  However, in no event shall the term "Claim" include any labor or grievance proceeding  which is subject to a collective bargaining agreement.

The term "Claim" shall include an Employment Practices Claim and a Securities Claim.

(c)    "Company" means the Named Entity and any Subsidiary thereof.

(d)    "Continuity Date" means the date set forth in:

    (1)    Item 6A of the Declarations with respect to Coverages A and B(ii); or

    (2)    Item 6B of the Declarations with respect to Coverage B(i); or

    (3)    Item 6C of the Declarations with respect to a Claim made against an Individual Insured(s) arising out of such Insured's  service as a director, officer, trustee or governor of an Outside Entity.

(e)    "Defense Costs" means reasonable and necessary fees, costs and expenses consented to by the Insurer (including premiums for any appeal bond, attachment bond or similar bond, but without any obligation to apply for or furnish any such bond) resulting solely from the investigation, adjustment, defense and appeal of a Claim against the Insureds, but excluding salaries of officers or Employees of the Company.

(f)    "Employee(s)" means any past, present or future employee, whether such employee is in a supervisory, co-worker or subordinate position or otherwise, including any part-time, seasonal and temporary employee in his or her capacity as such. An individual who is leased to the Company shall also be an Employee, but only if the Company provides indemnification to such leased individual in the same manner as is provided to the Company's employees. Any other individual who is contracted to perform work for the Company, or who is an independent contractor for the Company shall also be an Employee, but only if the Company provides indemnification to such individual in the same manner as that provided to the Company's employees, and such individual is scheduled by written endorsement attached hereto and the Company pays any additional premium required by the Insurer relating to such individual.

(g)    "Employment Practices Claim" means a Claim alleging an Employment Practices Violation.

EXHIBIT 1
33

(h)   "Employment Practices Violation(s)" means any actual or alleged:

(1)   wrongful dismissal,   discharge or termination (either actual or constructive) of employment, including breach of an implied contract;

(2)   harassment (including sexual harassment whether "quid pro quo", hostile work environment or otherwise);

(3)   discrimination, (including but not limited to discrimination based upon age, gender, race, color, national origin, religion, sexual orientation or preference, pregnancy, or disability);

(4)   Retaliation (including lockouts);

(5)   employment–related misrepresentation(s) to an Employee or applicant for employment with the Company;

(6)   employment–related libel, slander, humiliation, defamation, invasion of privacy;

(7)   wrongful failure to employ or promote;

(8)   wrongful deprivation of career opportunity, wrongful demotion or negligent employee evaluation, including the giving of negative or defamatory statements in connection with an employee reference;

(9)   wrongful discipline;

(10)  failure to grant tenure;

(11)  failure to provide or enforce adequate or consistent corporate policies and procedure relating to any Employment Practices Violation; or

(12)  violation of an individual's  civil rights relating to any of the above,

but only if the Employment Practices Violation relates to an Employee(s), or applicant for employment with the Company or an Outside Entity, whether direct, indirect, intentional or unintentional.

With respect to any customer or client of the Company, whether individually or as a class or group, Employment Practices Violation shall mean only any actual or alleged discrimination, sexual harassment or violation of an individual's civil rights relating to such discrimination or sexual harassment, whether direct, indirect, intentional or unintentional.

(i)   "Individual Insured(s)" means:

(1)   any past, present or future duly elected or appointed directors, officers, management committee members or members of the Board of Managers of the Company, but only in their capacities as such.  Coverage will automatically apply to all new directors, officers, management committee members or members of the Board of Managers of the Company after the inception date of this policy;

(2)   any past, present or future duly elected or appointed directors, officers, management committee members or members of the Board of Managers of the Company serving in the capacity as director, officer, trustee or governor of an Outside Entity, but only if such service is at the specific written request or direction of the Company;

(3)   in the event the Company operates outside the United States, then the terms director, officer, management committee member or member of the Board of Managers shall also mean those titles, positions or capacities in such foreign Company which are equivalent to such positions in an organization incorporated or formed within the United States; and

(4)   any Employee(s) of the Company.

68462 (8/97)    COPY                    3

EXHIBIT 1
34

(j)    "Insured(s)" means:

       (1)    an Individual Insured; and

       (2)    the Company.

(k)    "Loss" means damages (including back pay and front pay), judgments, settlements, pre- and post-judgment interest, and Defense Costs; however, Loss shall not include: (1) civil or criminal fines or penalties imposed by law; (2) taxes; (3) any amount for which the Insureds are not financially liable or which are without legal recourse to the Insureds; (4) employment-related benefits, stock options, perquisites, deferred compensation or any other type of compensation other than salary, wages or bonus compensation; (5) any liability or costs incurred by any Insured to modify any building or property in order to make said building or property more accessible or accommodating to any disabled person, or any liability or costs incurred in connection with any educational, sensitivity or other corporate program, policy or seminar relating to an Employment Practices Claim; or (6) matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed.

If an additional premium is stated in Item 7 of the Declarations page, then Loss shall specifically include, (subject to the policy's other terms, conditions and exclusions, including but not limited to exclusions relating to personal profit or advantage, deliberate fraud, criminal acts or willful violation of any statute, rule or regulation) punitive, exemplary and multiple damages (including the multiple or liquidated damages awards under the Age Discrimination in Employment Act and the Equal Pay Act). It is further understood and agreed that the enforceability of the foregoing coverage shall be governed by such applicable law which most favors coverage for punitive, exemplary and multiple damages. If an additional premium is not stated in Item 7 of the Declarations then Loss shall not include punitive, exemplary damages or the multiplied portion of multiple damages.

(l)    "Named Entity" means the organization stated in Item 1 of the Declarations whether a corporation, association, limited liability company or other type of business organization.

(m)    "No Liability" means: (1) a final judgment of no liability obtained prior to trial, in favor of all Insureds, by reason of a motion to dismiss or a motion for summary judgment, after the exhaustion of all appeals; or (2) a final judgment of no liability obtained after trial, in favor of all Insureds, after the exhaustion of all appeals. In no event shall the term "No Liability" apply to a Claim made against an Insured for which a settlement has occurred.

(n)    "Outside Entity" means:

       (1)    a not-for-profit organization under section 501(c)(3) of the Internal Revenue Code of 1986 (as amended); or

       (2)    any other corporation, partnership, joint venture or other organization listed by endorsement to this policy.

(o)    "Policy Period" means the period of time from the inception date shown in Item 3 of the Declarations to the earlier of the expiration date shown in Item 3 of the Declarations or the effective date of cancellation of this policy.

(p)    "Related Wrongful Acts" shall mean Wrongful Acts which are the same, related or continuous, or Wrongful Acts which arise from a common nucleus of facts. Claims can allege Related Wrongful Acts regardless of whether such Claims involve the same or different claimants, Insureds or legal causes of action.

(q)    "Retaliation" means a Wrongful Act of an Insured relating to or alleged to be in response to any of the following activities: (1) the disclosure or threat of disclosure by an Employee to a superior or to any governmental agency of any act by an Insured which act is alleged to be a violation of any federal, state, local or foreign

EXHIBIT 1
35

law, common or statutory, or any rule or regulation promulgated thereunder; (2) the actual or attempted exercise by an Employee of any right that such Employee has under law, including rights under worker's compensation laws, the Family and Medical Leave Act, the Americans with Disabilities Act or any other law relating to employee rights; (3) the filing of any claim under the Federal False Claims Act or any other federal, state, local or foreign "whistle-blower" law; or (4) Employee strikes.

(r)    "Securities Claim" means a Claim (including a civil lawsuit or criminal proceeding brought by the Securities & Exchange Commission) made against an Insured anywhere in the world alleging a violation of any law, regulation or rule, whether statutory or common law, which is:

   (1)    brought by any person or entity alleging, arising out of, based upon or attributable to, in part or in whole, the purchase or sale, or offer or solicitation of an offer to purchase or sell, any securities of the Company, or

   (2)    brought by a securities holder of the Company, whether directly, by class action, or derivatively on the behalf of the Company, or otherwise, alleging any Wrongful Act of an Insured.

(s)    "Subsidiary" means:

   (1)    any for-profit organization which, on or before the inception of the Policy Period, is more than 50% owned by the Named Entity, either directly, or indirectly through one or more of its Subsidiaries;

   (2)    automatically any for-profit organization whose securities are not publicly traded and whose assets total less than 25% of the total consolidated assets of the Company as of the inception date of this policy which becomes a Subsidiary during the Policy Period. The Named Entity shall provide the Insurer with full particulars of the new Subsidiary before the end of the Policy Period; or

   (3)    an organization which becomes a Subsidiary during the Policy Period (other than a for-profit organization described in paragraph (2) above), but only upon the condition that within 90 days of its becoming a Subsidiary, the Named Entity shall have provided the Insurer with full particulars of the new Subsidiary and agreed to any additional premium or amendment of the provisions of this policy required by the Insurer relating to such new Subsidiary. Further, coverage as shall be afforded to the new Subsidiary is conditioned upon the Named Entity paying when due any additional premium required by the Insurer relating to such new Subsidiary.

An organization becomes a Subsidiary when the Named Entity owns more than a 50% ownership interest in such Subsidiary, either directly, or indirectly through one or more of its Subsidiaries. An organization ceases to be a Subsidiary when the Named Entity ceases to own more than a 50% ownership in such Subsidiary, either directly, or indirectly through one or more of its Subsidiaries.

In all events, coverage as is afforded under this policy with respect to a Claim made against Individual Insureds or a Claim made against any Subsidiary, shall only apply to Claims for Wrongful Acts committed or allegedly committed after the effective time that such Subsidiary became a Subsidiary and prior to the time that such Subsidiary ceased to be a Subsidiary.

EXHIBIT 1
36

(t) "Wrongful Act" means:

    (1) with respect to Individual Insureds, any breach of duty, neglect, error, misstatement, misleading statement, omission or act by such Insureds in their respective capacities as such, or any matter claimed against such Insured solely by reason of their status as directors, officers or Employees of the Company;

    (2) with respect to the Company, any breach of duty, neglect, error, misstatement, misleading statement, omission or act by the Company; and

    (3) with respect to service on an Outside Entity, any matter claimed against an Individual Insured as defined in definition (i)(2) arising out of his or her serving as a director, officer, trustee or governor of an Outside Entity in such capacity, but only if such service is at the specific written request or direction of the Company.

With respect to an Employment Practices Claim, the term "Wrongful Act" shall include any Employment Practices Violation.

## 3. EXTENSIONS

Subject otherwise to the terms hereof, this policy shall cover Loss arising from any Claims made against the estates, heirs, or legal representatives of deceased Individual Insureds, and the legal representatives of Individual Insureds in the event of incompetency, insolvency or bankruptcy, who were Individual Insureds at the time the Wrongful Act upon which such Claims are based were committed.

Subject otherwise to the terms hereof, this policy shall cover Loss arising from all Claims made against the lawful spouse (whether such status is derived by reason of statutory law, common law or otherwise of any applicable jurisdiction in the world) of an Individual Insured for all Claims arising solely out of his or her status as the spouse of an Individual Insured, including a Claim that seeks damages recoverable from marital community property, property jointly held by the Individual Insured and the spouse, or property transferred from the Individual Insured to the spouse; provided, however, that this extension shall not afford coverage for any Claim for any actual or alleged Wrongful Act of the spouse, but shall apply only to Claims arising out of any actual or alleged Wrongful Acts of an Individual Insured, subject to the policy's terms, conditions and exclusions.

## 4. EXCLUSIONS

The Insurer shall not be liable to make any payment for Loss in connection with a Claim made against an Insured:

(a) arising out of, based upon or attributable to the gaining in fact of any profit or advantage to which an Insured was not legally entitled;

(b) arising out of, based upon or attributable to: (1) profits in fact made from the purchase or sale by an Insured of securities of the Company within the meaning of Section 16(b) of the Securities Exchange Act of 1934 and amendments thereto or similar provisions of any state statutory law; or (2) payments to an Insured of any remuneration without the previous approval of the stockholders of the Company, which payment without such previous approval shall be held to have been illegal;

(c) arising out of, based upon or attributable to the committing in fact of any criminal, fraudulent or dishonest act, or any willful violation of any statute, rule or law;

[The Wrongful Act of an Insured shall not be imputed to any other Insured for the purpose of determining the applicability of the foregoing exclusions 4(a) through 4(c).]

EXHIBIT 1
37

(d) alleging, arising out of, based upon or attributable to the facts alleged, or to the same or Related Wrongful Act alleged or contained in any claim which has been reported, or in any circumstances of which notice has been given, under any policy of which this policy is a renewal or replacement or which it may succeed in time;

(e) alleging, arising out of, based upon or attributable to as of the Continuity Date, any pending or prior: (1) litigation; or (2) administrative or regulatory proceeding or investigation of which an Insured had notice, or alleging any Wrongful Act which is the same or Related Wrongful Act to that alleged in such pending or prior litigation or administrative or regulatory proceeding or investigation;

(f) alleging, arising out of, based upon or attributable to any actual or alleged act or omission of an Insured serving in any capacity, other than a director, officer, management committee member, member of the Board of Managers or Employee of the Company, or as a director, officer, trustee or governor of an Outside Entity;

(g) for any Wrongful Act arising out of an Individual Insured serving in a capacity as a director, officer, trustee or governor of an Outside Entity if such Claim is brought by the Outside Entity or a director, officer, trustee or governor thereof;

(h) alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or any other Insured under any express contract or agreement; provided, however, that with respect to Employment Practice Claims, this exclusion shall not apply to the extent any liability does not arise under such express employment contract or agreement;

(i) which is brought by any Insured or by the Company; or which is brought by any security holder of the Company, whether directly or derivatively, unless such security holder's Claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of, any Insured; provided, however, this exclusion shall not apply to:

    (1) any Claim brought by an Individual Insured where such Claim is in the form of a cross-claim or third-party claim for contribution or indemnity which is part of and results directly from a Claim which is not otherwise excluded by the terms of this policy; or

    (2) an Employment Practices Claim brought by an Employee of the Company other than an Employee who is or was a director, member of the Board of Managers or management committee member of the Named Entity;

(j) alleging, arising out of, based upon or attributable to any public offering of securities by the Company, an Outside Entity or an Affiliate or alleging a purchase or sale of such securities subsequent to such public offering;

provided, however, that this exclusion will not apply to:

    (1) any purchase or sale of securities exempted pursuant to section 3(b) of the Securities Act of 1933. Coverage for such purchase or sale transaction shall not be conditioned upon payment of any additional premium; however, the Named Entity shall give the Insurer written notice of any public offering exempted pursuant to section 3(b), together with full particulars and as soon as practicable, but not later than 30 days after the effective date of the public offering;

    (2) to any public offering of securities (other than a public offering described in paragraph (1) above), as well as any purchase or sale of such securities subsequent to such public offering, in the event that within 30 days prior to the effective time of such public offering: (i) the Named Entity shall give the

68462 (8/97) COPY       7

EXHIBIT 1
38

Insurer written notice of such public offering together with full particulars and underwriting information required thereto and (ii) the Named Entity accepts such terms, conditions and additional premium required by the Insurer for such coverage. Such coverage is also subject to the Named Entity paying when due any such additional premium.   In the event the Company gives written notice with full particulars and underwriting information pursuant to (i) above, then the Insurer must offer a quote for coverage under this paragraph;

(k)     alleging, arising out of, based upon or attributable to the purchase by the Company of securities of a "publicly traded entity" in a transaction which resulted, or would result, in such entity becoming an Affiliate or Subsidiary of the Company; provided, however, this exclusion shall not apply in the event that within 30 days prior to it becoming an Affiliate or Subsidiary, the Named Entity gives written notice of the transaction to the Insurer together with full particulars and underwriting information required and agrees to any additional premium or amendment of the provisions of this policy required by the Insurer relating to the transaction. Further, coverage as shall be afforded to the transaction is conditioned upon the Named Entity paying when due any additional premium required by the Insurer relating to the transaction. An entity is a "publicly traded entity" if any securities of such entity have previously been subject to a public offering;

(l)     alleging, arising out of, based upon, attributable to, or in any way involving, directly or indirectly,   bodily injury, sickness, disease or death of any person, or damage to or destruction of any tangible property, including the loss of use thereof; provided, however, that this   exclusion   shall   not apply   to Securities Claims;

(m)     for emotional distress, or for injury from libel or slander, or defamation or disparagement,   or for injury from a violation of a person's right of privacy; provided, however, this   exclusion   shall   not apply   to any Securities Claim or Employment Practices Claim;

(n)     for any actual, alleged or threatened discharge, dispersal, release or escape of pollutants; or for any direction or request to test, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants; provided, however, this exclusion shall not apply to any Claim brought by a securities holder of the Company in its capacity as such or to any Employment Practices Claim;

(o)     for violation(s) of any of the responsibilities, obligations or duties imposed by the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act (except the Equal Pay Act), the National Labor Relations Act, the Worker Adjustment and Retraining Notification Act, the Consolidated Omnibus Budget Reconciliation Act, the Occupational Safety and Health Act, any rules or regulations of the foregoing promulgated thereunder, and amendments thereto or any similar provisions of any federal, state, local or foreign statutory law or common law; provided, however, that this exclusion shall not apply to Loss arising from a Claim for Retaliation;

(p)     alleging, arising out of, based upon or attributable to any obligation pursuant to any worker's compensation, disability benefits, unemployment compensation, unemploy-ment insurance, retirement benefits, social security benefits or similar law; provided, however, this exclusion shall not apply to Loss arising from a Claim for Retaliation; or

(q)     with respect to Coverage B(i) only:

(1)     for any actual or alleged plagiarism, misappropriation, infringement or violation of copyright, patent, trademark, trade secret or any other intellectual property rights;

(2)     for any actual or alleged violation of any law, whether statutory, regulatory or common law, respecting any of the following activities: anti-trust, business competition, unfair trade practices or tortious interference in another's business or contractual relationships;

EXHIBIT 1
39

(3)   for the rendering or failure to render any service to a customer or client of the Insured; provided, however, that this exclusion shall not apply to any:

    (i)   Claim solely alleging Employment Practices Violations;

    (ii)   Securities Claim; or

    (iii)   Claim for the rendering or failure to render any professional service to the extent such professional services errors and omissions coverage has been added to this policy by written endorsement attached hereto; or

(4)   seeking fines or penalties or non-monetary relief against the Company; provided, however, that this exclusion shall not apply to any Securities Claim or Employment Practices Claim.

**5.   LIMIT OF LIABILITY and REINSTATED LIMIT OF LIABILITY (FOR ALL LOSS – INCLUDING DEFENSE COSTS)**

**Defense Costs are not payable by the Insurer in addition to the limit of liability. Defense Costs are part of Loss and as such are subject to the applicable Limit of Liability for Loss.**

**A.   General Terms**

The Limit of Liability stated in Item 4 of the Declarations is the limit of the Insurer's liability for all Loss, under Coverage A and Coverage B combined, arising out of all Claims first made against the Insureds during the Policy Period and the Discovery Period (if applicable); however, the Limit of Liability for the Discovery Period shall be part of, and not in addition to, the Limit of Liability for the Policy Period, or the Reinstated Limit as described below (if elected).   Further, a Claim which is made subsequent to the Policy Period or Discovery Period (if applicable) which pursuant to Clause 7(b) or 7(c) is considered made during the Policy Period or Discovery Period shall also be subject to the one applicable aggregate Limit of Liability stated in Item 4 of the Declarations, or subject to the one aggregate Reinstated Limit if such Reinstated Limit is applicable to such Claim.

**B.   Reinstated Limit of Liability**

In the event of a Claim under this policy, the Named Entity shall have the right to purchase a Reinstated Limit equal to the Limit of Liability stated in Item 4 of the Declarations.   The Reinstated Limit shall be subject to the following conditions:

1.   The right to elect the Reinstated Limit commences on the date a Claim is reported to the Insurer and expires on the last day of the Policy Period; provided, that in all events, only one reinstatement is permitted under this policy. The effective date of the reinstatement shall be the date on which the Insurer acknowledges receipt of the written notice of the Insured's election to exercise the reinstatement.

2.   If the Policy Period of this policy is more than one year, then the additional premium to elect the Reinstated Limit at any time after one year from the inception date of this policy shall be fixed at 150% of the premium set forth in Item 7 of the Declarations. Regardless of the length of the Policy Period of this policy, the additional premium to elect the Reinstated Limit within one year from the inception date of this policy shall be an amount determined by the Insurer at the time of the election of the Reinstated Limit unless otherwise indicated by written endorsement to this policy.

