O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES PREVITI; THE JAMES          )  Case No. EDCV 12-00704 DDP (DTBx)
PREVITI FAMILY TRUST;             )
PREVITI REALTY FUND LLP;          )
LARRY DAY; EMPIRE PATNERS         )
INC.; EMPIRE RESIDENTIAL          )
INC.; FORECAST CORPORATION;       )
GUARDIAN COMMERCIAL REAL          )  **ORDER GRANTING DEFENDANT'S MOTION**
ESTATE LP; GUARDIN                )  **TO DISMISS**
INVESTMENT CAPITAL LL; KMR        )
AVIATION INC.; NEIL MILLER;       )
PAUL ROMAN,                       )
                                  )
                Plaintiffs,       )
                                  )
        v.                        )
                                  )
NATIONAL UNION FIRE               )  [Dkt. No. 7, 10]
INSURANCE COMPANY OF              )
PITTSBURGH PA,                    )
                                  )
                Defendant.        )
                                  )
                                  )
_____  )

        Presently before the court is Defendant National Union Fire

Insurance Company of Pittsburgh, PA ("National Union")'s Motion to

Dismiss.  Having considered the submissions of the parties and

heard oral argument, the court grants the motion and adopts the

following order.

# I.    Background

National Union issued a Directors, Officers, and Private Company Liability Insurance Policy (the "First Policy") to Plaintiff Inland Empire Personnel, Inc. for the period of December 31, 2007 to April 28, 2009.  (Complaint ¶ 19.)  National Union issued a second, similar policy (the "Second Policy") to Plaintiff Forecast Corporation for the period from April 28, 2009 to April 28, 2010 and a third, similar policy to Forecast Corporation (the "Third Policy") for the period from April 28, 2010 to April 28, 2011.[1]  (Compl. ¶¶ 20-21.)

Plaintiffs are defendants in twenty-five separate actions (the "Bankruptcy actions") currently pending in the United States Bankruptcy Court for the Central District of California, Riverside Division.  (Compl. ¶ 47.)  Plaintiffs reported the Bankruptcy Actions to National Union and claimed coverage under all three policies.  (Compl. ¶ 52.)  The Parties agree that Plaintiffs are insured under the First Policy, and National Union acknowledged potential coverage for the Bankruptcy Actions under the First Policy.  (Compl. ¶¶ 33, 53.)  National Union declined coverage, however, under the Second Policy and Third Policy.

Plaintiffs filed the instant suit on May 4, 2012.  Plaintiffs seek a declaratory judgment that they are covered under all three policies, and that defense payments made in connection with the Bankruptcy Actions do not erode the liability limits of the policies.  Plaintiffs also allege causes of action for breach of

---

[1] The relationship between the various Plaintiffs is somewhat unclear.  Plaintiffs refer to themselves, collectively, as the "Previti Parties."  (Compl. ¶ 33.)

the duty to defend and tortious breach of the implied covenant of good faith.  National Union now moves to dismiss the complaint on the ground that Plaintiffs have failed to satisfy the policies' conditions precedent to suit against the insurer.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56.  "Determining

1  whether a complaint states a plausible claim for relief" is a

2  "context-specific task that requires the reviewing court to draw on

3  its judicial experience and common sense."  <u>Iqbal</u>, 556 U.S. at 679.

4  **III. Discussion**

5       National Union argues that this suit should be dismissed as

6  premature because Plaintiffs have not complied with the policies'

7  conditions precedent to suit against the insurer.[2]  (Mot. at 4.)

8  All three policies state, at Clause 18:

9       Except as provided in Clause 17 of the policy, no action
         shall lie against the Insurer unless, as a condition
10       precedent thereto, there shall have been full compliance
         with all of the terms of this policy, nor until the amount
11       of the Insureds' obligation to pay shall have been finally
         determined either by judgment against the Insureds after
12       actual trial or by written agreement of the Insureds, the
         claimant and the Insurer.

13
   (Compl., Exs. 1-3.)  The exception set out in Clause 17 states:
14
         The Insured shall have the option, in its sole discretion,
15       to submit all disputes or differences which may arise under
         or in connection with the policy . . . to the alternative
16       dispute resolution ("ADR") set forth in this clause.
         . . .
17       There shall be two choices of ADR: (1) non-binding
         mediation administered by the American Arbitration
18       Association . . . or (2) [binding] arbitration submitted to
         the American Arbitration Association . . . .  In the event
19       of mediation, either party shall have the right to commence
         a judicial proceeding; provided, however that no such
20       judicial proceeding shall be commenced until the mediation
         shall have been terminated and at least 120 days shall have
21       elapsed from the date of the date of the termination of the
         mediation.

22

23  (<u>Id.</u>)

24

   _____

25       [2] As an initial matter, the court rejects Plaintiffs' argument
26  that National Union has waived any rights under Clauses 17 or 18
    due to National Union's alleged breach of contract.  (Opp. At 9.)
27  "Arbitration provisions, which themselves have not been repudiated,
    are meant to survive breaches of contract . . . ."  <u>Drake Bakeries,</u>
28  <u>Inc. v. Local 50, Am. Bakery and Conectionery Workers Intern., AFL-</u>
    <u>CIO</u>, 370 U.S. 254, 262 (1962).