3.   The Reinstated Limit shall only apply to Claims made against an Insured after the effective date of the reinstatement and prior to the end of the Policy

68462 (8/97) *COPY*

EXHIBIT 1
40

Period or the Discovery Period, if applicable, ("Reinstatement Claims"); provided, however, that the Reinstated Limit shall not apply to Claims which allege a Related Wrongful Act to Claim(s) reported to the Insurer prior to the effective date of the reinstatement.

4.    The Reinstated Limit shall be the maximum liability of the Insurer for all Reinstatement Claims. The Limit of Liability described in Clause 5A as applicable to Claims made against the Insureds prior to the effective date of the reinstatement shall not apply to any Reinstatement Claim.

5.    Upon exercise of the Reinstated Limit, the entire premium set forth in Item 7 of the Declarations shall be deemed fully earned; the Insureds shall not be entitled to any return premium as a result of the exercise of the Reinstated Limit nor shall any of the premium paid for the policy be credited toward the additional premium required to exercise the Reinstated Limit.

6.    In no event shall the right to a reinstatement apply if prior to the effective date of the reinstatement, this policy has been cancelled, is otherwise not in effect, or the Discovery Period has been elected.

7.    Other than as stated above, coverage for Reinstatement Claims shall be subject to the same terms, conditions and exclusions of the policy applicable to other Claims under this policy. The Insurer cannot otherwise modify any terms, conditions or exclusions of this policy as a condition of providing the reinstatement.

## 6. RETENTION CLAUSE

The Insurer shall only be liable for the amount of Loss arising from a Claim which is in excess of the Retention amount stated in Item 5 of the Declarations, such Retention amount to be borne by the Company or the Insureds and shall remain uninsured, with regard to all Loss under: (1) Coverage A or B(ii) for which the Company has indemnified or is permitted or required to indemnify the Individual Insured(s) ("Indemnifiable Loss"), or (2) Coverage B(i). A single Retention amount shall apply to Loss arising from all Claims alleging the same Wrongful Act or Related Wrongful Act.

Subject to the above paragraph, the Retention amounts stated in Item 5 of the Declarations shall apply. In the event a Claim triggers more than one amount stated in Item 5 of the Declarations, only the highest such amount shall apply, which amount shall apply to all Loss under such Claim.

The Retention amount shall be reduced in the event that an Insured consents to the first "Settlement Opportunity", as defined in Clause 8, by the percentage described in Clause 8, subject to the conditions described in Clause 8.

No Retention shall apply to a Claim which is in the form of a civil action for monetary relief and the Insurer shall thereupon reimburse the Defense Costs paid by the Insured, in the event of:

(1)    a determination of No Liability of all Insureds; or

(2)    a dismissal or a stipulation to dismiss the civil litigation Claim without prejudice and without the payment of any consideration by any Insured;

provided, however, that in the case of (2) above, such reimbursement shall occur ninety (90) days after the date of dismissal or stipulation as long as the Claim is not re-brought (or any other Claim which is subject to the same single retention by virtue of Clause 6 is not brought) within that time, and further subject to an undertaking by the Company in a form acceptable to the Insurer that such reimbursement shall be paid back by the Company to the Insurer in the event the Claim (or any other Claim which is subject to the same single retention by virtue of Clause 6) is brought after such 90 day period and before the expiration of the statute of limitations for such Claim.

EXHIBIT 1
41

7.  NOTICE/CLAIM REPORTING PROVISIONS

**Notice hereunder shall be given in writing to the Insurer named in Item 8 of the Declarations at the address indicated in Item 8 of the Declarations.**

**If mailed, the date of mailing shall constitute the date that such notice was given and proof of mailing shall be sufficient proof of notice.  A Claim shall be considered to have been first made against an Insured when written notice of such Claim is received by any Insured, by the Company on the behalf of any Insured or by the Insurer, whichever comes first.**

(a)  The Company or the Insureds shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the Insurer of any Claim made against an Insured as soon as practicable and either:

    (1)  anytime during the Policy Period or during the Discovery Period (if applicable); or

    (2)  within 30 days after the end of the Policy Period or the Discovery Period (if applicable), as long as such Claim is reported no later than 30 days after the date such Claim was first made against an Insured.

(b)  If written notice of a Claim has been given to the Insurer pursuant to Clause 7(a) above, then any Claim which is subsequently made against the Insureds and reported to the Insurer alleging a Related Wrongful Act to the Claim for which such notice has been given shall be considered made at the time such notice was given.

(c)  If during the Policy Period or during the Discovery Period (if applicable) the Company or the Insureds shall become aware of any circumstances which may reasonably be expected to give rise to a Claim being made against the Insureds and shall give written notice to the Insurer of the circumstances and the reasons for anticipating such a Claim, with full particulars as to dates, persons and entities involved, then any Claim which is subsequently made against the Insureds and reported to the Insurer alleging, arising out of, based upon or attributable to such circumstances or alleging any Related Wrongful Act to such circumstances, shall be considered made at the time such notice of such circumstances was given.

8.  DEFENSE COSTS, SETTLEMENTS, JUDGMENTS (INCLUDING THE ADVANCEMENT OF DEFENSE COSTS)

The Insurer does not assume any duty to defend.  The Insureds shall defend and contest any Claim made against them.

Notwithstanding the foregoing, the Insureds shall have the right to tender the defense of the Claim to the Insurer, which right shall be exercised in writing by the Named Entity on behalf of all Insureds to the Insurer pursuant to the notice provisions of Clause 7 of this policy. This right shall terminate if not exercised within 30 days of the date the Claim is first made against an Insured, pursuant to Clause 7 of the policy.  Further, from the date the Claim is first made against the Insureds to the date when the Insurer accepts the tender of the defense of such Claim, the Insureds shall take no action, or fail to take any required action, that prejudices the rights of the Insureds or the Insurer with respect to such Claim.  Provided that the Insureds have complied with the foregoing, the Insurer shall be obligated to assume the defense of the Claim, even if such Claim is groundless, false or fraudulent.  The assumption of the defense of the Claim shall be effective upon written confirmation sent thereof by the Insurer to the Named Entity.  Once the defense has been so tendered, the Insured shall have the right to effectively associate with the Insurer in the defense and the negotiation of any settlement of any Claim, subject to the provisions of this Clause 8.  However, the Insurer shall not be obligated to defend such Claim after the

68462 (8/97)  *COPY*                                    11

EXHIBIT 1
42

Limit of Liability has been exhausted, or after an Insured's rejection of a Settlement Opportunity as defined in this Clause 8.

When the Insurer has not assumed the defense of a Claim pursuant to this Clause 8, the Insurer shall advance nevertheless, at the written request of the Insured, Defense Costs prior to the final disposition of a Claim. Such advanced payments by the Insurer shall be repaid to the Insurer by the Insureds or the Company, severally according to their respective interests, in the event and to the extent that the Insureds or the Company shall not be entitled under the terms and conditions of this policy to payment of such Loss.

**The Insureds shall not admit or assume any liability, enter into any settlement agreement, stipulate to any judgment, or incur any Defense Costs without the prior written consent of the Insurer. Only those settlements, stipulated judgments and Defense Costs which have been consented to by the Insurer shall be recoverable as Loss under the terms of this policy. The Insurer's consent shall not be unreasonably withheld, provided that the Insurer, when it has not assumed the defense of a Claim pursuant to this Clause 8, shall be entitled to effectively associate in the defense and the negotiation of any settlement of any Claim, and provided further that in all events the Insurer may withhold consent to any settlement, stipulated judgment or Defense Costs, or any portion thereof, to the extent such Loss is not covered under the terms of this policy.**

The Insurer shall have the right to effectively associate with the Company in the defense of any Claim that appears reasonably likely to involve the Insurer, including but not limited to negotiating a settlement. The Company and the Insureds shall give the Insurer full cooperation and such information as it may reasonably require.

If the Insurer recommends a settlement within the policy's applicable Limit of Liability which is acceptable to the claimant (a "Settlement Opportunity"), and the Insureds consent to such settlement, then the Insured's applicable retention amount shall be retroactively reduced by ten percent (10%) for such Loss. It shall be a condition to such reduction that the Insureds must consent to such settlement within thirty (30) days of the date the Insureds are first made aware of the Settlement Opportunity, or in the case of a Settlement Opportunity which arises from a settlement offer by the claimant, then within the time permitted by the claimant to accept such settlement offer, but in all events no later than thirty (30) days after the settlement offer was made.

However, if a Settlement Opportunity arises and the Insureds do not consent to the settlement within the time prescribed above, the retention amount shall remain the applicable amount set forth in Item 5 of the Declarations even if consent is given to a subsequent Settlement Opportunity.

Furthermore, in the event the Insureds do not consent to the first Settlement Opportunity within the time prescribed, then, subject to the applicable limit of liability, the Insurer's liability for all Loss on account of such Claim shall not exceed: (1) the amount for which the Insurer could have settled such Claim plus Defense Costs incurred as of the date such settlement was proposed in writing by the Insurer, ("Settlement Opportunity Amount") plus (2) 50% of covered Loss in excess of such Settlement Opportunity Amount, it being a condition of this insurance that the remaining 50% of such Loss excess of the Settlement Opportunity Amount shall be carried by the Company and the Insureds at their own risk and be uninsured. Notwithstanding the foregoing, this paragraph shall not apply until the Settlement Opportunity Amount exceeds the Retention amount stated in Item 5 of the Declarations.

9.  **PRE–AUTHORIZED DEFENSE ATTORNEYS FOR DESIGNATED CLAIMS**

This clause applies only to an Employment Practices Claim or a Securities Claim (each of the foregoing hereinafter referred to as a "Designated Claim").

EXHIBIT 1
43

Affixed as Appendix A hereto and made a part of this policy is a list or lists of Panel Counsel law firms ("Panel Counsel Firms") from which a selection of legal counsel shall be made to conduct the defense of any Designated Claim against an Insured pursuant to the terms set forth below.

In the event the Insurer has assumed the defense pursuant to Clause 8 of this policy, then the Insurer shall select a Panel Counsel Firm to defend the Insureds. In the event the Insureds are already defending a Designated Claim, then the Insureds shall select a Panel Counsel Firm to defend the Insureds.

The selection of the Panel Counsel Firm, whether done by the Insurer or the Insureds, shall be from the list of Panel Counsel Firms designated for the type of Claim and be from the jurisdiction in which the Designated Claim is brought. In the event a Designated Claim is brought in a jurisdiction not included on the appropriate list, the selection  shall be made from a listed jurisdiction which is the nearest geographic jurisdiction to either where the Designated Claim is maintained or where the corporate headquarters or state of formation of the Named Entity is located. In such instance, however, the Insurer shall, at the written request of the Named Entity, assign a non–Panel Counsel Firm of the Insurer's choice in the jurisdiction in which the Designated Claim is brought to function as "local counsel" on the Designated Claim to assist the Panel Counsel Firm which will function  as "lead counsel" in conducting the defense of the Designated Claim.

With the express prior written consent of the Insurer, an Insured may select (in the case of the Insured defending the Claim), or cause the Insurer to select (in the case of the Insurer defending the Claim), a Panel Counsel Firm different from that selected by other Insured defendants if such selection is required due to an actual conflict of interest or is otherwise reasonably justifiable.

The list of Panel Counsel Firms may be amended from time to time by the Insurer. However, no change shall be made to the specific list attached to this policy during the Policy Period without the consent of the Named Entity.

## 10. DISCOVERY CLAUSE

Except as indicated below, if the Named Entity shall cancel or the Named Entity or the Insurer shall refuse to renew this policy, the Named Entity shall have the right to a period of either one, two or three years following the effective date of such cancellation or nonrenewal upon payment of the respective "Additional Premium Amount" described below (herein referred to as the "Discovery Period") in which to give to the Insurer written notice of Claims first made against the Insureds during said Discovery Period for any Wrongful Act occurring prior to the end of the Policy Period and otherwise covered by this policy. The rights contained in this paragraph shall terminate, however, unless written notice of such election together with the additional premium due is received by the Insurer within 30 days of the effective date of cancellation or nonrenewal. The Additional Premium for the Discovery Period shall be fully earned at the inception of the Discovery Period. The Discovery Period is not cancelable.  This clause and the rights contained herein shall not apply to any cancellation resulting from non–payment of premium.

The Additional Premium Amount for: (1) one year shall be 75% of the "full annual premium"; (2) two years shall be 150% of the "full annual premium"; (3) three years shall be a reasonable premium amount to be mutually agreed upon by the Insured and the Insurer. As used herein, "full annual premium" means the premium level in effect immediately prior to the end of the Policy Period.

In the event of a Transaction, as defined in Clause 12, the Named Entity shall have the right, within 30 days before the end of the Policy Period, to request an offer from the Insurer of a Discovery Period (with respect to Wrongful Acts occurring prior to the effective time of the Transaction) for a period of no less than three years or for such

EXHIBIT 1
44

longer or shorter period as the Named Entity may request. The Insurer shall offer such Discovery Period pursuant to such terms, conditions and premium as the Insurer may reasonably decide. In the event of a Transaction, the right to a Discovery Period shall not otherwise exist except as indicated in this paragraph.

## 11. CANCELLATION CLAUSE

This policy may be canceled by the Named Entity at any time only by mailing written prior notice to the Insurer or by surrender of this policy to the Insurer or its authorized agent.

This policy may be canceled by or on the behalf of the Insurer only in the event of nonpayment of premium by the Named Entity. In the event of non-payment of premium by the Named Entity, the Insurer may cancel this policy by delivering to the Named Entity or by mailing to the Named Entity, by registered, certified, or other first class mail, at the Named Entity's address as shown in Item 1 of the Declarations, written notice stating when, not less than 30 days thereafter, the cancellation shall be effective. The mailing of such notice as aforesaid shall be sufficient proof of notice. The Policy Period terminates at the date and hour specified in such notice, or at the date and time of surrender. The Insurer shall have the right to the premium amount for the portion of the Policy Period during which the policy was in effect.

If this policy shall be canceled by the Named Entity, the Insurer shall retain the customary short rate proportion of the premium herein.

If the period of limitation relating to the giving of notice is prohibited or made void by any law controlling the construction thereof, such period shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

## 12. CHANGE IN CONTROL OF NAMED ENTITY

If during the Policy Period:

    a.    the Named Entity shall consolidate with or merge into, or sell all or substantially all of its assets to any other person or entity or group of persons or entities acting in concert; or

    b.    any person or entity or group of persons or entities acting in concert shall acquire an amount of the outstanding securities representing more than 50% of the voting power for the election of directors of the Named Entity, or acquires the voting rights of such an amount of such securities;

        (either of the above events herein referred to as the "Transaction"),

then this policy shall continue in full force and effect as to Wrongful Acts occurring prior to the effective time of the Transaction, but there shall be no coverage afforded by any provision of this policy for any actual or alleged Wrongful Act occurring after the effective time of the Transaction. This policy may not be canceled after the effective time of the Transaction and the entire premium for this policy shall be deemed earned as of such time. The Named Entity shall also have the right to an offer by the Insurer of a Discovery Period described in Clause 10 of the policy.

The Named Entity shall give the Insurer written notice of the Transaction as soon as practicable, but not later than 30 days after the effective date of the Transaction.

## 13. SUBROGATION

In the event of any payment under this policy, the Insurer shall be subrogated to the extent of such payment to all the Company's and the Insureds' rights of recovery thereof, and the Company and the Insureds shall execute all papers required and shall do every-thing that may be necessary to secure such rights, including the execution of such documents necessary to enable the Insurer to effectively bring suit in the name of the

EXHIBIT 1
45

Company or the Insureds.  In no event, however, shall the Insurer exercise its rights of subrogation against an Insured under this policy unless such Insured has been convicted of a criminal act, or been determined to have committed a dishonest, fraudulent act or willful violation of any statute, rule or law, or obtained any profit or advantage to which such Insured was not legally entitled.

## 14. OTHER INSURANCE  AND INDEMNIFICATION

Such insurance as is provided by this policy shall apply only as excess over any other valid and collectible insurance.  This policy specifically shall be excess of any other policy pursuant to which any other insurer has a duty to defend a Claim for which this policy may be obligated to pay Loss.

In the event of a Claim against an Insured arising out of his or her service as a director, officer, trustee or governor of an Outside Entity or an Employment Practices Claim against a leased Employee as described in definition (f) of Clause 2, coverage as is afforded by this policy shall be specifically excess of indemnification provided by such Outside Entity or such leasing company and any insurance provided to such Outside Entity or such leasing company.

Further, in the event other insurance is provided to the Outside Entity or leasing company referenced in the above paragraph, or is provided under any pension trust or employee benefit plan fiduciary liability insurance policy, and such other insurance is provided by the Insurer or any member company of American International Group, Inc. (AIG) (or would be provided but for the application of the retention amount, exhaustion of the limit of liability or failure to submit a notice of a Claim) then the Insurer's maximum aggregate Limit of Liability for all Losses combined in connection with a Claim covered, in part or in whole, by this policy and such other insurance policy issued by AIG shall not exceed the greater of the Limit of Liability of this policy or the limit of liability of such other AIG insurance policy.

## 15. NOTICE AND AUTHORITY

It is agreed that the Named Entity shall act on behalf of the Subsidiaries and all Insureds with respect to the giving of notice of a Claim, the giving and receiving of notice of cancellation, the payment of premiums and the receiving of any return premiums that may become due under this policy, the receipt and acceptance of any endorsements issued to form a part of this policy, the exercising or declining of the right to tender the defense of a Claim to the Insurer and the exercising or declining of any right to a Discovery Period or Reinstated Limit.

## 16. ASSIGNMENT

This policy and any and all rights hereunder are not assignable without the written consent of the Insurer.

## 17. DISPUTE RESOLUTION  PROCESS

The Insured shall have the option, in its sole discretion, to submit all disputes or differences which may arise under or in connection with this policy, whether arising before or after termination  of this policy, including any determination of the amount of Loss,  to the alternative dispute resolution process ("ADR") set forth in this clause.

The Insureds may elect the type of ADR discussed below. The Insurer agrees to submit to the ADR process chosen by the Insured.  Once elected, the ADR cannot be terminated prior to a determination without the consent of the Insured and the Insurer.

EXHIBIT 1
46

There shall be two choices of ADR: (1) non-binding mediation administered by the American Arbitration Association, in which the Insurer and Insureds shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial Mediation Rules; or (2) arbitration submitted to the American Arbitration Association under or in accordance with its then-prevailing Commercial Arbitration Rules, in which the arbitration panel shall be composed of three disinterested individuals. In either mediation or arbitration, the mediator(s) or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute. The mediator(s) or arbitrators shall also give due consideration to the general principles of the law of the state where the Named Entity is incorporated or formed in the construction or interpretation of the provisions of this policy; provided, however, that the terms, conditions, provisions and exclusions of this policy are to be construed in an even-handed fashion in the manner most consistent with the relevant terms, conditions, provisions or exclusions of the policy. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the arbitrators' award shall not include attorneys fees or other costs. In the event of mediation, either party shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 120 days shall have elapsed from the date of the termination of the mediation. In all events, each party shall share equally the expenses of the ADR.

Either choice of ADR may be commenced in New York, New York; Atlanta, Georgia; Chicago, Illinois; Denver, Colorado; or in the state indicated in Item 1 of the Declarations page as the mailing address for the Named Entity. The Named Entity shall act on behalf of all Insureds in deciding to proceed with ADR under this clause.

## 18. ACTION AGAINST INSURER

Except as provided in Clause 17 of the policy, no action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insureds' obligation to pay shall have been finally determined either by judgment against the Insureds after actual trial or by written agreement of the Insureds, the claimant and the Insurer.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the Insurer as a party to any action against the Insureds or the Company to determine the Insureds' liability, nor shall the Insurer be impleaded by the Insureds or the Company or their legal representatives. Bankruptcy or insolvency of the Company or the Insureds or of their estates shall not relieve the Insurer of any of its obligations hereunder.

## 19. REPRESENTATIONS AND SEVERABILITY

In granting coverage under this Policy, it is agreed that the Insurer has relied upon the statements and representations contained in the application for this policy (including materials submitted thereto and, if this is a renewal application, all such previous policy applications for which this policy is a renewal) as being accurate and complete. All such statements and representations shall be deemed to be material to the risk assumed by the Insurer, are the basis of this policy and are to be considered as incorporated into this policy.