1    Plaintiffs argue that the policies leave the decision to

2    pursue alternative dispute resolution ("ADR") solely in the hands

3    of the insured, and that therefore Plaintiffs are not required to

4    pursue ADR.  (Opp. at 7.)  While Plaintiffs are correct, insofar as

5    the policies clearly give them the sole discretion to pursue ADR in

6    the first instance, that does not answer the question here.  Here,

7    National Union does not assert that Plaintiffs must engage in ADR.

8    Rather, National Union argues that ADR is a condition precedent to

9    a pre-judgment suit against the insurer.  In other words, National

10   Union argues, Plaintiffs do not necessarily need to engage in ADR

11   at any point, but Plaintiffs <u>do</u> need to engage in ADR if they wish

12   to sue National Union <u>now</u>, prior to a final determination that

13   Plaintiffs' have any obligation to pay in the Bankruptcy Actions.

14   Plaintiffs further argue that "no action" clauses, which

15   prohibit suits against insurers prior to a final determination of

16   the insureds' obligations, apply only to indemnification cases, not

17   to coverage disputes such as that here.  (Opp. at 9).  Plaintiffs

18   are correct, as National Union recognizes, that "no action" clauses

19   that operate as complete bars to declaratory actions adjudicating

20   issues of coverage and defense are unenforceable.  <u>Eureka Federal</u>

21   <u>Sav. & Loan Ass'n v. American Cas. Co. of Reading, Pa.</u>, 873 F.2d

22   229, 233 (9th Cir. 1989).

23   National Union contends, however, that Clause 18 is not a

24   total bar to suit.  Instead, Clause 18 states that suit may not be

25   brought, prior to a final determination in the underlying case,

26   until the ADR conditions of Clause 17 have been satisfied.  Other

27   courts in this district and circuit have dismissed insurance

28   coverage actions for failure to comply with ADR conditions

precedent.   In <u>Gemstar-TV Guide International, Inc. v. National Union Fire Insurance Co. of Pittsburgh</u>, No. CV 05-5719 NM (CD Cal. December 22, 2005), the plaintiff filed a coverage action while non-binding mediation was still ongoing.   <u>Gemstar</u> at 4.   The relevant policy included a mandatory ADR provision and language, similar to that here, allowing for a judicial proceeding only after 120 days elapsed from the conclusion of mediation.[3]   Having determined that the plaintiff failed to exhaust contractual preconditions to suit, the <u>Gemstar</u> court dismissed the action for lack of jurisdiction.   <u>Gemstar</u> at 3 (citing <u>Ritza v. Int'l Longshoremen's and Warehousemen's Union</u>, 837 F.2d 365, 371 (9th Cir. 1988) (construing motion to dismiss for failure to exhaust contractual remedies as a "non-enumerated" Federal Rule of Civil Procedure 12(b) motion, and granting the motion)).

In <u>Willis Corroon Corp. Of Utah, Inc. v. United Capitol Ins. Co.</u>, No. 97-2208 MHP, 1998 WL 30069 (N.D. Cal. January 5, 1998), the parties made an interim agreement to mediate an insurance coverage dispute.   <u>Corroon</u>, 1998 WL at *2.   The interim agreement provided that the parties could file a judicial proceeding thirty days after the conclusion of mediation.   <u>Id.</u> at *3.   Because the plaintiff in <u>Corroon</u> filed prior to the expiration of the 30-day waiting period, the court dismissed the complaint for failure to state a claim under Federal Rule of Procedure 12(b)(6).   <u>Id.</u> at *8.

The circumstances here are similar to those in <u>Gemstar</u> and <u>Corroon</u>.   The ADR provision in the three policies is not a total

---

[3] While Clause 17 here provides the insured with the option of pursuing ADR rather than a mandatory ADR provision, the practical effect is the same.   In either case, the insured cannot bring suit unless and until the ADR provision is satisfied.

1  bar to suit, but rather controls the timing of suits brought by

2  insureds prior to a final determination of their obligations.[4]

3  Having failed to comply with the preconditions of each of the three

4  policies, Plaintiffs' complaint must be dismissed.[5]

5  **IV.  Conclusion**

6       For the reasons stated above, Defendant National Union's

7  Motion to Dismiss is GRANTED.  Plaintiffs' Motion for Summary

8  Judgment (Dkt. No. 10) is VACATED.

9

10

11  IT IS SO ORDERED.

12

13

14  Dated: August 7, 2012

15                                      DEAN D. PREGERSON
                                        United States District Judge

16

17

18

19

20

21  _____

22       [4] The court notes that, aside from arguing that "no action"
    clauses that operate as a total bar are unenforceble, Plaintiffs do
23  not raise any other challenge, such as unconscionability, to the
    enforceability of the ADR provision.

24       [5] Plaintiffs argue that dismissal is not appropriate under
25  either Federal Rule of Procedure 12(b)1 or 12(b)6.  However,
    "[m]otions to dismiss for failure to exhaust non judicial remedies,
26  such as arbitration requirements . . . are treated as 'non-
    enumerated' Rule 12(b) motions."  Peterson v. New Castle Corp., No.
27  2:11-cv-00764 RCJ, 2011 WL 5117884 *2 (D.Nev. October 27, 2011)
    (citing Inlandboatmens Union of Pac. v. Dutra Grp., 279 F.3d 1075,
28  1078 n.2 (9th Cir. 2002)) (internal quotation marks and alteration
    omitted).