With respect to such statements and representations, no knowledge or information possessed by any Individual Insured, except for those person or persons who executed the application, shall be imputed to any other Individual Insured. If any person who executed the application knew that such statement or representation was inaccurate or incomplete,

68462 (8/97)   *COPY*                              16

EXHIBIT 1
47

then this policy will be void as to all Insureds other than Individual Insureds who are "non-employee Directors" of the Company and who did not personally know the statement or representation to be inaccurate or incomplete. (The term "non-employee Director" shall have the meaning described in Securities & Exchange Commission rules or regulations promulgated pursuant to Section 16 of the Securities Exchange Act of 1934).

## 20. WORLDWIDE TERRITORY

This policy shall apply to Claims made against an Insured anywhere in the world.

## 21. HEADINGS

The descriptions in the headings of this policy are solely for convenience, and form no part of the terms and conditions of coverage.

EXHIBIT 1
48

APPENDIX A
**SECURITIES CLAIMS PANEL COUNSEL LIST**

## ALASKA

**Davis Wright Tremaine**
*David W. Oesting*
701 W. Eighth Avenue, Suite 800, Anchorage, AK 99501–3468 (907)257–5300
Class Action Approved

**Foster Pepper & Shefelman**
*Tim J. Filer*
1007 W. Third Ave., Ste. 100, Anchorage, AK 99501 (907)222–7100
Class Action Approved

## CALIFORNIA

**Bingham McCutchen, LLP**
*David M. Balabanian / Dale E. Barnes*
3 Embarcadero Center, San Francisco, CA 94111 (415)393–2626
Class Action Approved

*Mary T. Huser*
1900 University Avenue, East Palo Alto, CA 94303–1212 (650)849–4914
Class Action Approved

*Susan L. Hoffman*
355 South Grand Avenue, Los Angeles, CA 90071–1560 (213)680–6416
Class Action Approved

**Cooley Godward Kronish, LLP**
*William E. Grauer (858)550-6050 / Philip C. Tencer (858)550-6068 / Koji F. Fukumura
(858)550-6008*
4401 Eastgate Mall, San Diego, CA 92121–1909 (858)550–6000
Class Action Approved

*Stephen C. Neal (650)843-5182 / William S. Freeman (650)843-5037 / John C. Dwyer
(650)843-5228*
3175 Hanover Street, Palo Alto, CA 94304–1130 (650)843–5000
Class Action Approved

*Paul A. Renne (415)693-2073 / John C. Dwyer (650)843-5228*
One Maritime Plaza, 20th Floor, San Francisco, CA 94111–3580 (415)693–2000
Class Action Approved

**Davis Wright Tremaine**
*Martin Fineman*
One Embarcadero Center, Suite 600, San Francisco, CA 94111–3834 (415)276–6500
Class Action Approved

**DLA Piper Rudnick Gray Cary US, LLP**
*Shirli Fabbri Weiss / David Priebe*
2000 University Avenue, East Palo Alto, CA 94303 (650)833–2000
Class Action Approved

Revised (12/07)                              Page 1

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
49

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

*Shirli Fabbri Weiss / Robert Brownlie*
4365 Executive Drive, Suite 1100, San Diego, CA 92121 (858)677-1400
Class Action Approved

**Fenwick & West, LLP**
*Susan S. Muck*
Embarcadero Center West, 275 Battery Street, San Francisco, CA 94111 (415)875-2300
Class Action Approved

**Gibson, Dunn & Crutcher, LLP**
*Dean J. Kitchens (213)229-7413*
333 S. Grand Avenue, Los Angeles, CA 90071-3197 (213)229-7413
Class Action Approved

*Wayne W. Smith / Meryl L. Young*
Jamboree Center, 4 Park Plaza, Suite 1400, Irvine, CA 92614-8557 (949)451-3800
Class Action Approved

**Heller, Ehrman, White & McAuliffe**
*Douglas M. Schwab / M. Laurence Popofsky / Michael J. Shepard*
333 Bush Street, San Francisco, CA 94104-2878 (415)772-6000
Class Action Approved

*Darryl L. Snider / Jerry L. Marks*
601 South Figueroa Street, 40th Floor, Los Angeles, CA 90017-5758 (213)689-0200
Class Action Approved

*Norman J. Blears*
275 Middlefield Road, Menlo Park, CA 94025-3506 (650)324-7000
Class Action Approved

*David E. Kleinfeld*
4350 La Jolla Village Drive, 7th Floor, San Diego, CA 92122-1246 (858)450-8400
Class Action Approved

**Irell & Manella, LLP**
*David Siegel / Daniel P. Lefler*
1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067-4276 (310)277-1010
Class Action Approved

**Katten Muchin Rosenman, LLP**
*Bruce Vanyo (310)788-4401*
2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012 (310)788-4400
Class Action Approved

**Latham & Watkins**
*Paul H. Dawes (650)463-2626 / John C. Tang (650)328-4600*
135 Commonwealth Drive, Menlo Park, CA 94025-1105 (650)328-4600
Class Action Approved

*Miles N. Ruthberg (213)891-8754 / Pamela S. Palmer (213)891-8435 / Mark W. Rappel (213)891-8156 / Peter W. Devereaux (213)891-8622 / Charles W. Cox (213)891-8178 / Jamie L. Wine (213)485-1234*
633 West Fifth Street, Suite 4000, Los Angeles, CA 90071 (213)485-1234
Class Action Approved

Revised (12/07)                    Page 2

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
50

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

*Michael J. Weaver (619)238-3012 / Peter H. Benzian (619)236-1234 / Julia E. Parry (619)236-1234*
600 West Broadway, Suite 1800, San Diego, CA 92101-3375 (619)236-1234
Class Action Approved

*Paul H. Dawes (650)463-2626 / Peter A. Wald (415)395-8006 / Darius C. Ogloza (415)391-0600 / James K. Lynch (415)395-8265 / Michele F. Kyrouz*
505 Montgomery Street, Suite 1900, San Francisco, CA 94111-2562 (415)391-0600
Class Action Approved

*Miles N. Ruthberg (213)891-8754 / Peter W. Devereaux (213)891-8622 / Pamela S. Palmer (213)891-8435 / Jon D. Anderson (714)755-8217 / Virginia S. Grogan (714)755-8206*
650 Town Center Drive, 20th Floor, Costa Mesa, CA 92626 (714)540-1235
Class Action Approved

**Morrison & Foerster, LLP**
*Melvin R. Goldman (415)268-7311 / Paul T. Friedman (415)268-7444 / Jordan D. Eth (415)268-7176 / Darryl P. Rains (650)813-5866*
425 Market Street, San Francisco, CA 94105 (415)268-7000
Class Action Approved

*Robert S. Stern (213)892-5484 / Mark R. McDonald (213)892-5810*
555 West 5th Street, Suite 3500, Los Angeles, CA 90013 (213)892-5200
Class Action Approved

**Munger, Tolles & Olson**
*Marc Dworsky (213)683-9256 / Robert Dell Angelo (213)683-9540*
355 South Grand Avenue, 35th Floor, Los Angeles, CA 90071-1560 (213)683-9100
Class Action Approved

**O'Melveny & Myers, LLP**
*Seth Aronson (213)430-7486 / Amy J. Longo (213)430-8351*
400 South Hope St., 15th Floor, Los Angeles, CA 90071-2899 (213)430-6000
Class Action Approved

*Michael G. Yoder (949)823-7936 / Phillip R. Kaplan*
610 Newport Center, 17th Floor, Newport Beach, CA 92660 (949)760-9600
Class Action Approved

*Daniel H. Bookin (415)984-8786 / Michael F. Tubach*
275 Battery Street, San Francisco, CA 94111 (415)984-8700
Class Action Approved

**Orrick Herrington & Sutcliffe, LLP**
*W. Reece Bader*
1000 Marsh Road, Menlo Park, CA 94025 (650)614-7400
Class Action Approved

*William F. Alderman / Michael D. Torpey (415)773-5932 / James E. Burns, Jr. (415)773-5935*
Old Federal Reserve Bank Building, 400 Sansome Street, San Francisco, CA 94111
(415)392-1122
Class Action Approved

Revised (12/07)                              Page 3

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
51

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Paul, Hastings, Janofsky & Walker, LLP**
*Howard M. Privette / William F. Sullivan / John A. Reding / Peter M. Stone / Christopher H. McGrath*
515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 (213)683-6000
Class Action Approved

**Pillsbury Winthrop Shaw Pittman, LLP**
*Bruce A. Ericson (415)983-1560*
50 Fremont Street, San Francisco, CA 94105 (415)983-1000
Class Action Approved

*Bruce A. Ericson (415)983-1560*
2475 Hanover Street, Palo Alto, CA 94304-1114 (650)233-4500
Class Action Approved

725 South Figueroa Street, Suite 2800, Los Angeles, CA 90017 (213)488-7100
Class Action Approved

*Richard M. Segal*
101 West Broadway, Suite 1800 (SBC Building), San Diego, CA 92101 (619)234-5000
Class Action Approved

**Shearman & Sterling**
*Jeffrey S. Facter (415)616-1205 / Stephen D. Hibbard (415)616-1174*
555 California Street, San Francisco, CA 94104 (415)616-1100
Class Action Approved

**Simpson Thacher & Bartlett**
*Chet Kronenberg / Seth A. Ribner*
1999 Avenue of the Stars, 29th Floor, Los Angeles, CA 90067 (310)407-7500
Class Action Approved

*George M. Newcombe / James G. Kreissman*
3373 Hillview Avenue, Palo Alto, CA 94304 (650)251-5000
Class Action Approved

**Skadden, Arps, Slate, Meagher & Flom, LLP and Affiliates**
*James E. Lyons (415)984-6470*
Four Embarcadero Center, San Francisco, CA 94111 (415)984-6400
Class Action Approved

**Sullivan & Cromwell**
*Robert A. Sacks*
1888 Century Park East, Los Angeles, CA 90067-1725 (310)712-6600
Class Action Approved

**Wilson, Sonsini, Goodrich & Rosati**
*Boris Feldman / Steven M. Schatz / Jerome Birn (650)320-4858 / Nicki Locker (650)320-4888 / Douglas Clark (650)320-4824 / Keith Eggleton (650)320-4893*
650 Page Mill Road, Palo Alto, CA 94304-1050 (650)493-9300
Class Action Approved

Revised (12/07)                         Page 4

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
52

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**COLORADO**

**Cooley Godward Kronish, LLP**
*James E. Nesland*
380 Interlocken Crescent, Suite 900, Broomfield, CO 80021–8023 (720)566–4000
Class Action Approved

**Gibson, Dunn & Crutcher, LLP**
*George Curtis*
1801 California Street, Suite 4100, Denver, CO 80202 (303)298–5700
Class Action Approved

**Hogan & Hartson**
*Daniel F. Shea*
One Tabor Center, 1200 Seventeenth St., Suite 1500, Denver, CO 80202 (303)899–7300
Class Action Approved

**DELAWARE**

**Blank Rome, LLP**
*Thomas P. Preston / Neal C. Belgam*
Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801
(302)425–6473
Class Action Approved

**Wolf, Block, Schorr and Solis–Cohen, LLP**
*Barry Klayman*
Wilmington Trust Center, 1100 N. Market Street, Suite 1001, Wilmington, DE 19801
(302)777–5860
Class Action Approved

**DISTRICT OF COLUMBIA**

**Arnold & Porter**
*Scott B. Schreiber (202)942-5672*
555 Twelfth Street, N.W., Washington, DC 20004–1206 (202)942–5000
Class Action Approved

**Cahill Gordon & Reindel**
*Donald J. Mulvihill*
1990 K Street, N.W., Suite 950, Washington, DC 20006 (202)862–8900
Class Action Approved

**DLA Piper Rudnick Gray Cary US, LLP**
*David Clarke, Jr. (202)861-6300 / Robert J. Mathias (410)580-4209 / James D. Mathias / Mark Muedeking (202)861-3900 / Deborah R. Meshulam (202)861-6470*
1200 Nineteenth Street, NW, Washington, DC 20036–2412 (202)861–3900
Class Action Approved

**Fulbright & Jaworski, LLP**
*Stephen M. McNabb*
Market Square, 801 Pennsylvania Ave., NW, Washington, DC 20004–2623 (202)662–0200
Class Action Approved

Revised (12/07)                              Page 5

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
53

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Gibson, Dunn & Crutcher, LLP**
*F. Joseph Warin / John C. Millian*
1050 Connecticut Ave., N.W., Washington, DC 20036-5306 (202)955-8500
Class Action Approved

**Greenberg Traurig, LLP**
*Joe R. Reeder / Alan Foster*
800 Connecticut Avenue, NW, Suite 500, Washington, DC 20006 (202)331-3100
Class Action Approved

**Hogan & Hartson**
*Ty Cobb*
555 Thirteenth Street, NW, Washington, DC 20004 (202)637-5600
Class Action Approved

**Latham & Watkins**
*Laurie B. Smilan (703)456-5220 / Michele E. Rose (703)456-5225 / William R. Baker, III
(202)637-1001 / Everett C. (Kip) Johnson, Jr. (202)637-2260 / Christian Word (703)456-5226*
555 Eleventh Street, NW, Suite 1000, Washington, DC 20004-1304 (202)637-2200
Class Action Approved

**LeBoeuf, Lamb, Greene & MacRae, LLP**
*Ralph C. Ferrara (202)986-8020 / Lyle Roberts (202)986-8029*
1875 Connecticut Avenue, NW, Suite 1200, Washington, DC 20009-5715 (202)986-8000
Class Action Approved

**O'Melveny & Myers, LLP**
*Jeffrey Kilduff (202)383-5383*
1625 Eye Street, NW, Washington, DC 20006 (202)383-5300
Class Action Approved

**Shearman & Sterling**
*Jonathan L. Greenblatt (202)508-8070 / Thomas S. Martin (202)508-8040*
801 Pennsylvania Ave., N.W., Washington, DC 20004-2604 (202)508-8000
Class Action Approved

**Sidley Austin Brown & Wood, LLP**
*Thomas C. Green (202)736-8069 / Mark D. Hopson (202)736-8188 / Michael D. Warden
(202)736-8080*
1501 K Street, N.W., Washington, DC 20005 (202)736-8000
Class Action Approved

**Sullivan & Cromwell**
*Daryl A. Libow / Margaret K. Pfeiffer*
1701 Pennsylvania Avenue, N.W., Washington, DC 20006-5805 (202)956-7500
Class Action Approved

**Williams & Connolly, LLP**
*John K. Villa*
725 Twelfth Street, N.W., Washington, DC 20005 (202)434-5000
Class Action Approved

Revised (12/07)                              Page 6

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
54

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Willkie Farr & Gallagher**
*Kevin B. Clark (202)303-1105*
1875 K Street, N.W., Washington, DC 20006-1238 (202)303-1000
Class Action Approved

**WilmerHale**
*Andrew Weissman (202)663-6612 / John Valentine (202)663-6131*
2445 M Street, N.W., Washington, DC 20037 (202)663-6000
Class Action Approved

**FLORIDA**

**Akerman Senterfitt & Eidson, PA**
*Brian P. Miller (305)982-5626*
SunTrust International Center, 28th Floor, Miami, FL 33131 (305)374-5600
Class Action Approved

*J. Thomas Cardwell*
CNL Center II at City Commons, 420 South Orange Avenue, Suite 1200, Orlando, FL 32801
(407)423-4000
Class Action Approved

**Carlton Fields**
*Steven J. Brodie (305)539-7302 / Nancy H. Henry*
4000 International Place, 100 S.E. 2nd Street, Suite 4000, Miami, FL 33131 (305)530-0050
Class Action Approved

*Gary L. Sasso*
One Progress Plaza, 200 Central Avenue, Suite 2300, St. Petersburg, FL 33701-4352
(727)821-7000
Class Action Approved

*Steven J. Brodie (305)539-7302*
4221 West Boy Scout Boulevard, 10th Floor, Tampa, FL 33607 (813)223-7000
Class Action Approved

**Greenberg Traurig, LLP**
*Bradford D. Kaufman*
777 South Flagler Drive, Suite 300, East, West Palm Beach, FL 33401 (561)650-7900
Class Action Approved

*Hilarie Bass, Esq.*
1221 Brickell Avenue, Miami, FL 33131 (305)579-0500
Class Action Approved

**Holland & Knight, LLP**
*Tracy A. Nichols / George E. Schulz, Jr.*
50 North Laura Street, Suite 3900, Jacksonville, FL 32202 (904)353-2000
Class Action Approved

*Tracy A. Nichols / Mitchell Eliot Herr / Gregory A. Baldwin / Louise Brais*
701 Brickell Avenue, Suite 3000, Miami, FL 33131 (305)374-8500
Class Action Approved

Revised (12/07)                          Page 7

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
55

## APPENDIX A
## SECURITIES CLAIMS PANEL COUNSEL LIST

*Tracy A. Nichols / Michael L. Chapman*
100 North Tampa Street, Suite 4100, Tampa, FL 33602 (813)227–8500
Class Action Approved

*Robert R. Feagin, III / Elizabeth L. Bevington*
315 South Calhoun Street, Suite 600, Tallahassee, FL 32301 (850)224–7000
Class Action Approved

*Tracy A. Nichols / Scott Newman*
625 North Flagler Drive, Suite 700, West Palm Beach, FL 33401 (561)833–2000
Class Action Approved

*William Wilson*
200 South Orange Avenue, Suite 2600, Orlando, FL 32801 (407)425–8500
Class Action Approved

**McGuireWoods, LLP**
*David M. Wells / Stephen D. Busch (804)775-4378*
Bank of America Tower, 50 North Laura Street, Jacksonville, FL 32202 (904)798–3200
Class Action Approved

**Squire Sanders & Dempsey, LLP**
*Lewis F. Murphy (305)577-2957 / Wendy Leavitt (305)577-2894*
200 South Biscayne Boulevard, Suite 4000, Miami, FL 33131-2398 (305)577–7000
Class Action Approved

**White & Case, LLP**
*Charles C. Kline, Esq.*
Wachovia Financial Center, 200 S. Biscayne Blvd., Suite 4900, Miami, FL 33131–2352
(305)371–2700
Class Action Approved

**GEORGIA**

**Alston & Bird, LLP**
*Peter Q. Bassett (404)881-7343 / Todd R. David (404)881-7357*
One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309–3424 (404)881–7000
Class Action Approved

**King & Spalding**
*M. Robert Thornton / Michael R. Smith*
1180 Peachtree Street, Atlanta, GA 30309 (404)572–4600
Class Action Approved

**Paul, Hastings, Janofsky & Walker, LLP**
*J. Allen Maines*
600 Peachtree Street, N.E., Twenty–Fourth Floor, Atlanta, GA 30308–2222 (404)815–2400
Class Action Approved

**Smith, Gambrell & Russell, LLP**
*John G. Despriet*
Promenade II, Suite 3100, 1230 Peachtree Rd., N.E., Atlanta, GA 30309–3592 (404)815–3730
Class Action Approved

Revised (12/07)                          Page 8

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
56

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Womble, Carlyle, Sandridge & Rice**
*Robert R. Ambler, Jr. (404)879-2424 / Nisbet S. Kendrick (404)888-7488*
One Atlantic Center, 1201 West Peachtree, Suite 3500, Atlanta, GA 30309 (404)872-7000
Class Action Approved

**ILLINOIS**

**DLA Piper Rudnick Gray Cary US, LLP**
*Samuel B. Isaacson / Michael S. Poulos*
203 North LaSalle Street, Suite 1900, Chicago, IL 60601-1293 (312)368-4000
Class Action Approved

**Katten Muchin Rosenman, LLP**
*David H. Kistenbroker / Pamela G. Smith / Leah J. Domitrovic / Steven L. Bashwiner / Mary Ellen Hennessy / Bonita L. Stone*
525 W. Monroe Street, Suite 1600, Chicago, IL 60661-3693 (312)902-5200
Class Action Approved

**Kirkland & Ellis**
*Robert J. Kopecky*
200 East Randolph Drive, Chicago, IL 60601 (312)861-2000
Class Action Approved

**McDermott Will & Emery, LLP**
*Joel G. Chefitz (312)984-6484 / Steven P. Handler / Steven S. Scholes / William P. Schuman*
227 West Monroe Street, Chicago, IL 60606 (312)372-2000
Class Action Approved

**Sidley Austin Brown & Wood, LLP**
*Hillie R. Sheppard / Eugene A. Schoon / Walter C. Carlson*
1 South Dearborn Street, Chicago, IL 60603 (312)853-7734
Class Action Approved

**Sonnenschein, Nath & Rosenthal**
*Christopher Q. King*
8000 Sears Tower, Chicago, IL 60606 (312)876-8224
Class Action Approved

**MARYLAND**

**DLA Piper Rudnick Gray Cary US, LLP**
*Mark Muedeking (410)580-3000*
6225 Smith Avenue, Baltimore, MD 21209 (410)580-3000
Class Action Approved

**MASSACHUSETTS**

**Bingham McCutchen, LLP**
*Jordan D. Hershman*
150 Federal Street, Boston, MA 02110-1726 (617)951-8000
Class Action Approved

Revised (12/07)                          Page 9

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
57

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Edwards Angell Palmer & Dodge, LLP**
*John D. Hughes*
101 Federal Street, Boston, MA 02110-1800 (617)951-3373
Class Action Approved

**Foley Hoag, LLP**
*Nicholas C. Theodorou (617)832-1163 / Lisa C. Wood (617)832-1117*
Seaport World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210-2600
(617)832-1000
Class Action Approved

**Goodwin Procter, LLP**
*Stephen D. Poss / Brian E. Pastuszenski / R. Todd Cronan / James S. Dittmar / Carl E. Metzger*
Exchange Place, 53 State Street, Boston, MA 02109-2881 (617)570-1000
Class Action Approved

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, PC**
*Peter M. Saparoff / Patrick J. Sharkey*
One Financial Center, Boston, MA 02111 (617)542-6000
Class Action Approved

**Ropes & Gray**
*John D. Donovan, Jr.*
One International Place, Boston, MA 02110-2624 (617)951-7566
Class Action Approved

**Skadden, Arps, Slate, Meagher & Flom, LLP and Affiliates**
*Thomas J. Dougherty*
One Beacon Street, Boston, MA 02108 (617)573-4820
Class Action Approved

**WilmerHale**
*Jeffrey B. Rudman / William H. Paine / Andrea J. Robinson*
60 State Street, Boston, MA 02109 (617)526-6000
Class Action Approved

**MINNESOTA**

**Dorsey & Whitney, LLP**
*Edward J. Pluimer / J. Jackson / Peter W. Carter (612)340-5635 / Roger J. Magnuson*
50 South Sixth Street, Suite #1500, Minneapolis, MN 55402-1498 (612)340-2600
Class Action Approved

**Faegre & Benson, LLP**
*Robert L. Schnell / Thomas L. Kimer*
90 South Seventh Street, Minneapolis, MN 55402-3901 (612)336-3000
Class Action Approved

**Winthrop & Weinstine, PA**
*David P. Pearson (612)604-6692 / Thomas H. Boyd*
Suite 3500, 225 South 6th Street, Minneapolis, MN 55402-4629 (612)604-6400
Class Action Approved

Revised (12/07)                    Page 10

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
58

## APPENDIX A
## SECURITIES CLAIMS PANEL COUNSEL LIST

**NEW YORK**

**Arnold & Porter**
*Kent A. Yalowitz / Scott B. Schreiber (202)942-5672*
399 Park Avenue, New York, NY 10022-4690 (212)715-1000
Class Action Approved

**Blank Rome, LLP**
*Robert J. Mittman (212)885-5555*
The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 (212)885-5555
Class Action Approved

**Cadwalader, Wickersham & Taft**
*Gregory A. Markel / Howard R. Hawkins, Jr. / Jonathan M. Hoff*
One World Financial Center, New York, NY 10281 (212)504-6000
Class Action Approved

**Cahill Gordon & Reindel**
*Charles A. Gilman (212)701-3403 / David G. Januszewski (212)701-3352 / Thomas J. Kavaler
(212)701-3406 / Jonathan D. Thier (212)701-3992*
Eighty Pine Street, New York, NY 10005 (212)701-3000
Class Action Approved

**Clifford Chance US, LLP**
*James B. Weidner / John K. Carroll / Mark Holland*
31 West 52nd Street, New York, NY 10019-6131 (212)878-8000
Class Action Approved

**Cravath, Swaine & Moore**
*Evan R. Chesler / Francis P. Barron / Julie A. North / Keith R. Hummel / Paul C. Saunders / Peter
T. Barbur / Richard W. Clary / Robert H. Baron / Ronald S. Rolfe / Rory O. Millson / Thomas G.
Rafferty*
Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019-7475 (212)474-1000
Class Action Approved

**DLA Piper Rudnick Gray Cary US, LLP**
*Joseph G. Finnerty, III / Keara M. Gordon / David E. Nachman / John J. Clarke*
1251 Avenue of the Americas, New York, NY 10020-1104 (212)835-6000
Class Action Approved

**Fried, Frank, Harris, Shriver & Jacobson**
*William G. McGuinness / Alexander R. Sussman / Debra M. Torres / Douglas H. Flaum / Gregg
L. Weiner / John A. Borek*
One New York Plaza, New York, NY 10004-1980 (212)859-8000
Class Action Approved

**Fulbright & Jaworski, LLP**
*Robert D. Owen / Daniel R. Murdock (212)318-3385 / Philip M. Smith (212)318-3329*
666 Fifth Avenue, New York, NY 10103-3198 (212)318-3000
Class Action Approved

Revised (12/07)                    Page 11

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
59

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Gibson, Dunn & Crutcher, LLP**
*Wesley G. Howell / Robert F. Serio / Mitchell A. Karlan (212)351-3827*
200 Park Avenue, New York, NY 10166-0193 (212)351-4000
Class Action Approved

**Greenberg Traurig, LLP**
*Brian S. Cousin (212)801-9200 / Geoffrey Berman / Karen Bitar / William Briendel / Michael Burrows / Adam Cole / Roger Kaplan / Robert A. Horowitz / Ronald Lefton / Jeffrey Mann / Alan Mansfield / Stephen Saxl / Jeffrey Sklaroff / Toby Soli / Kenneth A. Lapatine*
200 Park Avenue, New York, NY 10022 (212)801-9200
Class Action Approved

**Katten Muchin Rosenman, LLP**
*David H. Kistenbroker / Robert W. Gottlieb / Joel W. Sternman*
575 Madison Avenue, New York, NY 10022-2585 (212)940-8800
Class Action Approved

**Kaye Scholer, LLP**
*Fredric W. Yerman (212)836-8663 / Phillip A. Geraci (212)836-8659*
425 Park Avenue, New York, NY 10022 (212)836-8663
Class Action Approved

**Kramer Levin Naftalis & Frankel, LLP**
*Gary P. Naftalis / Alan R. Friedman / Robert N. Holtzman / Jonathan M. Wagner*
1177 Avenue of the Americas, New York, NY 10036 (212)715-9100
Class Action Approved

**Mayer, Brown Rowe & Maw**
*Richard A. Spehr / Steven Wolowitz / Joseph DeSimone*
1675 Broadway, New York, NY 10019 (212)506-2500
Class Action Approved

**Milbank, Tweed, Hadley & McCloy**
*Michael L. Hirschfeld / Scott A. Edelman*
1 Chase Manhattan Plaza, New York, NY 10005 (212)530-5149
Class Action Approved

**Morrison & Foerster, LLP**
*Anthony M. Radice (212)468-8020 / Jack C. Auspitz (212)468-8046*
1290 Avenue of the Americas, New York, NY 10104 (212)468-8000
Class Action Approved

**Paul, Hastings, Janofsky & Walker, LLP**
*Barry Sher / James D. Wareham*
Park Avenue Tower, 75 E. 55th Street, New York, NY 10022 (212)318-6000
Class Action Approved

**Paul, Weiss, Rifkind, Wharton & Garrison**
*Daniel J. Beller / Martin Flumenbaum / Claudia Hammerman / Brad S. Karp / Daniel J. Kramer / Mark F. Pomerantz / Richard A. Rosen*
1285 Avenue of the Americas, New York, NY 10019-6064 (212)373-3000
Class Action Approved

Revised (12/07)                          Page 12

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
60

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Proskauer Rose, LLP**
*Gregg M. Mashberg*
1585 Broadway, New York, NY 10036-8299 (212)969-3000
Class Action Approved

**Schulte Roth & Zabel, LLP**
*Betty Santangelo / Howard O. Godnick / Irwin J. Sugarman / Robert M. Abrahams*
919 Third Avenue, New York, NY 10022 (212)756-2000
Class Action Approved

**Shearman & Sterling**
*Jeremy G. Epstein (212)848-4169 / Steven F. Molo (212)848-7456 / Brian H. Polovoy*
*(212)848-4703 / Stuart J. Baskin (212)848-4974*
599 Lexington Avenue, New York, NY 10022 (212)848-8000
Class Action Approved

**Sidley Austin Brown & Wood, LLP**
*Theodore N. Miller (213)896-6646 / Barry W. Rashkover / Steven M. Bierman / Robert Pietrzak*
787 Seventh Avenue, New York, NY 10019 (212)839-5300
Class Action Approved

**Simpson Thacher & Bartlett**
*Bruce D. Angiolillo / Michael J. Chepiga / Paul C. Curnin / Roy L. Reardon*
425 Lexington Avenue, New York, NY 10017 (212)455-2000
Class Action Approved

**Skadden, Arps, Slate, Meagher & Flom, LLP and Affiliates**
*Jonathan J. Lerner*
Four Times Square, New York, NY 10036 (212)735-2550
Class Action Approved

**Stroock & Stroock & Lavan, LLP**
*Laurence Greenwald / Melvin A. Brosterman / Robert Lewin*
180 Maiden Lane, New York, NY 10038 (212)806-5400
Class Action Approved

**Sullivan & Cromwell**
*D. Stuart Meiklejohn / Gandolfo V. DiBlasi / John L. Hardiman / John L. Warden / Philip L.*
*Graham, Jr. / Richard H. Klapper*
125 Broad Street, New York, NY 10004-2498 (212)558-4000
Class Action Approved

**Wachtell, Lipton, Rosen & Katz**
*Paul Vizcarrondo (212)403-1208 / Ted Mirvis*
51 W. 52nd Street, 29th Floor, New York, NY 10019 (212)403-1000
Class Action Approved

**Weil, Gotshal & Manges, LLP**
*Greg A. Danilow / Irwin H. Warren / Joseph Allerhand / Jonathan D. Polkes (212)310-8881*
767 Fifth Avenue, New York, NY 10153 (212)310-8000
Class Action Approved

Revised (12/07)                    Page 13

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
61

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Willkie Farr & Gallagher**
*Michael R. Young / Richard L. Posen / Stephen W. Greiner*
787 Seventh Avenue, New York, NY 10019-6099 (212)728-8000
Class Action Approved

**WilmerHale**
*Peter Vigeland / Robert B. McCaw*
520 Madison Ave., New York, NY 10022 (212)230-8800
Class Action Approved

**OHIO**

**Jones, Day, Reavis & Pogue**
*John M. Newman, Jr. / John W. Edwards, II*
North Point, 901 Lakeside Avenue, Cleveland, OH 44114 (216)586-3939
Class Action Approved

**OREGON**

**Davis Wright Tremaine**
*John F. McGrory*
2300 First Interstate Tower, 1300 S.W. Fifth Avenue, Portland, OR 97201 (503)241-2300
Class Action Approved

**Foster Pepper & Shefelman**
*Tim J. Filer / Roger D. Mellem*
101 S.W. Main Street, 15th Floor, Portland, OR 97204-3223 (503)221-0607
Class Action Approved

**Lane Powell Spears Lubersky, LLP**
*Milo Petranovich / Robert E. Maloney*
601 S.W. Second Avenue, Suite 2100, Portland, OR 97204 (503)778-2100
Class Action Approved

**Stoel Rives, LLP**
*Lois O. Rosenbaum*
900 SW 5th Avenue, Suite 2600, Portland, OR 97204 (503)224-3380
Class Action Approved

**PENNSYLVANIA**

**Blank Rome, LLP**
*Ian M. Comisky / Alan J. Hoffman*
One Logan Square, Philadelphia, PA 19103 (215)569-5500
Class Action Approved

**Buchanan Ingersoll & Rooney, PC**
*John R. Leathers*
One Oxford Centre, 20th Floor, 301 Grant Street, Pittsburgh, PA 15219-8800
(412)562-8800
Class Action Approved

Revised (12/07)                    Page 14

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
62

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Dechert, LLP**
*Jeffrey G. Weil (215)994-2538 / Seymour Kurland (215)994-2235*
4000 Bell Atlantic Tower, 1717 Arch Street, Philadelphia, PA 19103-2793 (215)994-4000
Class Action Approved

**Morgan, Lewis & Bockius, LLP**
*Marc Sonnenfeld (215)963-5572*
1701 Market Street, Philadelphia, PA 19103-2921 (215)963-5000
Class Action Approved

**Pepper Hamilton, LLP**
*Barbara W. Mather / Jon A. Baughman / Laurence Z. Shiekman (215)981-4347 / M. Duncan*
*Grant / Robert L. Hickok (215)981-4583 / Thomas E. Zemaitis*
3000 Two Logan Square, Eighteenth and Arch Streets, Philadelphia, PA 19103-2799
(215)981-4000
Class Action Approved

**Wolf, Block, Schorr and Solis-Cohen, LLP**
*Jerome J. Shestack / M. Norman Goldberger / Mark L. Alderman*
1650 Arch Street, 22nd Floor, Philadelphia, PA 19103-2097 (215)977-2058
Class Action Approved

**TEXAS**

**Akin, Gump, Strauss, Hauer & Feld, LLP**
*Paul R. Bessette (512)499-6250 / Edward S. Koppman / Orrin L. Harrison, III*
1700 Pacific Avenue, Suite 4100, Dallas, TX 75201 (214)969-2800
Class Action Approved

*Paul R. Bessette (512)499-6250*
1111 Louisiana Street, 44th Floor, Houston, TX 77002-5200 (713)220-5800

**Beirne, Maynard & Parsons, LLP**
*Jeffrey R. Parsons (713)960-7302*
1300 Post Oak Boulevard, Suite 2500, Houston, TX 77056-3000 (713)623-0887
Class Action Approved

**Carrington, Coleman, Sloman & Blumenthal, LLP**
*Fletcher L. Yarbrough / Bruce W. Collins / Tim Gavin*
901 Main Street, Suite 5500, Dallas, TX 75202 (214)855-3000
Class Action Approved

**Fulbright & Jaworski, LLP**
*Frank G. Jones / Robert S. Harrell / Gerard G. Pecht*
1301 McKinney, Suite 5100, Houston, TX 77010 (713)651-5151
Class Action Approved

*Karl G. Dial / Michael A. Swartzendruber*
2200 Ross Avenue, Suite 2800, Dallas, TX 75201 (214)855-8000
Class Action Approved

**King & Spalding**
*Mark K. Glasser*
1100 Louisiana, Suite 4000, Houston, TX 77002 (713)751-3212
Class Action Approved

Revised (12/07)                              Page 15

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
63

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Locke Liddell & Sapp, LLP**
*Bradley W. Foster (214)740-8664 / C.W. Flynn (214)740-8654 / John H. McElhaney (214)740-8458*
2200 Ross Avenue, Suite 2200, Dallas, TX 75201-6776 (214)740-8000
Class Action Approved

*Charles R. Parker (713)226-1469*
3400 JPMorgan Chase Tower, 600 Travis, Houston, TX 77002 (713)226-1200
Class Action Approved

*Bradley W. Foster (214)740-8664 / C.W. Flynn (214)740-8654 / John H. McElhaney (214)740-8458*
100 Congress Avenue, Suite 300, Austin, TX 78701-4042 (512)305-4700
Class Action Approved

**Thompson & Knight, LLP**
*Timothy R. McCormick*
1700 Pacific Avenue, Suite 3300, Dallas, TX 75201 (214)969-1103
Class Action Approved

*Timothy R. McCormick*
98 San Jacinto Boulevard, Suite 1200, Austin, TX 78701 (512)469-6100
Class Action Approved

*Timothy R. McCormick*
333 Clay Street, Suite 3300, Houston, TX 77002 (713)654-8111
Class Action Approved

*Timothy R. McCormick*
Burnett Plaza, Suite 1600, 801 Cherry Street, Unit #1, Fort Worth, TX 76102-6881 (817)347-1700
Class Action Approved

**Vinson & Elkins, LLP**
*Walter B. Stuart / N. Scott Fletcher*
First City Tower, 1001 Fannin St., Suite 2300, Houston, TX 77002-6760 (713)758-2222
Class Action Approved

**Weil, Gotshal & Manges, LLP**
*Ralph I. Miller*
100 Crescent Court, Dallas, TX 75201 (214)746-7700
Class Action Approved

*Ralph I. Miller*
700 Louisiana, Suite 1600, Houston, TX 77002 (713)546-5000
Class Action Approved

**VIRGINIA**

**Cooley Godward Kronish, LLP**
*Robert R. Vieth, Partner / Michael Klisch*
One Freedom Square, Reston Town Ctr., 11951 Freedom Dr., Reston, VA 20190-5656 (703)456-8000
Class Action Approved

Revised (12/07)                    Page 16

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
64

### APPENDIX A
### SECURITIES CLAIMS PANEL COUNSEL LIST

**Greenberg Traurig, LLP**
*John Scalia (703)749-1300*
1750 Tysons Boulevard, 12th Fl., Tysons Corner, VA 22102 (703)749-1300
Class Action Approved

**Latham & Watkins**
*Laurie B. Smilan (703)456-5220 / Michele E. Rose (703)456-5225 / Christian Word (703)456-5226*
Two Freedom Square, 11955 Freedom Drive, Suite 500, Reston, VA 20190-5651
(703)456-1000
Class Action Approved

**McGuireWoods, LLP**
*Stephen D. Busch (804)775-4378*
One James Center, 901 East Cary Street, Richmond, VA 23219 (804)775-1000
Class Action Approved

*Stephen D. Busch (804)775-4378 / Charles McIntyre*
1750 Tysons Boulevard, Suite 1800, McLean, VA 22102 (703)712-5000
Class Action Approved

**WilmerHale**
*Andrew Weissman (202)663-6612 / John Valentine (202)663-6131*
1600 Tysons Boulevard, 10th Floor, Tysons Corner, VA 22102 (703)251-9700
Class Action Approved

**Wilson, Sonsini, Goodrich & Rosati**
*Lyle Roberts / Trevor Chaplick (703)734-3100*
2 Fountain Square, Reston Town Ct., 11921 Freedom Drive, Suite 600, Reston, VA 20190-5634
(703)734-3100
Class Action Approved

**WASHINGTON**

**Davis Wright Tremaine**
*Stephen M. Rummage / Ladd B. Leavens*
2600 Century Square, 1501 Fourth Avenue, Seattle, WA 98101-1688 (206)622-3150
Class Action Approved

**DLA Piper Rudnick Gray Cary US, LLP**
*Stellman Keehnel*
701 Fifth Avenue, Suite 7000, Seattle, WA 98104 (206)839-4800
Class Action Approved

**Foster Pepper & Shefelman**
*Tim J. Filer / Roger D. Mellem*
1111 Third Avenue, Suite 3400, Seattle, WA 98101-3299 (206)447-8998
Class Action Approved

**Heller, Ehrman, White & McAuliffe**
*George E. Greer*
701 Fifth Avenue, Suite 6100, Seattle, WA 98104-7098 (206)447-0900
Class Action Approved

Revised (12/07)                              Page 17

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
65

**APPENDIX A**
**SECURITIES CLAIMS PANEL COUNSEL LIST**

**Lane Powell Spears Lubersky, LLP**
*James B. Stoetzer (206)277-9511 / Rudy A. Englund / Larry S. Gangnes / Christopher B. Wells*
1420 Fifth Avenue, Suite 4100, Seattle, WA 98101-2338 (206)223-7000
Class Action Approved

**Perkins Coie, LLP**
*Harry H. Schneider, Jr. / Ronald L. Berenstain*
1201 Third Avenue, Ste. 4800, Seattle, WA 98101-3099 (206)583-8888
Class Action Approved

**Wilson, Sonsini, Goodrich & Rosati**
*Barry M. Kaplan*
701 Fifth Avenue, Suite 5100, Seattle, WA 98104 (206)883-2500
Class Action Approved

Revised (12/07)                    Page 18

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
66

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**ALABAMA**

**Adams & Reese**
*Leslie A. Lanusse*
Concord Center, 2100 Third Avenue, N., Suite 1100, Birmingham, AL 35203 (205)250–5000
Class Action Approved

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
*Steven H. Trent / Fern H. Singer*
1600 South Trust Tower, Birmingham, AL 35203 (205)328–0480
Class Action Approved

**Constangy, Brooks & Smith, LLP**
*Michael D. Malfitano (813)223-7166*
Suite 1410, 1901 Sixth Avenue, North, Birmingham, AL 35203-2618 (205)252–9321
Class Action Approved

**Jackson Lewis, LLP**
*Steven Baderian (914)328-0404*
800 Shades Creek Parkway, Suite 870, Birmingham, AL 35209 (914)328–0404
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
Riverview Plaza, 635 South Royal Street, Suite 709, Mobile, AL 36602–3245 (800)315–8871
Class Action Approved

**Lloyd, Gray & Whitehead, PC**
*Stephen E. Whitehead*
2501 20th Place, South, Suite 300, Birmingham, AL 35223 (205)967–8822
Class Action Approved

**Luther, Oldenburg & Rainey, PC**
*Rudene Crowe Oldenburg*
Riverview Plaza, 63 S. Royal St., Suite 1000, P.O. Box 1003, Mobile, AL 36633 (251)433–8088
Class Action Approved

**Maynard, Cooper & Gale, PC**
*Warren B. Lightfoot, Jr. (205)254-1085*
1901 Sixth Avenue, North, Suite 2400, Birmingham, AL 35203 (205)254–1000
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*Peyton Lacy, Jr.*
One Federal Place, Suite 1000, 1819 5th Avenue, North, Birmingham, AL 35203–2118
(205)328–1900
Class Action Approved

**ALASKA**

**Lane Powell Spears Lubersky, LLP**
*James B. Stoetzer (206)277-9511*
420 L Street, Suite 300, Anchorage, AK 99501–1937 (907)277–9511
Class Action Approved

Revised (12/07)                                      Page 1

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
67

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**ARIZONA**

**Ford & Harrison, LLP**
*Richard Cohen (602)627-3502*
2525 East Camelback Road, Suite #450, Phoenix, AZ 85016 (602)627-3500

**Greenberg Traurig, LLP**
*Lawrence Rosenfeld / Brian S. Cousin*
2375 East Camelback Road, Suite 700, Phoenix, AZ 85016 (602)445-8000
Class Action Approved

**Kunz, Plitt, Hyland, Demlong & Kleifield**
*Steven Plitt (602)331-4600*
3838 N. Central Avenue, Suite 1500, Phoenix, AZ 85012-1902 (602)331-4600

**Kutak Rock**
*Alan L. Rupe (800)787-3529*
Suite 300, 8601 North, Scottsdale Road, Scottsdale, AZ 85253-2742 (480)429-5000
Class Action Approved

**Lewis and Roca, LLP**
*Troy Foster (602)262-0220*
40 N. Central Avenue, Suite 1900, Phoenix, AZ 85004-4429 (602)262-5311

*Dawn M. Bergin (602)262-5342*
One S. Church Avenue, Suite 700, Tucson, AZ 85701 (520)622-2090

**Lewis Brisbois Bisgaard & Smith, LLP**
*Carl F. Mariano*
Phoenix Plaza Tower, 2929 North Central Avenue, Suite 17, Phoenix, AZ 85012-2761 385-1040

**Littler Mendelson**
*Patrick Hicks*
Camelback Esplanade, 2425 E. Camelback Road Suite 900, Phoenix, AZ 85016-4242
(800)315-8871
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*Joseph T. Clees (602)778-3700*
Esplande Center III, 2415 East Camelback Road, Suite 800, Phoenix, AZ 85016 (602)778-3700
Class Action Approved

**ARKANSAS**

**Huckabay, Munson, Rowlett & Tilley**
*Bruce Munson*
400 West Capital Avenue, Suite 1900, Little Rock, AR 72201 (501)374-6535
Class Action Approved

**Kutak Rock**
*Alan L. Rupe (800)787-3529*
425 West Capitol Avenue, Suite 1100, Little Rock, AR 72201-3409 (501)975-3000
Class Action Approved

Revised (12/07)                    Page 2

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
68

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

*Alan L. Rupe (800)787-3529*
The Three Sisters Building, 214 West Dickson Street, Fayetteville, AR 72701-5221 (479)973-4200
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
3608 North Steele Boulevard, Suite 214, Fayetteville, AR 72703 (800)315-8871
Class Action Approved

**CALIFORNIA**

**Epstein Becker & Green, PC**
*Steven R. Blackburn*
One California Street, 26th Floor, San Francisco, CA 94111-5427 (415)398-3500
Class Action Approved

*James A. Goodman (310)557-9519*
1875 Century Park, East, Suite 500, Los Angeles, CA 90067-2506 (310)556-8861
Class Action Approved

**Fox Rothschild, LLP**
1801 Century Park, East, Suite 1420, Los Angeles, CA 90067 (310)556-8786
Class Action Approved

*Anne Ciesla Bancroft (609)895-6739 / Heather Boshak (973)994-7508*
235 Pine Street, Suite 1500, San Francisco, CA 94104 (415)364-5540
Class Action Approved

**Gordon & Rees, LLP**
*Roger M. Mansukhani (888)230-7787*
101 W. Broadway, Suite 1600, San Diego, CA 92101 (888)230-7787
Class Action Approved

*Roger M. Mansukhani (888)230-7787*
Embarcadero Center, West, 275 Battery Street, Suite 2000, San Francisco, CA 94111
(888)230-7787
Class Action Approved

*Roger M. Mansukhani (888)230-7787*
633 West Fifth Street, Suite 4900, Los Angeles, CA 90071 (888)230-7787
Class Action Approved

*Roger M. Mansukhani (888)230-7787*
655 University Avenue, Suite 200, Sacramento, CA 95825 (888)230-7787
Class Action Approved

*Roger M. Mansukhani (888)230-7787*
4695 Macarthur Court, Suite #1200, Newport Beach, CA 92660 (888)230-7787
Class Action Approved

Revised (12/07)                    Page 3

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
69

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Greenberg Traurig, LLP**
*Diana P. Scott / Brian S. Cousin (310)586-7711*
2450 Colorado Avenue, Suite 400, East, Santa Monica, CA 90404 (310)586-7700
Class Action Approved

*Gregory F. Hurley / Brian S. Cousin (714)708-6614*
Center Tower, 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626-1035 (714)708-6500
Class Action Approved

*William J. Goines / Brian S. Cousin (714)708-6614*
2000 University Avenue, Suite 602, East Palo Alto, CA 94303 (650)328-8500
Class Action Approved

**Hughes Hubbard Reed, LLP**
*Kevin T. Abikoff (202)721-4770*
350 South Grand Avenue, Los Angeles, CA 90071-3442 (213)613-2800

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
725 South Figueroa Street, Suite 2500, Los Angeles, CA 90017 (914)328-0404
Class Action Approved

*Steven D. Baderian (914)328-0404*
801 K Street, Suite 2300, Sacramento, CA 95814 (914)328-0404
Class Action Approved

*Steven D. Baderian (914)328-0404*
199 Fremont Street, 10th Floor, San Francisco, CA 94105 (914)328-0404
Class Action Approved

*Steven D. Baderian (914)328-0404*
5000 Birch Street, Suite 4800, Newport Beach, CA 92660 (914)328-0404
Class Action Approved

**Kauff McClain & McGuire, LLP**
*Laura Sack / Jeffrey D. Polsky*
One Post Street, Suite 2600, San Francisco, CA 94104 (415)421-3111

**Kaufman Dolowich Schneider Bianco & Voluck, LLP**
*John Gonzo, Esq. (201)488-6655*
351 California Street, Suite 500, San Francisco, CA 94104 (415)402-0059

**Kutak Rock**
*Alan L. Rupe (800)787-3529 / Edwin J. Richards (949)417-0999*
Suite 1100, 18201 Von Karmen Avenue, Irvine, CA 92612-1077 (949)417-0999
Class Action Approved

**Lewis Brisbois Bisgaard & Smith, LLP**
*Gary S. Rattet / Robert F. Lewis*
221 N. Figueroa Street, Suite 1200, Los Angeles, CA 90012-2601 (213)250-1800
Class Action Approved

Revised (12/07)                    Page 4

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
70

## APPENDIX A
### EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

*Duane C. Musfelt (415)362-2580*
One Sansome Street, Suite 1400, San Francisco, CA 94104-4448 (415)362-2580
Class Action Approved

*R. Gaylord Smith (619)233-1006*
550 West C Street, Suite 800, San Diego, CA 92101-3540 (619)233-1006
Class Action Approved

*Mercedes Cruz (714)545-9200*
650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626-1925 (714)545-9200
Class Action Approved

*Arthur Cunningham (909)381-7152 / Gail Montgomery (909)381-7141*
650 East Hospitality Lane, Suite 600, San Bernardino, CA 92408-3508 (909)387-1130
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
50 West San Fernando Street, Suite 1400, San Jose, CA 95113-2401 (800)315-8871
Class Action Approved

*Patrick Hicks*
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107 (800)315-8871
Class Action Approved

*Patrick Hicks*
2520 Venture Oaks Way, Suite 390, Sacramento, CA 95833-4227 (800)315-8871
Class Action Approved

*Patrick Hicks*
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225 (800)315-8871
Class Action Approved

*Patrick Hicks*
2643 Industrial Parkway, Santa Maria, CA 93455-1657 (800)315-8871
Class Action Approved

*Patrick Hicks*
650 California Street, 20th Floor, San Francisco, CA 94108-2693 (800)315-8871
Class Action Approved

*Patrick Hick*
2175 North California Boulevard, Suite 835, Walnut Creek, CA 94596-3565 (800)315-8871
Class Action Approved

*Patrick Hicks*
501 West Broadway, Suite 900, San Diego, CA 92101-3577 (800)315-8871
Class Action Approved

*Patrick Hicks*
1920 Main Street, Suite 900, Irvine, CA 92614 (800)315-8871
Class Action Approved

Revised (12/07)                    Page 5

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
71

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Luce, Forward, Hamilton & Scripps, LLP**
*Phillip L. Kossy (619)699-2433*
600 West Broadway, Suite 2600, San Diego, CA 92101–3372 (619)236–1414
Class Action Approved

**Lynch, Gilardi & Grummer**
*Ronald Souza (415)397-2800*
275 Sansome Street, Suite #1800, San Francisco, CA 94111–3141 (415)397–2800

**Miller Law Group**
*Michele Ballard Miller*
Wood Island Center, 60 E. Sir Francis Drake Blvd., Larkspur, CA 94939 (415)464–4300

**Morgan, Lewis & Bockius, LLP**
*Clifford D. Sethness*
300 South Grand Avenue, 22nd Floor, Los Angeles, CA 90071–3132 (213)612–2500
Class Action Approved

*Brendan G. Dolan*
One Market, Spear Street Tower, San Francisco, CA 94105 (415)442–1000
Class Action Approved

*Melinda S. Riechert*
2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, CA 94306 (650)843–4000
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*William P. Steinhaus / Lori A. Bowman / Howard L. Magee*
633 West 5th Street, 53rd Floor, Los Angeles, CA 90071–2738 (213)239–9800
Class Action Approved

**Paul, Hastings, Janofsky & Walker, LLP**
*Nancy L. Abell*
515 South Flower Street, Twenty–Fifth Floor, Los Angeles, CA 90071 (213)683–6000
Class Action Approved

*Paul W. Cane, Jr.*
55 Second Street, Twenty–Fourth Floor, San Francisco, CA 94105 (415)856–7000
Class Action Approved

*Stephen L. Berry*
695 Town Center Drive, 17th Floor, Costa Mesa, CA 92626 (714)668–6200
Class Action Approved

*Mary C. Dollarhide*
3579 Valley Centre Drive, San Diego, CA 92130 (858)720–2660
Class Action Approved

*Bradford K. Newman*
Five Palo Alto Square, Sixth Floor, Palo Alto, CA 94306–2155 (650)320–1800
Class Action Approved

Revised (12/07)                    Page 6

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
72

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Paul, Plevin, Sullivan & Connaughton, LLP**
*Richard A. Paul (619)615-0700 / Fred M. Plevin (619)615-0700*
401 B Street, Tenth Floor, San Diego, CA 92101 (619)237–5200
Class Action Approved

**Ropers Majeski Kohn Bentley, LLP**
*Todd A. Roberts (650)780-1601 / David M. McLaughlin (650)780-1717*
333 Market Street, Suite 3150, San Francisco, CA 94105 (415)543–4800

*Todd A. Roberts (650)780-1601 / David M. McLaughlin (650)780-1717*
1001 Marshall Street, Redwood City, CA 94063 (650)364–8200

*Todd A. Roberts (650)780-1601 / David M. McLaughlin (650)780-1717*
80 North First Street, San Jose, CA 95113 (408)287–6262

*Todd A. Roberts (650)780-1601 / David M. McLaughlin (650)780-1717*
515 So. Flower Street, Suite 1100, Los Angeles, CA 90071 (213)312–2000

**Seyfarth Shaw, LLP**
*Gerald L. Maatman (312)460-5965*
400 Capitol Mall, Suite 2350, Sacramento, CA 95814–4420 (916)448–0159
Class Action Approved

*Gerald L. Maatman (312)460-5965*
One Century Plaza, Suite 3300, 2029 Century Park East, Los Angeles, CA 90067–3063
(310)277–7200
Class Action Approved

*Gerald L. Maatman (312)460-5965*
560 Mission Street, Suite 3100, San Francisco, CA 94105 (415)397–2823
Class Action Approved

**Sheppard, Mullin, Richter & Hampton, LLP**
*Tracey A. Kennedy (213)617-4249*
1901 Avenue of the Stars, 16th Floor, Century City, CA 90067 (310)228–3700
Class Action Approved

*John D. Collins (858)720-8923*
12544 High Bluff Drive, Suite 300, San Diego, CA 92130 (858)720–8900
Class Action Approved

*Dianne Baquet Smith (213)617-4265*
333 South Hope Street, 48th Floor, Los Angeles, CA 90071 (213)620–1780
Class Action Approved

*Ryan McCortney (714)513-5100*
650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626–1925 (714)513–5100
Class Action Approved

*Jeffrey A. Dinkin (805)879-1828*
800 Anacapa Street, Santa Barbara, CA 93101 (805)568–1151
Class Action Approved

Revised (12/07)                    Page 7

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
73

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

*Julie Dunne (619)338-6510*
501 West Broadway, 19th Floor, San Diego, CA 92101 (619)338-6500
Class Action Approved

*Otis McGee (415)434-9100*
Four Embarcadero Center, 17th Floor, San Francisco, CA 94111 (415)434-9100
Class Action Approved

**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
*Louis H. Castoria*
525 Market Street, 17th Floor, San Francisco, CA 94105 (415)433-0990
Class Action Approved

*James A. Stankowski*
555 S. Flower Street, Suite 2900, Los Angeles, CA 90071 (213)443-5100

**COLORADO**

**Greenberg Traurig, LLP**
*Jeannette M. Brook (303)572-6500 / Brian S. Cousin / Kristi L. Blumhardt / David G. Palmer*
The Tabor Center, 1200 17th Street, Suite 2400, Denver, CO 80202 (303)572-6500
Class Action Approved

**Hall & Evans, LLC**
*Thomas J. Lyons*
1125 17th Street, Suite 600, Denver, CO 80202 (303)628-3300

**Jackson Lewis, LLP**
*Steven Baderian (914)328-0404*
1050 17th Streeet, Suite 2450, Denver, CO 80265 (914)328-0404
Class Action Approved

**Kutak Rock**
*Alan L. Rupe (800)787-3529*
1801 California Street, Suite 3100, Denver, CO 80202-2626 (303)297-2400
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
One Tabor Center, 1200 17th Street, Suite 2200, Denver, CO 80202-5835 (800)315-8871
Class Action Approved

**Rothgerber Johnson & Lyons, LLP**
*Vance O. Knapp (303)623-9000*
1200 Seventeenth Street, Suite #3000, Denver, CO 80202 (303)623-9000

**Wheeler Trigg Kennedy, LLP**
*Raymond W. Martin*
1801 California Street, Suite 3600, Denver, CO 80202-2617 (303)292-2525
Class Action Approved

Revised (12/07)                    Page 8

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
74

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**CONNECTICUT**

**Edwards Angell Palmer & Dodge, LLP**
*John D. Hughes*
90 State House Square, Hartford, CT 06103 (860)525-5065
Class Action Approved

**Epstein Becker & Green, PC**
*David S. Poppick*
One Landmark Square, Suite 1800, Stamford, CT 06901-2681 (203)348-3737
Class Action Approved

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
55 Farmington Avenue, Suite 1200, Hartford, CT 06105 (914)328-0404
Class Action Approved

*Steven D. Baderian (914)328-0404*
177 Broad Street, Post Office Box 251, Stamford, CT 06904 (914)328-0404
Class Action Approved

**Paul, Hastings, Janofsky & Walker, LLP**
*Carla R. Walworth*
1055 Washington Boulevard, Stamford, CT 06901 (203)961-7400
Class Action Approved

**Siegel, O'Connor, O'Donnell & Beck, PC**
*Richard D. O'Connor (860)727-8900*
150 Trumbull Street, Hartford, CT 06103 (860)727-8900
Class Action Approved

**Winget, Spadafora & Schwartzberg, LLP**
*Luigi Spadafora*
177 Broad Street, 5th Floor, Stamford, CT 06901 (212)221-6900

**DELAWARE**

**Blank Rome, LLP**
*Anthony B. Haller (215)569-5690*
Chase Manhattan Centre, 1201 Market Street, Suite 800, Wilmington, DE 19801 (302)425-6473
Class Action Approved

**Greenberg Traurig, LLP**
*Brian S. Cousin*
The Brandywine Building, 1000 West Street, Suite 1540, Wilmington, DE 19801 (302)661-7000
Class Action Approved

**Wolf, Block, Schorr and Solis-Cohen, LLP**
*Barry M. Klayman*
Wilmington Trust Center, 1100 N. Market Street, Suite 1001, Wilmington, DE 19801
(302)777-0313
Class Action Approved

Revised (12/07)                              Page 9

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
75

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Young, Conaway, Stargatt, Taylor, LLP**
*Barry M. Willoughby*
The Brandywine Building, 1000 West Street, 17th Fl., Wilmington, DE 19801 (302)571–6600
Class Action Approved

## DISTRICT OF COLUMBIA

**Blank Rome, LLP**
*Mark Blondman (202)772-5850*
Watergate, 600 New Hampshire Ave., NW, Washington, DC 20037 (202)772–5800
Class Action Approved

**Epstein Becker & Green, PC**
*Frank C. Morris, Jr.*
1227 25th Street, NW, Suite 700, Washington, DC 20037–1156 (202)861–0900
Class Action Approved

**Ford & Harrison, LLP**
*David A. Rosenberg*
1300 19th Street, NW, Suite 700, Washington, DC 20036 (202)719–2000

**Greenberg Traurig, LLP**
*John Scalia (703)749-1300 / Brian S. Cousin*
800 Connecticut Avenue, NW, Suite 500, Washington, DC 20006 (202)331–3100
Class Action Approved

**Hughes Hubbard Reed, LLP**
*Kevin T. Abikoff (202)721-4770*
1775 I Street, NW, Washington, DC 20006–2401 (202)721–4600

**Jordan Coyne & Savits, LLP**
*Deborah Murrell Whelihan*
1100 Connecticut Avenue, NW, Suite 600, Washington, DC 20036 (202)496–2810
Class Action Approved

**Kutak Rock**
*Alan L. Rupe (800)787-3529*
1101 Connecticut Avenue, Suite 1000, Washington, DC 20036–4374 (202)828–2400
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
1150 17th Street, NW, Suite 900, Washington, DC 20036 (800)315–8871
Class Action Approved

**Morgan, Lewis & Bockius, LLP**
*Grace E. Speights*
1111 Pennsylvania Avenue, NW, Washington, DC 20004 (202)739–3000
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*Bernard P. Jeweler*
Fifth Floor, 2400 N Street, N.W., Washington, DC 20037 (202)887–0855
Class Action Approved

Revised (12/07)                              Page 10

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
76

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Paul, Hastings, Janofsky & Walker, LLP**
*Neal D. Mollen*
1299 Pennsylvania Avenue, N.W., Tenth Floor, Washington, DC 20004 (202)508-9500
Class Action Approved

**Pepper Hamilton, LLP**
*Thomas J. Cole, Jr. (215)981-4507 / Hope A. Comisky*
Hamilton Square, 600 Fourteenth Street, N.W., Washington, DC 20005-2004 (202)220-1200
Class Action Approved

**Seyfarth Shaw, LLP**
*Gerald L. Maatman (312)460-5965*
815 Connecticut Avenue, N.W., Suite 500, Washington, DC 20006-4004 (202)463-2400
Class Action Approved

**Sheppard, Mullin, Richter & Hampton, LLP**
*Mary E. Pivec (202)772-5310*
1300 I Street, NW, 11th Floor, East, Washington, DC 20005 (202)218-0000
Class Action Approved

**Williams Mullen, PC**
*Lynn F. Jacob*
1666 K Street, N.W., Suite 1200, Washington, DC 20006 (202)833-9200

**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
*Paul Krause*
Colorado Bldg., 1341 G Street, N.W., Suite 500, Washington, DC 20005 (202)626-7660
Class Action Approved

**Womble, Carlyle, Sandridge & Rice**
*Charles A. Edwards (919)755-2184*
1401 Eye Street, NW, Seventh Floor, Washington, DC 20005 (202)467-6900

**FLORIDA**

**Akerman Senterfitt & Eidson, PA**
*James S. Bramnick (305)982-5505 / Susan N. Eisenberg (305)982-5637*
One Southeast Third Avenue, 25th Floor, Miami, FL 33131 (305)374-5600
Class Action Approved

*Bruce S. Liebman*
Las Olas Centre II, 350 East Las Olas Blvd., Ste. 1600, Ft. Lauderdale, FL 33301-2229
(954)463-2700
Class Action Approved

*Bruce S. Liebman / Eric A. Gordon (561)671-3651*
Esperante Building, 222 Lakeview Ave., Ste. 400, West Palm Beach, FL 33401-6183
(561)653-5000
Class Action Approved

Revised (12/07)                         Page 11

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
77

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

*James S. Bramnick (305)982-5505 / Bruce S. Liebman (954)463-2700*
CNL Center II at City Commons, 420 South Orange Avenue, Suite 1200, Orlando, FL 32801
(407)423-4000
Class Action Approved

*Karen M. Buesing (813)223-7333*
SunTrust Financial Center, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602-5250
(813)223-7333
Class Action Approved

*Richard N. Margulies (904)598-8625*
50 North Laura Street, Suite 2500, Jacksonville, FL 32202-3646 (904)798-3700
Class Action Approved

**Boyd Mustelier & Smith, PL**
*W. Todd Boyd*
Bank of America Tower, 100 S.E. Second Street, 36th Floor, Miami, FL 33131 (786)425-1045

**Carlton Fields**
*Steven J. Brodie (305)539-7302 / Nancy H. Henry*
4000 International Place, 100 S.E. 2nd Street, Suite 4000, Miami, FL 33131 (305)530-0050
Class Action Approved

*Steven J. Brodie (305)539-7302 / Catie Bell*
4221 West Boy Scout Boulevard, 10th Floor, Tampa, FL 33607 (813)223-7000
Class Action Approved

*Steven J. Brodie (305)539-7302 / Alexander D. Del Russo*
Esperante, 222 Lakeview Ave., Suite 1400, West Palm Beach, FL 33401-6149 (561)659-7070
Class Action Approved

*Steven J. Brodie (305)539-7302 / W. Douglas Hall*
215 S. Monroe Street, Suite 500, Tallahassee, FL 32301-1866 (850)224-1585
Class Action Approved

**Constangy, Brooks & Smith, LLP**
*Michael D. Malfitano (813)223-7166*
Suite 1610, 200 West Forsyth Street, Jacksonville, FL 32202 (904)356-8900
Class Action Approved

*Michael D. Malfitano (813)223-7166*
Suite 500, 100 West Kennedy Boulevard, Tampa, FL 33602 (813)223-7166
Class Action Approved

*Michael D. Malfitano (813)223-7166*
Suite 600, 500 South Florida Avenue, Lakeland, FL 33801 (863)682-0916

**Epstein Becker & Green, PC**
*Robin Taylor Symons / Michael W. Casey, III (305)982-1534*
Wachovia Financial Center, 200 S. Biscayne Blvd., Suite 4300, Miami, FL 33131 (305)982-1520
Class Action Approved

Revised (12/07)                              Page 12

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
78

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Fisher & Phillips, LLP**
*Theresa M. Gallion (407)541-0888*
1250 Lincoln Plaza, 300 South Orange Avenue, Orlando, FL 32801 (407)541-0888

*Theresa M. Gallion (407)541-0888*
Suite 800, 450 East Las Olas Boulevard, Fort Lauderdale, FL 33301 (954)525-4800

*Theresa M. Gallion (407)541-0888*
Suntrust Financial Centre, 401 E. Jackson Street, Suite 2525, Tampa, FL 33602 (813)769-7500

**Greenberg Traurig, LLP**
*Ron Rosengarten / Brian S. Cousin / Joseph Z. Fleming (305)579-0500*
1221 Brickell Avenue, Miami, FL 33131 (305)579-0500
Class Action Approved

*Michele L. Stocker (954)765-0500 / Brian S. Cousin, Esq. / Caran Rothchild / Jesus Cuza (954)765-0500*
401 East Las Olas Boulevard, Suite 2000, Fort Lauderdale, FL 33301 (954)765-0500
Class Action Approved

*Brian S. Cousin / Stephen A. Mendelsohn*
5100 Town Center Circle, Suite 400, Boca Raton, FL 33486 (561)955-7600
Class Action Approved

*Brian S. Cousin / Brian C. Blair*
450 South Orange Avenue, Suite 650, Orlando, FL 32801 (407)420-1000
Class Action Approved

*Brian S. Cousin / Bradford D. Kaufman / Bridget A. Berry*
777 South Flagler Drive, Suite 300, East, West Palm Beach, FL 33401 (561)650-7900
Class Action Approved

*Brian S. Cousin / Lorence Jon Bielby*
101 East College Avenue, Post Office Drawer 1838, Tallahassee, FL 32302 (850)222-6891
Class Action Approved

**Gunster, Yoakley & Stewart, PA**
*G. Joseph Curley*
777 South Flagler Drive, Suite 500, East, West Palm Beach, FL 33401 (800)749-1980
Class Action Approved

*G. Joseph Curley*
2 South Biscayne Boulevard, Suite 3400, Miami, FL 33131 (800)615-1980
Class Action Approved

**Holland & Knight, LLP**
*Kelly-Ann Gibbs Cartwright*
701 Brickell Avenue, Suite 3000, Miami, FL 33131 (305)374-8500
Class Action Approved

Revised (12/07)                    Page 13

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
79

# APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

*Mark G. Alexander*
50 North Laura Street, Suite 3900, Jacksonville, FL 32202 (904)353-2000
Class Action Approved

*Stephen T. Ball*
200 South Orange Avenue, Suite 2600, Orlando, FL 32801 (407)425-8500
Class Action Approved

*William B. DeMeza, Jr.*
100 North Tampa Street, Suite 4100, Tampa, FL 33602 (813)227-8500
Class Action Approved

*Elizabeth L. Bevington*
315 South Calhoun Street, Suite 600, Tallahassee, FL 32301 (850)224-7000
Class Action Approved

*Edward Diaz*
222 Lakeview Avenue, Suite 1000, West Palm Beach, FL 33401 (561)833-2000
Class Action Approved

*William B. DeMeza, Jr.*
200 Central Avenue, Suite 1600, St. Petersburg, FL 33701 (727)896-7171
Class Action Approved

*Thomas H. Loffredo*
One East Broward Boulevard, Suite 1300, Fort Lauderdale, FL 33301 (954)525-1000
Class Action Approved

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
390 N. Orange Avenue, Suite 1285, Orlando, FL 32801 (914)328-0404
Class Action Approved

*Steven D. Baderian (914)328-0404*
One Biscayne Tower, 2 South Biscayne Blvd., Suite 3500, Miami, FL 33131 (914)328-0404
Class Action Approved

**Kubicki Draper**
*Gene Kubicki*
City National Bank Building, 25 W. Flagler St., Penthouse Suite, Miami, FL 33130 (305)374-1212
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
One Biscayne Tower, 2 South Biscayne Blvd., Suite 1500, Miami, FL 33131-1804 (800)315-8871
Class Action Approved

**Morgan, Lewis & Bockius, LLP**
*Anne Marie Estevez*
5300 Wachovia Financial Center, 200 South Biscayne Boulevard, Miami, FL 33131-2339
(305)415-3000
Class Action Approved

Revised (12/07)                    Page 14

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
80

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*David M. DeMaio*
701 Brickell Avenue, Suite 2020, Miami, FL 33130 (305)374-0506
Class Action Approved

*Grant D. Petersen*
100 North Tampa Street, Suite 3600, Tampa, FL 33602 (813)289-1247
Class Action Approved

**Peckar & Abramson**
*Jeffrey M. Daitz*
401 East Las Olas Boulevard, Suite 1600, Fort Lauderdale, FL 33301 (954)764-5222

**Squire Sanders & Dempsey, LLP**
*Lewis F. Murphy (305)577-2957 / Wendy Leavitt (305)577-2894*
200 South Biscayne Boulevard, Suite 4000, Miami, FL 33131-2398 (305)577-7000

*Lewis F. Murphy (305)577-2957 / Wendy Leavitt (305)577-2894*
1900 Phillips Point West, 777 South Flagler Drive, West Palm Beach, FL 33401-6198
(561)650-7200

*Lewis F. Murphy (305)577-2957 / Wendy Leavitt (305)577-2894*
215 South Monroe, Suite 601, Tallahassee, FL 32301-1804 (850)222-2300

**Stearns Weaver Miller Weissler Alhadeff & Sitterson, PA**
*Robert T. Kofman (305)789-3567*
200 East Broward Blvd., Suite 1900, First Union Center, Ft. Lauderdale, FL 33301 (954)462-9500

*Robert T. Kofman (305)789-3567*
Museum Tower, 150 West Flagler Street, Miami, FL 33130 (305)789-3200

**Vernis & Bowling, PA**
*G. Jeffrey Vernis (561)775-9822*
635 West Garden Street, P.O. Box 12108, Pensacola, FL 32590 (561)845-8781

*G. Jeffrey Vernis (561)775-9822*
Surety Bank Building, 3rd Floor, 990 North Woodland Blvd., Deland, FL 32720 (561)845-8781

*G. Jeffrey Vernis (561)775-9822*
1680 N.E. 135th Street, North Miami, FL 33181 (561)845-8781

*G. Jeffrey Vernis (561)775-9822*
884 U.S. Highway One, North Palm Beach, FL 33408 (561)845-8781

*G. Jeffrey Vernis (561)775-9822*
1346 South Ft. Harrison Avenue, Clearwater, FL 33759 (561)845-8781

*G. Jeffrey Vernis (561)775-9822*
82883 Overseas Highway, P.O. Box Drawer 529, Islamorada, FL 33036-0529 (561)845-8781

Revised (12/07)                         Page 15

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
81

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

*G. Jeffrey Vernis (561)775-9822*
2369 West First Street, Fort Myers, FL 33901 (561)845–8781

**GEORGIA**

**Alston & Bird, LLP**
*Robert P. Riordan (404)881-7682*
One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309–3424 (404)881–7000
Class Action Approved

**Carlton Fields**
*James H. Cox*
One Atlantic Center, 1201 W. Peachtree Ctr., Suite 3000, Atlanta, GA 30309 (404)815–3400
Class Action Approved

**Constangy, Brooks & Smith, LLP**
*Michael D. Malfitano (813)223-7166*
Suite 2400, 230 Peachtree Street, N.W., Atlanta, GA 30303–1557 (404)525–8622
Class Action Approved

**Epstein Becker & Green, PC**
*Patrick F. Clark / Jon Gumbel (404)923-9059*
Resurgens Plaza, Suite 2700, 945 East Paces Ferry Road, Atlanta, GA 30326 (404)923–9000
Class Action Approved

**Fisher & Phillips, LLP**
*Theresa M. Gallion (407)541-0888*
1500 Resurgens Plaza, 945 East Paces Ferry Road, Atlanta, GA 30326 (404)231–1400

**Greenberg Traurig, LLP**
*David Long-Daniels / Brian S. Cousin / Ernest Greer*
The Forum, 3290 Northside Parkway, Suite 400, Atlanta, GA 30327 (678)553–2100
Class Action Approved

**Hawkins & Parnell, LLP**
*Ronald G. Polly, Jr.*
4000 SunTrust Plaza, 303 Peachtree Street, N.E., Atlanta, GA 30308–3243 (404)614–7400

**Holland & Knight, LLP**
*Jack L. McLean, Jr.*
1201 West Peachtree Street, N.E., One Atlantic Center, Suite 2000, Atlanta, GA 30309
(404)817–8500
Class Action Approved

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
1900 Marquis One Tower, NE, 245 Peachtree Center Ave., NE, Atlanta, GA 30303 (914)328-0404
Class Action Approved

**King & Spalding**
*Michael W. Johnston (404)572-3581 / Samuel M. Matchett (404)572-2414*
1180 Peachtree Street, Atlanta, GA 30309 (404)572–4600
Class Action Approved

Revised (12/07)                         Page 16

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
82

## APPENDIX A
### EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Kutak Rock**
*Alan L. Rupe (800)787-3529*
Suite 2100, Peachtree Ctr., South, 225 Peachtree Street, NE, Atlanta, GA 30303-1731
(404)222-4600
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
3348 Peachtree Road N.E., Suite 1100, Atlanta, GA 30326-1008 (800)315-8871
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*William P. Steinhaus*
Bank of America Plaza, 600 Peachtree Street, Suite 2100, Atlanta, GA 30308 (404)881-1300
Class Action Approved

**Paul, Hastings, Janofsky & Walker, LLP**
*Weyman T. Johnson*
600 Peachtree Street, N.E., Twenty-Fourth Floor, Atlanta, GA 30308-2222 (404)815-2400
Class Action Approved

**Seyfarth Shaw, LLP**
*Gerald L. Maatman (312)460-5965*
One Peachtree Pointe, 1545 Peachtree Street, N.E., Atlanta, GA 30309-2401 (404)892-6412
Class Action Approved

**Stites & Harbison, PLLC**
*Catherine M. Banich (404)739-8868*
3350 Riverwood Parkway, Suite 1700, Atlanta, GA 30339 (770)850-7000

**Weinberg Wheeler Hudgins Gunn Dial, LLC**
*Stephen W. Mooney (404)832-9541*
950 East Paces Ferry Road, Suite 3000, Atlanta, GA 30326 (404)876-2700

**Womble, Carlyle, Sandridge & Rice**
*Charles A. Edwards (919)755-2184*
One Atlantic Center, 1201 West Peachtree, Suite 3500, Atlanta, GA 30309 (404)872-7000

**HAWAII**

**Goodsill Anderson Quinn & Stifel, LLP**
*John R. Lacy*
1099 Alakea Street, Suite 1800, Honolulu, HI 96813 (808)547-5600
Class Action Approved

**Love & Kirschenbaum**
*Chad P. Love*
1164 Bishop Street, Suite 1105, Honolulu, HI 96813 (808)546-7575
Class Action Approved

Revised (12/07)                        Page 17

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
83

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**IDAHO**

**Hall, Farley, Oberrecht & Blanton, PA**
*Richard E. Hall*
702 West Idaho, Suite 700, Key Financial Center, Boise, ID 83702 (208)395-8500
Class Action Approved

**Quane Smith, LLP**
*Jeremiah A. Quane, Esq.*
US Bank Plaza, Suite 1600, 101 South Capital Blvd., Boise, ID 83702 (208)345-0960
Class Action Approved

**ILLINOIS**

**Brown & James, PC**
*Charles E. Reis, IV, Esq. (314)242-5307*
Richland Plaza 1, 525 West Main Street, Suite 200, Belleville, IL 62220-1547 (618)235-5590

**Clausen Miller, PC**
*John M. Hynes (312)626-7487*
10 South La Salle Street, Suite 1600, Chicago, IL 60603-1098 (312)855-1010

**Epstein Becker & Green, PC**
*Peter A. Steinmeyer*
150 North Michigan Avenue, Suite 420, Chicago, IL 60601-7553 (312)499-1400
Class Action Approved

**Fisher & Phillips, LLP**
*Theresa M. Gallion (407)541-0888*
420 Marquette Building, 140 South Dearborn Street, Chicago, IL 60603 (312)346-8061

**Ford & Harrison, LLP**
*George Matkov (312)960-6100 / James Salzman (312)960-6101*
55 East Monroe Street, Suite #2900, Chicago, IL 60603 (312)332-0777

**Freeborn & Peters, LLP**
*Steven M. Hartmann*
311 South Wacker Drive, Suite 3000, Chicago, IL 60606 (312)360-6528

**Greenberg Traurig, LLP**
*Brian S. Cousin (312)456-8420 / Paul T. Fox*
77 West Wacker Drive, Suite 2500, Chicago, IL 60601 (312)456-8400
Class Action Approved

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
320 West Ohio Street, Suite 500, Chicago, IL 60610 (914)328-0404
Class Action Approved

**Katten Muchin Rosenman, LLP**
*David H. Kistenbroker*
525 W. Monroe Street, Suite 1600, Chicago, IL 60661-3693 (312)902-5200
Class Action Approved

Revised (12/07)                          Page 18

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
84

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd.**
*William L. Becker*
515 North State Street, Suite 2800, Chicago, IL 60610 (312)467-9800

**Littler Mendelson**
*Patrick Hicks*
200 N La Salle Street, Suite 2900, Chicago, IL 60601-1014 (800)315-8871
Class Action Approved

**Morgan, Lewis & Bockius, LLP**
*Barry A. Hartstein*
77 West Wacker Drive, Fifth Floor, Chicago, IL 60601 (312)324-1000
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*Arthur B. Smith, Jr.*
Two First National Plaza, 20 South Clark St., 25th Floor, Chicago, IL 60603-1891 (312)558-1220
Class Action Approved

**Seyfarth Shaw, LLP**
*Gerald L. Maatman (312)460-5965*
131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 (312)460-5000
Class Action Approved

**Vedder Price Kaufman & Kammholz**
*Charles B. Wolf (312)609-7888 / Edward C. Jepson, Jr. (312)609-7582*
222 North LaSalle Street, Chicago, IL 60601 (312)609-7500
Class Action Approved

**INDIANA**

**Baker & Daniels**
*Hudnall A. Pfeiffer*
300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204 (317)237-0300
Class Action Approved

*Hudnall A. Pfeiffer*
600 E. 96th Street, Suite 600, Indianapolis, IN 46240 (317)569-9600
Class Action Approved

*Hudnall A. Pfeiffer*
111 East Wayne Street, Suite 800, Fort Wayne, IN 46802 (260)424-8000
Class Action Approved

*Hudnall A. Pfeiffer*
First Bank Building, 205 West Jefferson Blvd., Suite 250, South Bend, IN 46601 (574)234-4149
Class Action Approved

**Frost Brown Todd, LLC**
*C. Laurence Woods*
120 West Spring Street, Suite 400, New Albany, IN 47150-3655 (812)948-2800
Class Action Approved

Revised (12/07)                          Page 19

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
85

## APPENDIX A
### EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Kightlinger & Gray**
*Robert Kelso (317)968-8154*
151 North Delaware Street, Suite 600, Indianapolis, IN 46204 (317)638–4521
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
135 North Pennsylvania Street, Suite 1500, Indianapolis, IN 46204 (800)315–8871
Class Action Approved

**Locke Reynolds, LLP**
*Thomas E. Wheeler, II (317)237-3810*
201 N. Illinois Street, Suite 1000, Indianapolis, IN 46244–0961 (317)237–3810

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*Charles B. Baldwin*
111 Monument Circle, Suite 4600, Indianapolis, IN 46204 (317)916–1300
Class Action Approved

**IOWA**

**Nyemaster, Goode, McLauglin, Voigts, West, Hansell & O'Brien**
*Hayward Draper, Esq.*
700 Walnut Street, Suite 1600, Des Moines, IA 50309 (515)283–3100
Class Action Approved

**KANSAS**

**Blackwell Sanders, LLP**
*Benjamin F. Mann (816)983-8126*
40 Corporate Woods, Suite 1200, 9401 Indian Creek Parkway, Overland Park, KS 66210
(913)696–7000

**Kutak Rock**
*Alan L. Rupe (800)787-3529*
8301 East 21st Street, North, Suite 370, Wichita, KS 67206–2935 (316)609–7900
Class Action Approved

**Polsinelli Shalton Welte Suelthaus, PC**
*Robert B. Sullivan*
6201 College Boulevard, Suite 500, Overland Park, KS 66211 (913)451–8788

**KENTUCKY**

**Dinsmore & Shohl, LLP**
*Michael W. Hawkins (513)977-8141*
Lexington Financial Center, 250 West Main Street, Suite 1400, Lexington, KY 40507
(859)425–1000

*Michael W. Hawkins (513)977-8141*
1400 PNC Plaza, 500 West Jefferson Street, Louisville, KY 40202 (502)540–2300

Revised (12/07)                                    Page 20

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
86

### APPENDIX A
### EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Frost Brown Todd, LLC**
*C. Laurence Woods*
2700 Lexington Financial Center, 250 West Main Street, Lexington, KY 40507–1749
(859)231–0000
Class Action Approved

*C. Laurence Woods*
400 West Market Street, 32nd Floor, Louisville, KY 40202–3363 (502)589–5400
Class Action Approved

**Harlin Parker**
*William J. Parker, Esq.*
519 East Tenth Street, Post Office Box 390, Bowling Green, KY 42102–0390 (270)842–5611

**Stites & Harbison, PLLC**
*Mauritia G. Kamer (859)226-2218*
250 West Main Street, Suite 2300, Lexington, KY 40507–1758 (859)226–2300

*Shannon Antle Hamilton (502)681-0469*
400 West Market Street, Suite 1800, Louisville, KY 40202 (502)587–3400

**LOUISIANA**

**Adams & Reese**
*Leslie A. Lanusse*
One Shell Square, 701 Poydras, Suite 4500, New Orleans, LA 70139 (504)581–3234
Class Action Approved

*Leslie A. Lanusse*
450 Laurel Street, Suite 1900, Baton Rouge, LA 70801 (225)336–5200

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
*Gregory G. Fletcher (901)577-2294*
3 Sanctuary Blvd., Suite 201, Mandeville, LA 70471 (985)819–8400
Class Action Approved

*Gregory G. Fletcher (901)577-2294*
201 St. Charles Avenue, Suite 3600, New Orleans, LA 70170 (504)566–5200
Class Action Approved

**Deutsch, Kerrigan & Stiles, LLP**
*Ellis B. Murov (504)593-0655*
755 Magazine Street, New Orleans, LA 70130 (504)581–5141
Class Action Approved

**Fisher & Phillips, LLP**
*Theresa M. Gallion (407)541-0888*
Suite 3710, 201 St. Charles Avenue, New Orleans, LA 70170 (504)522–3303

**The Juneau Law Firm**
*Michael J. Juneau*
The Harding Center, 1018 Harding Street, Suite 202, Lafayette, LA 70503–2412 (337)269–0052

Revised (12/07)                          Page 21

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
87

APPENDIX A
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**MAINE**

**Moss Shapiro**
*Jonathan Shapiro (207)774-6001*
400 Congress Street, P.O. Box 7250, Portland, ME 04112-7250 (207)774-6001

**Verrill Dana, LLP**
*Robert C. Brooks (207)253-4456*
One Portland Square, P.O. Box 586, Portland, ME 04112 (207)774-4000
Class Action Approved

**MARYLAND**

**Whiteford, Taylor & Preston, LLP**
*William Ryan, Jr.*
Seven Saint Paul Street, Baltimore, MD 21202-1626 (410)347-8700

**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
*Paul Krause*
400 East Pratt Street, 7th Floor, Baltimore, MD 21202 (410)962-8756
Class Action Approved

**MASSACHUSETTS**

**Donovan Hatem, LLP**
*Kenneth B. Wallton*
Two Seaport Lane, Boston, MA 02210 (617)406-4500

**Edwards Angell Palmer & Dodge, LLP**
*John D. Hughes*
101 Federal Street, Boston, MA 02110-1800 (617)951-3373
Class Action Approved

**Foley Hoag, LLP**
*Arthur G. Telegen (617)832-1161*
155 Seaport Boulevard, World Trade Center West, Boston, MA 02210-2600 (617)832-1000

**Greenberg Traurig, LLP**
*Terence P. McCourt / Brian S. Cousin (617)310-6000*
One International Place, Boston, MA 02110 (617)310-6000
Class Action Approved

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
75 Park Plaza, 4th Floor, Boston, MA 02116 (914)328-0404
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
One International Place, Suite 2700, Boston, MA 02110 (800)315-8871
Class Action Approved

Revised (12/07)                    Page 22

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
88

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Murphy, Hesse, Toomey & Lehane**
*James A. Toomey*
Crown Colony Plaza, 300 Crown Colony Drive, Suite 410, Quincy, MA 02269 (617)479–5000

**Nixon Peabody, LLP**
*Joseph J. Ortego (516)832-7564*
101 Federal Street, Boston, MA 02110 (516)832–7564
Class Action Approved

**Peabody & Arnold, LLP**
*William A. Cotter*
30 Rowes Wharf, Boston, MA 02110 (617)951–2100

**Seyfarth Shaw, LLP**
*Gerald L. Maatman (312)460-5965*
World Trade Center, East, Two Seaport Lane, Suite 300, Boston, MA 02210–2028 (617)946–4800
Class Action Approved

**MICHIGAN**

**Clark Hill, PLLC**
*Daniel J. Bretz (313)965-8356*
500 Woodward Avenue, Suite 3500, Detroit, MI 48226 (313)965–8356

**Collins Einhorn Farrell & Ulanoff**
*Janice G. Hildenbrand, Esq. (248)355-4141*
4000 Town Center, Suite 909, Southfield, MI 48075–1473 (248)355–4141

**Dykema Gossett, LLP**
*Robert L. Duty*
124 W. Allegan, 800 Michigan National Tower, Lansing, MI 48933 (517)374–9100
Class Action Approved

*Robert L. Duty*
315 E. Eisenhower Pkwy., Suite 100, Ann Arbor, MI 48108 (734)214–7660
Class Action Approved

*Robert L. Duty*
39577 Woodward Avenue, Suite 300, Bloomfield Hills, MI 48304–2820 (248)203–0700
Class Action Approved

*Stephen S. Muhich*
300 Ottawa Avenue, N.W., Suite 700, Grand Rapids, MI 49503 (616)776–7500
Class Action Approved

*Robert L. Duty*
400 Renaissance Center, Detroit, MI 48243 (313)568–6800
Class Action Approved

**Lipson, Neilson, Cole, Seltzer & Garin, PC**
*Joseph A. Starr*
3910 Telegraph Road, Suite 200, Bloomfield Hills, MI 48302 (248)593–5000

Revised (12/07)                          Page 23

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
89

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Maddin, Hauser, Wartell, Roth & Heller, PC**
*Harvey R. Heller*
28400 Northwestern Highway, Third Floor, Essex Centre, Southfield, MI 48034 (248)354-4030

**McDonald Hopkins Co., LPA**
*Victor T. Geraci (216)430-2026*
47603 Halyard Drive, Plymouth, MI 48170 (216)348-5400
Class Action Approved

**Miller, Canfield, Paddock and Stone, PLC**
*Charles S. Mishkind*
99 Monroe Avenue, NW, Suite 1200, Grand Rapids, MI 49503 (616)454-8656
Class Action Approved

*Carl H. von Ende (Co-Chair of Group) / Charles S. Mishkind / Michael A. Alaimo*
150 West Jefferson, Suite 2500, Detroit, MI 48226 (313)963-6420
Class Action Approved

*Charles S. Mishkind*
101 North Main Street, 7th Floor, Ann Arbor, MI 48104 (734)663-2445
Class Action Approved

*Charles S. Mishkind*
One Michigan Avenue, Suite 900, Lansing, MI 48162 (734)243-2000
Class Action Approved

*Charles S. Mishkind*
840 West Long Lake Road, Suite 200, Troy, MI 48098 (248)879-2000
Class Action Approved

*Charles S. Mishkind*
444 West Michigan Avenue, Kalamazoo, MI 49007 (269)381-7030
Class Action Approved

**Plunkett & Cooney**
*Theresa Smith Lloyd*
38505 N. Woodward Avenue, Suite 2000, Bloomfield Hills, MI 48304 (248)901-4005
Class Action Approved

**MINNESOTA**

**Dorsey & Whitney, LLP**
*Peter S. Hendrixson / Robert R. Reinhart*
50 South Sixth Street, Suite #1500, Minneapolis, MN 55402-1498 (612)340-2600
Class Action Approved

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
150 South 5th Street, Suite 1450, Minneapolis, MN 55402 (914)328-0404
Class Action Approved

Revised (12/07)                    Page 24

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
90

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Littler Mendelson**
*Patrick Hicks*
1300 IDS Center, 80 South 8th Street, Minneapolis, MN 55402–2136 (800)315–8871
Class Action Approved

**Meagher & Geer, PLLP**
*James F. Roegee, Esq.*
4200 Multifoods Tower, Minneapolis, MN 55402 (612)338–0661

**Winthrop & Weinstine, PA**
*David P. Pearson (612)604-6692 / Laura A. Pfeiffer*
Suite 3500, 225 South 6th Street, Minneapolis, MN 55402–4629 (612)604–6400

*David P. Pearson (612)604-6692 / Laura A. Pfeiffer*
Wells Fargo Place, 30 East Seventh Street, Suite 1610, St. Paul, MN 55101 (651)290–8400

**MISSISSIPPI**

**Adams & Reese**
*Leslie A. Lanusse*
111 East Capitol Street, Suite 350, Jackson, MS 39225 (601)353–3234
Class Action Approved

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
*Gregory G. Fletcher (901)577-2294*
4268 I–55 North, Meadowbrook Office Park, Jackson, MS 39211 (601)351–2400
Class Action Approved

**Butler, Snow, O'Mara, Stevens & Cannada, PLLC**
*Jeffrey A. Walker (601)985-4558*
AmSouth Plaza, 17th Floor, 210 East Capitol, Jackson, MS 39201 (601)985–4500
Class Action Approved

**MISSOURI**

**Blackwell Sanders, LLP**
*Benjamin F. Mann (816)983-8126*
4801 Main Street, Suite 1000, Kansas City, MO 64112 (816)983–8000

*Benjamin F. Mann (816)983-8126*
720 Olive Street, Suite 2400, St. Louis, MO 63101 (314)345–6000

**Brown & James, PC**
*Charles E. Reis, IV, Esq. (314)242-5307*
1010 Market Street, 20th Floor, St. Louis, MO 63101–2000 (314)421–3400

**Constangy, Brooks & Smith, LLP**
*Michael D. Malfitano (813)223-7166*
Suite 300, 2600 Grand Boulevard, Kansas City, MO 64108–4600 (816)472–6400
Class Action Approved

Revised (12/07)                      Page 25

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
91

hi

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Husch & Eppenberger, LLC**
*John J. Yates*
1200 Main Street, Suite 1700, Kansas City, MO 64105-2100 (816)421-4800

**Kutak Rock**
*Alan L. Rupe (800)787-3529*
Suite 200, Valencia Place, 444 West 47th Street, Kansas City, MO 64112-1914 (816)960-0090
Class Action Approved

**Lewis Rice & Fingersh, LC**
*Neal F. Perryman*
500 N. Broadway, Suite 2000, St. Louis, MO 63102-2147 (314)444-7600

**Littler Mendelson**
*Patrick Hicks*
2300 Main Street, Suite 900, Kansas City, MO 64108 (800)315-8871
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*Donald S. Prophete*
Park Central Plaza, 4717 Grand Avenue, Suite 300, Kansas City, MO 64112 (816)471-1301

**Polsinelli Shalton Welte Suelthaus, PC**
*Robert B. Sullivan / Eric E. Packel (816)360-4249*
700 West 47th Street, Suite 1000, Kansas City, MO 64112 (816)753-1000

*Robert B. Sullivan*
100 South Fourth Street, Suite 1100, St. Louis, MO 63102 (314)889-8000

*Robert B. Sullivan*
7733 Forsyth Boulevard, Suite 1200, Clayton, MO 63105 (314)889-8000

**MONTANA**

**Browning Kaleczyc Berry & Hoven, PC**
*Oliver H. Goe (406)443-6820*
P.O. Box 1697, Helena, MT 59624 (406)443-6820

**Moulton Bellingham Longo & Mather, PC**
*Gerald Murphy (406)248-7731*
27 North 27th Street, Suite 1900, Billings, MT 59103-2559 (406)248-7731

**NEBRASKA**

**Blackwell Sanders, LLP**
*Benjamin F. Mann (816)983-8126*
1620 Dodge Street, Suite 2100, Omaha, NE 68102 (402)964-5000

**Kutak Rock**
*Alan L. Rupe (800)787-3529*
1650 Farnam Street, Omaha, NE 68102 (402)346-6000
Class Action Approved

Revised (12/07)                              Page 26

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

...

EXHIBIT 1
92

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

*Alan L. Rupe (800)787-3529*
Meridian Park Office Building, 6940, Lincoln, NE 68510-2499 (402)464-8200
Class Action Approved

**NEVADA**

**Fisher & Phillips, LLP**
*Theresa M. Gallion (407)541-0888*
Suite 650, 3993 Howard Hughes Parkway, Las Vegas, NV 89109 (702)252-3131

**Gordon & Rees, LLP**
*Roger M. Mansukhani (888)230-7787*
221 North Buffalo Drive, Suite A, Las Vegas, NV 89145 (888)230-7787
Class Action Approved

**Lewis and Roca, LLP**
*Dawn M. Bergin (602)262-5342*
3993 Howard Hughes Parkway, Suite 600, Las Vegas, NV 89109 (702)949-8200

**Lewis Brisbois Bisgaard & Smith, LLP**
*Sheri M. Schwartz*
400 South Fourth Street, Suite 500, Las Vegas, NV 89101 (702)893-3383
Class Action Approved

**Littler Mendelson**
*Patrick H. Hicks, Esq.*
3960 Howard Hughes Parkway, Suite 300, Las Vegas, NV 89169-5937 (800)315-8871
Class Action Approved

*Patrick Hicks*
50 West Liberty Street, Suite 400, Reno, NV 89501-1944 (800)315-8871
Class Action Approved

**NEW HAMPSHIRE**

**Getman Stacey Tamposi Schulthess & Steere, PA**
*Dona Feeney*
163 South River Road, Bedford, NH 03110 (603)634-4300

**NEW JERSEY**

**Blank Rome, LLP**
*Anthony B. Haller (215)569-5690*
Woodland Falls Corporate Park, 210 Lake Drive, East, Suite 200, Cherry Hill, NJ 08002-1164
(856)779-3632
Class Action Approved

**Clifton Budd & DeMaria, LLP**
*Alfred T. DeMaria*
300 Broadacres Drive, Third Floor, Bloomfield, NJ 07003 (212)687-7410

Revised (12/07)                              Page 27

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
93

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**DeCotiis, Fitzpatrick, Cole & Wisler, LLP**
Glenpointe Centre, West, 500 Frank W. Burr Boulevard, Teaneck, NJ 07666 (201)928–1100

**Drinker Biddle & Reath, LLP**
*John A. Ridley (973)549-7030*
500 Campus Drive, Florham Park, NJ 07932-1047 (973)360–1100

**Edwards Angell Palmer & Dodge, LLP**
*John D. Hughes*
51 John F. Kennedy Parkway, Short Hills, NJ 07078-2701 (973)376–7700
Class Action Approved

**Epstein Becker & Green, PC**
*James P. Flynn*
Two Gateway Center, 12th Floor, Newark, NJ 07102–5003 (973)642–1900

**Fox Rothschild, LLP**
*Anne Ciesla Bancroft (609)895-6739 / Heather Boshak (973)994-7508*
75 Eisenhower Parkway, Suite 201, Roseland, NJ 07068 (913)992–4800
Class Action Approved

*Anne Ciesla Bancroft (609)895-6739 / Heather Boshak (973)994-7508*
997 Lenox Drive, Building, 3, Lawrenceville, NJ 08648 (609)896–3600
Class Action Approved

*Anne Ciesla Bancroft (609)895-6739 / Heather Boshak (973)994-7508*
1301 Atlantic Avenue, Suite 400, Midtown Building, Atlantic City, NJ 08401 (609)348–4515
Class Action Approved

**Golden, Rothschild, Spagnola, Lundell, Levitt & Boylan, PC**
*Kenneth R. Rothschild*
1011 Route 22, West, Suite 300, P.O. Box 6881, Bridgewater, NJ 08807–0881 (908)722–6300

**Gordon & Rees, LLP**
*Mercedes Colwin (973)799-8565*
One Gateway Center, Suite 2600, Newark, NJ 07102 (973)799–8565
Class Action Approved

**Greenberg Traurig, LLP**
*Brian S. Cousin (212)801-9200*
200 Campus Drive, P.O. Box 677, Florham Park, NJ 07932–0677 (973)360–7900
Class Action Approved

**Harwood Lloyd, LLC**
*Charles E. Powers, Jr. (201)487-1080*
130 Main Street, Hackensack, NJ 07601 (201)487–1080

**Herrick, Feinstein, LLP**
*Christopher J. Sullivan*
2 Penn Plaza, Newark, NJ 07105 (973)274–2000

Revised (12/07)                                    Page 28

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
94

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
220 Headquarters Plz., East Tower, 7th Floor, Morristown, NJ 07960 (914)328-0404
Class Action Approved

**Kaufman Dolowich Schneider Bianco & Voluck, LLP**
*John R. Gonzo, Esq. (201)488-6655*
Court Plaza South, 21 Main Street, Suite 251, Hackensack, NJ 07602 (201)488-6655

**Lindabury, McCormick & Estabrook, PA**
*John H. Schmidt, Jr. (908)301-5607*
53 Cardinal Drive, P.O. Box 2369, Westfield, NJ 07091-2369 (908)233-6800

**Littler Mendelson**
*Patrick Hicks*
One Newark Center, 8th Floor, Newark, NJ 07102-5311 (800)315-8871
Class Action Approved

**Lum, Danzis, Drasco & Positan, LLC**
*Wayne J. Positan (973)228-6730*
103 Eisenhower Pkwy., Roseland, NJ 07068 (973)403-9000

**Morgan, Lewis & Bockius, LLP**
*Rene M. Johnson*
502 Carnegie Center, Princeton, NJ 08540-6241 (609)919-6600
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*Peter O. Hughes*
10 Madison Avenue, Suite 402, Morristown, NJ 07960 (973)656-1600
Class Action Approved

**Peckar & Abramson**
*Jeffrey M. Daitz*
70 Grand Avenue, River Edge, NJ 07661 (201)343-3434

**Pepper Hamilton, LLP**
*Thomas J. Cole, Jr. (215)981-4507 / Hope A. Comisky*
300 Alexander Park, CN 5276, Princeton, NJ 08543-5276 (609)452-0808
Class Action Approved

**Powell Trachtman Logan Carrle & Lombardo, PC**
*Richard L. Bush*
1814 East Route 70, Suite 304, Cherry Hill, NJ 08003 (856)663-0021
Class Action Approved

**Saiber, Schlesinger, Satz & Goldstein, LLC**
*Jeffrey W. Lorell*
One Gateway Center, 13th Floor, Newark, NJ 07102-5311 (973)622-3333

Revised (12/07)                     Page 29

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
95

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Schwartz Simon Celso & Kessler, LLP**
*Elizabeth Lorell (973)805-7392*
Ten James Street, Florham Park, NJ 07932 (973)301-0001

**Thompkins, McGuire, Wachenfeld & Barry, LLP**
*William B. McGuire*
Four Gateway Center, 100 Mulberry Street, Newark, NJ 07102-4070 (973)622-3000
Class Action Approved

**Weiner Lesniak**
*Howard E. Brechner*
629 Parsippany Road, Parsippany, NJ 07054-0438 (973)403-1100
Class Action Approved

**Wolff & Samson**
*Arthur S. Goldstein*
One Boland Drive, West Orange, NJ 07052 (973)325-1500

**NEW MEXICO**

**Butt, Thornton & Baehr, PC**
*Carlos G. Martinez*
4101 Indian School Rd., NE, Suite 300, South, Albuquerque, NM 87110 (505)884-0777

**Rodey Dickason Sloan Akin & Robb, PA**
*Nelson Franse (505)765-5900*
201 3rd Street, N.W., Suite 2200, P.O. Box 1888, Albuquerque, NM 87102 (505)765-5900

**NEW YORK**

**Blank Rome, LLP**
*Anthony B. Haller (215)569-5690*
The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 (212)885-5555
Class Action Approved

**Bond Schoeneck & King, PLLC**
*Louis DiLorenzo (646)253-2315*
111 Washington Avenue, Albany, NY 12210-2211 (518)533-3000

*Louis DiLorenzo (646)253-2315*
Key Center, 40 Fountain Plaza, Suite 200, Buffalo, NY 14202-2200 (716)566-2800

*Louis DiLorenzo (646)253-2315*
1399 Franklin Avenue, Suite 200, Garden City, NY 11530-1679 (516)267-6300

*Louis DiLorenzo (646)253-2315*
One Lincoln Center, Syracuse, NY 13202-1355 (315)218-8000

**Clifton Budd & DeMaria, LLP**
*Alfred T. DeMaria*
420 Lexington Avenue, Suite 420, New York, NY 10170-0089 (212)687-7410

Revised (12/07)                              Page 30

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
96

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**D'Amato & Lynch**
*Luke Lynch, Jr., Esq. (212)909-2041*
70 Pine Street, New York, NY 10270 (212)269-0927

**Edwards Angell Palmer & Dodge, LLP**
*John D. Hughes*
750 Lexington Avenue, New York, NY 10022 (212)308-4411
Class Action Approved

**Epstein Becker & Green, PC**
*Mary A. Gambardella / Howard Pianko / Raymond T. Mak (212)351-4541*
250 Park Avenue, New York, NY 10177-1211 (212)351-4500
Class Action Approved

**Fox Rothschild, LLP**
*Anne Ciesla Bancroft (609)895-6739 / Heather Boshak (973)994-7508*
100 Park Avenue, Suite 1500, New York, NY 10017 (212)878-7900
Class Action Approved

**Fulbright & Jaworski, LLP**
*Douglas P. Catalano*
666 Fifth Avenue, New York, NY 10103-3198 (212)318-3000
Class Action Approved

**Gordon & Rees, LLP**
*Mercedes Colwin (973)799-8565*
90 Broad Street, 23rd Floor, New York, NY 10004 (212)269-5500
Class Action Approved

**Greenberg Traurig, LLP**
*Brian S. Cousin, Esq.*
MetLife Building, 200 Park Avenue, New York, NY 10166 (212)801-9200
Class Action Approved

*Brian S. Cousin (212)801-9200*
54 State Street, 6th Floor, Albany, NY 12207 (518)689-1400
Class Action Approved

**Herrick, Feinstein, LLP**
*Christopher J. Sullivan*
2 Park Avenue, New York, NY 10016 (212)592-1400

**Hodgson Russ, LLP**
*Patrick M. Tomovic*
One M&T Plaza, Suite 2000, Buffalo, NY 14203-2391 (716)856-4000

**Hughes Hubbard Reed, LLP**
*Kevin T. Abikoff (202)721-4770*
One Battery Park Plaza, New York, NY 10004-1482 (212)837-6000

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
59 Maiden Lane, 39th Floor, New York, NY 10038 (914)328-0404
Class Action Approved

Revised (12/07)                           Page 31

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
97

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

*Steven D. Baderian (914)328-0404*
58 South Service Road, Suite 410, Melville, NY 11747 (914)328-0404
Class Action Approved

*Steven D. Baderian (914)328-0404*
One North Broadway, 15th Floor, White Plains, NY 10601 (914)328-0404
Class Action Approved

**Jones Hirsch Connors & Bull, PC**
*Peter T. Shapiro (212)527-1394*
1 Dag Hammarskjold Plaza, 7th Floor, New York, NY 10017 (212)527-1000

**Kane Kessler, PC**
*Jeffrey H. Daichman*
1350 Avenue of the Americas, New York, NY 10019-4896 (212)541-6222

**Kauff McClain & McGuire, LLP**
*Laura Sack*
950 Third Avenue, 14th Floor, New York, NY 10022 (212)644-1010

**Kaufman Borgeest & Ryan, LLP**
*Julianna Ryan*
99 Park Avenue, 19th Floor, New York, NY 10016 (212)980-9600

**Lewis Brisbois Bisgaard & Smith, LLP**
*Richard George*
199 Water Street, 25th Floor, New York, NY 10038 (212)232-1300

**Littler Mendelson**
*Patrick Hicks*
885 Third Avenue, 16th Floor, New York, NY 10022-4834 (800)315-8871
Class Action Approved

*Patrick Hicks*
532 Broadhollow, Suite 142, Melville, NY 11747 (800)315-8871
Class Action Approved

**Morgan, Lewis & Bockius, LLP**
*Steven R. Wall*
101 Park Avenue, New York, NY 10178-0060 (212)309-6000
Class Action Approved

**Nixon Peabody, LLP**
*Joseph J. Ortego (516)832-7564*
50 Jericho Quadrangle, Suite 300, Jericho, NY 11753-2728 (516)832-7500
Class Action Approved

*Joseph J. Ortego (516)832-7564*
437 Madison Avenue, New York, NY 10022 (212)940-3000
Class Action Approved

Revised (12/07)                    Page 32

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
98

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

*Joseph J. Ortego (516)832-7564*
Omni Plaza, 30 South Pearl Street, Albany, NY 12207 (518)427–2650
Class Action Approved

*Joseph J. Ortego (516)832-7564*
Clinton Square, P.O. Box 31051, Rochester, NY 14603 (716)263–1000
Class Action Approved

**Ohrenstein & Brown, LLP**
*Michael D. Brown (212)338-2400*
One Penn Plaza, 46th Floor, New York, NY 10019 (212)682–4500

**Paul, Hastings, Janofsky & Walker, LLP**
*Zachary D. Fasman*
Park Avenue Tower, 75 E. 55th Street, New York, NY 10022 (212)318–6000
Class Action Approved

**Peckar & Abramson**
*Jeffrey M. Daitz*
546 Fifth Avenue, 17th Floor, New York, NY 10036 (212)382–0909

**Pillsbury Winthrop Shaw Pittman, LLP**
*Kenneth W. Taber*
1540 Broadway, New York, NY 10036 (212)858–1000
Class Action Approved

**Pollack & Kaminsky**
*Daniel A. Pollack*
114 West 47th Street, 19th Floor, New York, NY 10036 (212)575–4700
Class Action Approved

**Proskauer Rose, LLP**
*Alan Fagin*
1585 Broadway, New York, NY 10036–8299 (212)969–3000
Class Action Only

**Seyfarth Shaw, LLP**
*Gerald L. Maatman (312)460-5965*
1270 Avenue of the Americas, Suite 2500, New York, NY 10020–1801 (212)218–5500
Class Action Approved

**Tarter Krinsky & Drogin, LLP**
*Richard L. Steer (212)216-8070*
1350 Broadway, New York, NY 10018 (212)216–8000

**Thelen Reid Brown Raysman & Steiner, LLP**
*Edward Copeland*
900 Third Avenue, New York, NY 10022–4728 (212)895–2000
Class Action Approved

Revised (12/07)                          Page 33

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
99

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
*Ricki E. Roer*
150 East 42nd Street, New York, NY 10017-5639 (212)490-3000
Class Action Approved

**Winget, Spadafora & Schwartzberg, LLP**
*Luigi Spadafora*
45 Broadway, 19th Floor, New York, NY 10006 (212)221-6900

**NORTH CAROLINA**

**Constangy, Brooks & Smith, LLP**
*Michael D. Malfitano (813)223-7166*
Suite 300, 100 N. Cherry Street, Winston-Salem, NC 27101 (336)721-1001
Class Action Approved

**Fisher & Phillips, LLP**
*Theresa M. Gallion (407)541-0888*
Suite 1400, 201 S. College Street, Charlotte, NC 28244 (704)334-4565

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
1400 Crescent Green, Suite 320, Cary, NC 27511 (914)328-0404
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
Bank of America Corporate Center, 100 North Tryon Street, Suite 4150, Charlotte, NC 28202
(800)315-8871
Class Action Approved

**Ogletree, Deakins, Nash, Smoak & Stewart, PC**
*C. Matthew Keen*
2301 Sugar Bush Road, Suite 600, Raleigh, NC 27612 (919)787-9700
Class Action Approved

*H. Bernard Tisdalle, III*
400 West Trade Street, Charlotte, NC 28202-1627 (704)342-2588
Class Action Approved

*H. Bernard Tisdale, III*
2725 Horse Pen Creek Road, Suite 101, Greensboro, NC 27410-8392 (336)375-9737
Class Action Approved

**Parker Poe Adams & Bernstein, LLP**
*Jonathan M. Crotty*
Three Wachovia Center, 401 S. Tryon St., Ste. 3000, Charlotte, NC 28202 (704)372-9000

**Williams Mullen, PC**
*William P. Barrett / Lynn F. Jacob*
Highwoods Tower One, 3200 Beechleaf Court, Suite 500, Raleigh, NC 27604-1064 (919)981-4000

Revised (12/07)                    Page 34

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
100

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Womble, Carlyle, Sandridge & Rice**
*Charles A. Edwards (919)755-2184*
150 Fayetteville Street, Mall, Suite 2100, P.O. Box 831, Raleigh, NC 27602 (919)484-2300

*Charles A. Edwards (919)755-2184*
2530 Meridian Parkway, Suite 400, P.O. Box 13069, Durham, NC 27713 (919)484-2300

*Charles A. Edwards (919)755-2184*
One West Fourth Street, Winston-Salem, NC 27101 (336)721-3600

*Charles A. Edwards (919)755-2184*
One Wachovia Center, 301 S. College St., Suite 3300, Charlotte, NC 28202-6025 (704)331-4900

**NORTH DAKOTA**

**Fleck, Mather & Strutz**
*Gary R. Wolberg*
400 East Broadway, Suite 600, Norwest Bank Building, P.O.B 2798, Bismarck, ND 58501 (701)223-6585

**OHIO**

**Dinsmore & Shohl, LLP**
*Michael W. Hawkins (513)977-8141*
175 South Third Street, 10th Floor, Columbus, OH 43215 (614)628-6880

*Michael W. Hawkins (513)977-8141*
255 E. 5th Street, Suite 1900, Cincinnati, OH 45202 (513)977-8200
Class Action Approved

*Michael W. Hawkins (513)977-8141*
One Dayton Centre, One South Main Street, Suite 500, Dayton, OH 45402 (937)223-2050

**Frost Brown Todd, LLC**
*Deborah S. Adams*
2200 PNC Center, 201 East Fifth Street, Cincinnati, OH 45202-4182 (513)651-6800
Class Action Approved

*Deborah S. Adams*
One Columbus, Suite 1000, 10 West Broad Street, Columbus, OH 43215-3467 (614)464-1211
Class Action Approved

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
6100 Oak Tree Boulevard, Suite 400, Cleveland, OH 44131 (914)328-0404
Class Action Approved

**Janik & Dorman, LLP**
*Steven Janik, Esq.*
9200 South Hills Boulevard, Suite 300, Cleveland, OH 44147-3521 (440)838-7600
Class Action Approved

Revised (12/07)                    Page 35

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
101

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

**Littler Mendelson**
*Patrick Hicks*
Fifth Third Center, 21 E. State Street– Suite 1600, Columbus, OH 43215–4228 (800)315–8871
Class Action Approved

*Patrick Hicks*
1100 Superior Avenue, 20th Floor, Cleveland, OH 44114 (800)315–8871
Class Action Approved

**McDonald Hopkins Co., LPA**
*Victor T. Geraci (216)430-2026*
600 Superior Avenue, East, Suite 2100, Cleveland, OH 44114–2653 (216)348–5400
Class Action Approved

*Victor T. Geraci (216)430-2026*
South Tower, 41 S. High Street, Huntington Tower, Suite 3650, Columbus, OH 43215
(216)348–5400
Class Action Approved

**Roetzel & Andress**
*Robert E. Blackham (216)615-4839*
310 Chiquita Center, 250 E. Fifth Street, Cincinnati, OH 45202 (513)361–0200
Class Action Approved

*Robert E. Blackham (216)615-4839*
National City Center, 12th Floor, 155 East Broad Street, Columbus, OH 43215 (614)463-9770
Class Action Approved

*Robert E. Blackham (216)615-4839*
222 South Main Street, Akron, OH 44308 (330)376–2700
Class Action Approved

*Robert E. Blackham (216)615-4839*
One SeaGate, 9th Floor, Toledo, OH 43604 (419)242–7985
Class Action Approved

*Robert E. Blackham (216)615-4839*
1375 E. Ninth Street, 1 Cleveland Center, 10th Fl., Cleveland, OH 44114 (216)623–0150
Class Action Approved

**Vorys, Sater, Seymour and Pease, LLP**
*Scott Carroll*
2100 One Cleveland Center, 1375 E. 9th Street, Cleveland, OH 44114 (216)479–6100
Class Action Approved

*Scott Carroll*
52 E. Gay Street, Columbus, OH 43216–1008 (614)464–6400
Class Action Approved

*Scott Carroll*
221 E. Fourth Street, Atrium Two, Suite 2100, Cincinnati, OH 45201–0236 (513)723–4000
Class Action Approved

Revised (12/07)                         Page 36

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
102

### APPENDIX A
### EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Zashin & Rich Co., LPA**
*Stephen S. Zashin*
55 Public Square, Suite 1490, Cleveland, OH 44113 (216)696-4441

*Stephen S. Zashin*
Fifth Third Center, 21 East State Street, Suite 1900, Columbus, OH 43215 (614)224-4411

**OKLAHOMA**

**Rhodes, Hieronymus, Jones, Tucker & Gable, PLLC**
*Chris L. Rhodes, III, Esq. (918)582-1173*
Post Office Box 21100, Tulsa, OK 74121-1100 (918)582-1173

**OREGON**

**Fisher & Phillips, LLP**
*Theresa M. Gallion (407)541-0888*
1001 SW Fifth Avenue, Suite 1600, Portland, OR 97204 (503)242-4262

**Gordon & Rees, LLP**
*Roger M. Mansukhani (888)230-7787*
1001 S.W. Fifth Avenue, Suite 1100, Portland, OR 97204 (888)230-7787
Class Action Approved

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
806 SW Broadway, 4th Floor, Portland, OR 97205 (914)328-0404
Class Action Approved

**Lane Powell Spears Lubersky, LLP**
*James B. Stoetzer (206)277-9511*
601 S.W. Second Avenue, Suite 2100, Portland, OR 97204 (503)778-2100
Class Action Approved

**Lindsay, Hart, Neil & Weigler, LLP**
*Jerard S. Weigler / Glen McClendon / Thomas E. McDermott / Roy Pulvers*
1300 SW Fifth Avenue, Suite 3400, Portland, OR 97201 (503)226-7677

**PENNSYLVANIA**

**Blank Rome, LLP**
*Anthony B. Haller (215)569-5690*
One Logan Square, Philadelphia, PA 19103-6998 (215)569-5500
Class Action Approved

**Buchanan Ingersoll & Rooney, PC**
*Gregory A. Miller (412)562-3960*
One Oxford Centre, 20th Floor, 301 Grant Street, Pittsburgh, PA 15219-8800 (412)562-8800

*Gregory A. Miller (412)562-3960*
One South Market Square, 213 Market Street, 3rd Floor, Harrisburg, PA 17101 (717)237-4800

Revised (12/07)                    Page 37

Please visit our website at **www.briefbase.com** to view additional firms that may have been added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
103

**APPENDIX A**
**EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL**

*Gregory A. Miller (412)562-3960*
Eleven Penn Center, 14th Fl., 1835 Market Street, Philadelphia, PA 19103 (215)665-8700

**Cohen & Grigsby**
*W. Scott Hardy (412)297-4652*
11 Stanwix Street, 15th Floor, Pittsburgh, PA 15222-1319 (412)297-4900

**Cozen & O'Connor**
*Jeffrey Pasek, Esq.*
1900 Market Street, Philadelphia, PA 19103 (215)665-2000

**Dinsmore & Shohl, LLP**
*Michael W. Hawkins (513)977-8141*
The Grant Building, 330 Grant Street, Suite 2415, Pittsburgh, PA 15219 (412)281-5000

**Drinker Biddle & Reath, LLP**
*Thomas Barton (215)988-2700*
One Logan Square, 18th and Cherry Streets, Philadelphia, PA 19103-6996 (215)988-2700

**Greenberg Traurig, LLP**
*Robert Goldich / Brian S. Cousin*
Two Commerce Square, 2001 Market Street, Suite 2700, Philadelphia, PA 19103 (215)988-7800
Class Action Approved

**Hamburg & Golden, PC**
*Neil J. Hamburg*
1601 Market Street, Suite 565, Philadelphia, PA 19103-1443 (215)255-8590

**Jackson Lewis, LLP**
*Steven D. Baderian (914)328-0404*
One PPG Place, 28th Floor, Pittsburgh, PA 15222 (914)328-0404
Class Action Approved

**Littler Mendelson**
*Patrick Hicks*
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321 (800)315-8871
Class Action Approved

*Patrick Hicks*
Dominion Tower, 625 Liberty Avenue, Suite 2600, Pittsburgh, PA 15222-3110 (800)315-8871
Class Action Approved

**Marshall, Dennehey, Warner, Coleman & Goggin**
*Philip B. Toran*
1845 Walnut Street, Philadelphia, PA 19103-4714 (215)575-2600

**McNees Wallace & Nurick**
*Andrew L. Levy (717)237-5252*
100 Pine Street, P.O. Box 1166, Harrisburg, PA 17108-1166 (717)237-5252

Revised (12/07)                    Page 38

Please visit our website at **www.briefbase.com**  to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1
104

## APPENDIX A
## EMPLOYMENT PRACTICES CLAIM PANEL COUNSEL

**Meyer, Unkovic & Scott, LLP**
*Laura A. Candris*
1300 Oliver Building, Pittsburgh, PA 15222 (412)456-2800

**Morgan, Lewis & Bockius, LLP**
*Steven R. Wall*
1701 Market Street, Philadelphia, PA 19103-2921 (215)963-5000
Class Action Approved

*Steven R. Wall / Steven R. Wall (412)560-3300*
One Oxford Centre, Thirty-Second Floor, Pittsburgh, PA 15219-6401 (412)560-3300
Class Action Approved

*Steven R. Wall / Carole S. Katz*
One Commerce Square, 417 Walnut Street, Harrisburg, PA 17101-1904 (717)237-4000
Class Action Approved

**Pepper Hamilton, LLP**
*Thomas J. Cole, Jr. (215)981-4507 / Hope A. Comisky*
3000 Two Logan Square, Eighteenth and Arch Streets, Philadelphia, PA 19103-2799
(215)981-4000
Class Action Approved

*Thomas J. Cole, Jr. (215)981-4507 / Hope A. Comisky*
200 One Keystone Plaza, North Front and Market Streets, Harrisburg, PA 17108-1181
(717)255-1155
Class Action Approved

*Thomas J. Cole, Jr. (215)981-4507 / Hope A. Comisky*
50th Floor, 500 Grant Street, Pittsburgh, PA 15219-2502 (412)454-5000
Class Action Approved

**Powell Trachtman Logan Carrle & Lombardo, PC**
*Richard L. Bush*
114 North Second Street, Harrisburg, PA 17101 (717)238-9300
Class Action Approved

*Richard L. Bush*
475 Allendale Road, Suite 200, King of Prussia, PA 19406 (610)354-9700
Class Action Approved

**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
*Louis J. Isaacsohn*
Curtis Center, 830 East Independence Square, West, Philadelphia, PA 19106 (215)627-6900
Class Action Approved

**Wolf, Block, Schorr and Solis-Cohen, LLP**
*Alan C. Kessler*
1650 Arch Street, 22nd Floor, Philadelphia, PA 19103-2097 (215)977-2058
Class Action Approved

Revised (12/07)                              Page 39

Please visit our website at **www.briefbase.com** to view additional firms that may have been
added to the panel counsel list since this policy was issued.

*COPY*

EXHIBIT 1